# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC. and JOHN GROSS AND COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AGRI STATS, INC., BUTTERBALL LLC, CARGILL, INC., CARGILL MEAT SOLUTIONS CORPORATION, COOPER FARMS, INC., FARBEST FOODS, INC., FOSTER FARMS, LLC, FOSTER POULTRY FARMS, THE HILLSHIRE BRANDS COMPANY, HORMEL FOODS CORPORATION, HORMEL FOODS, LLC, HOUSE OF RAEFORD FARMS, INC., KRAFT HEINZ FOODS COMPANY, KRAFT FOODS GROUP BRANDS LLC, PERDUE FARMS, INC., PERDUE FOODS LLC, TYSON FOODS, INC., TYSON FRESH MEATS, INC. AND TYSON PREPARED FOODS, INC., <br><br> Defendants. | Case No. 1:19-cv-08318 <br><br><br> **TYSON FOODS, INC., TYSON FRESH MEATS INC., TYSON PREPARED FOODS, INC., AND THE HILLSHIRE BRANDS COMPANY ANSWER TO CLASS ACTION COMPLAINT** |

Tyson Foods, Inc., Tyson Fresh Meats Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company ("Tyson"), by and through the undersigned counsel, submits its answer and affirmative defenses to the Complaint filed by Direct Purchaser Plaintiffs ("Plaintiffs") on December 19, 2019 as follows:

1.      Paragraph 1 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

2.     The allegations set forth in Paragraph 2 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

3.     Tyson generally and specifically denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 3.

4.     Tyson denies the conspiracy alleged in the Complaint. Tyson admits that Tyson and some other turkey producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies these allegations.

5.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 5 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Furthermore, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies these allegations on this additional basis.

6.     Paragraph 6 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations. Tyson specifically states that it does not sell, and has never sold during the alleged Class Period, whole turkeys.

7.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies these allegations.

8.     Tyson specifically denies the conspiracy alleged in the Complaint. Tyson admits that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Further, to the extent that the allegations in Paragraph 8 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations on this additional basis. Tyson denies any remaining allegations in Paragraph 8.

9.     Tyson admits that it acquired Hillshire Brands in 2014. Tyson admits that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations. Tyson specifically denies the conspiracy alleged in the Complaint. Further, to the extent that the allegations in Paragraph 9 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations on this additional basis. To the extent the allegations in Paragraph 9 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

10.     The allegations set forth in Paragraph 10 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson denies the allegations set forth in Paragraph 10 as such allegations are argumentative and contain legal conclusions. Tyson specifically denies the conspiracy alleged in the Complaint. Tyson only admits that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson denies the characterizations of these exchanges as set forth in

Paragraph 10. Further, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies these allegations on this additional basis. To the extent the allegations in this Paragraph characterizes or describes document or other sources, Tyson states that such documents or sources speak for themselves and denies any characterization or description inconsistent therewith.

11.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 11 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies these allegations.

12.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies these allegations.

13.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies these allegations.

14.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies these allegations.

15.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies these allegations.

16.      To the extent the allegations in Paragraph 16 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

17.     To the extent the allegations in Paragraph 17 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies these allegations.

18.     To the extent the allegations in Paragraph 18 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 18 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies these allegations.

19.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies these allegations.

20.     Tyson denies the conspiracy alleged in the Complaint. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

21.     Paragraph 21 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson specifically denies the conspiracy alleged in the Complaint. Tyson affirmatively states that supply of turkey products in the industry, and its own supply of turkey products, is based on and explained by market factors, including the Great Recession and an avian flu outbreak in 2015, among other factors. To the extent the allegations in Paragraph 21 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

22.     Tyson admits only that it is a member of certain industry trade associations. Tyson specifically denies all characterizations of its membership in said associations set forth in Paragraph 22. Tyson denies the remaining allegations set forth in Paragraph 22. Further, to the

extent that the allegations in Paragraph 22 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations on this additional basis.

23.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies these allegations.

24.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies these allegations.

25.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies these allegations.

26.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies these allegations.

27.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies these allegations.

28.     Tyson states that it does not sell, and has never sold during the alleged Class Period, whole turkeys. Paragraph 28 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies the remaining allegations in Paragraph 28.

29.     Paragraph 29 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson specifically denies the conspiracy alleged in the Complaint. Tyson admits that it directly submits certain information to Agri Stats about its turkey operations for pro-competitive benchmarking purposes. Tyson further admits that Tyson only raises and slaughters tom turkeys in its routine business, and does not regularly process turkey

hens. Tyson denies all characterizations of the Agri Stats data exchange set forth in Paragraph 29. Further, to the extent that the allegations in Paragraph 29 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations on this additional basis. Tyson denies the remaining allegations in Paragraph 29.

30.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 30.

31.     Tyson denies the conspiracy alleged in the Complaint. Tyson admits that Tyson only raises and slaughters tom turkeys in its routine business, and does not regularly process turkey hens. Tyson further denies that it changed its behavior after the *Broilers* litigation, admits that its CEO Donnie Smith departed from the company in late 2016, but denies the characterization of Donnie Smith's departure. Tyson denies any remaining allegations in Paragraph 31 as such allegations are argumentative and contain legal conclusions. Furthermore, Tyson denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies these allegations on this additional basis.

32.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 32 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

33.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 33.

34.     Paragraph 34 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies

that it has violated any antitrust laws and that Plaintiffs are entitled to any damages. For purposes of this action only, Tyson does not contest subject-matter jurisdiction.

35.     Tyson admits the allegations in Paragraph 35.

36.     For purposes of this action only, Tyson does not contest the Court's personal jurisdiction over it. Tyson specifically denies that it has engaged in any antitrust conspiracy. Tyson denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies these allegations.

37.     Tyson specifically denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 37.

38.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies these allegations.

39.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies these allegations.

40.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies these allegations.

41.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies these allegations.

42.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies these allegations.

43.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies these allegations.

44.     Paragraph 44 contains Plaintiffs' explanation of a defined term, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

45. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies these allegations.

46. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies these allegations.

47. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies these allegations.

48. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies these allegations.

49. Paragraph 49 contains Plaintiffs' explanation of a defined term, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

50. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies these allegations.

51. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies these allegations.

52. Paragraph 52 contains Plaintiffs' explanation of a defined term, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

53. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies these allegations.

54. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies these allegations.

55. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies these allegations.

56. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies these allegations.

57. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies these allegations.

58. Paragraph 58 contains Plaintiffs' explanation of a defined term, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

59. Tyson admits the allegations in Paragraph 59. Tyson affirmatively states that it does not sell, and never sold during the Class Period, whole turkeys.

60. Tyson admits the allegations in Paragraph 60. Tyson states that it does not sell, and never sold during the Class Period, whole turkeys.

61. Tyson admits the allegations in Paragraph 61. Tyson states that it does not sell, and never sold during the Class Period, whole turkeys.

62. Tyson admits the allegations in Paragraph 62. Tyson states that it does not sell, and never sold during the Class Period, whole turkeys.

63. Paragraph 63 contains Plaintiffs' explanation of a defined term, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

64. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies these allegations.

65. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies these allegations.

66. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies these allegations.

67.    Tyson admits only that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. All other allegations contained in Paragraph 67 are denied. Tyson specifically denies the conspiracy alleged in the Complaint. Furthermore, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations about co-defendants and/or third parties in Paragraph 67 and, therefore, denies these allegations. Tyson denies the remaining allegations in Paragraph 67 not otherwise specifically admitted in this Answer, and further states that its turkey-products business (not acquired by Tyson until 2014) subscribed to similar procompetitive industry reports through a service called Agrimetrics since at least 2000.

68.    The allegations set forth in Paragraph 68 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, therefore, denies these allegations. To the extent the allegations in Paragraph 68 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

69.    Tyson admits only that Tyson and some other turkey producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and, therefore, denies these allegations.

70.    Tyson denies the allegations in Paragraph 70. To the extent the allegations in Paragraph 70 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith

11

71.     The allegations set forth in Paragraph 71 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson specifically denies the conspiracy alleged in the Complaint. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and, therefore, denies the allegations. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation*, such pleadings speak for themselves.

72.     To the extent the allegations in Paragraph 72 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

73.     Tyson denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 73 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

74.     Tyson admits only that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson specifically denies the conspiracy alleged in the Complaint. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, therefore, denies these allegations.

75.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies these allegations. To the extent that the allegations in Paragraph 75 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations on this additional basis.

76.     Tyson denies the conspiracy alleged in the Complaint. Tyson admits only that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. To the extent that the allegations in Paragraph 76 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

77.     Tyson denies the allegations in Paragraph 77.

78.     Tyson admits only that Tyson and some other turkey producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson denies the characterization of the Agri Stats reports set forth in Paragraph 78. All other remaining allegations in Paragraph 78 are denied. Furthermore, to the extent the allegations in Paragraph 78 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

79.     The allegations set forth in Paragraph 79 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 79 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

80.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies these allegations.

81.     Tyson only admits that Tyson submits information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. To the extent the allegations in Paragraph 81 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and, therefore, denies these allegations.

82.     To the extent the allegations in Paragraph 82 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies all remaining allegations in Paragraph 82.

83.     The allegations set forth in Paragraph 83 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson denies these allegations. Tyson specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 83 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

84.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 84 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

85.     The allegations set forth in Paragraph 85 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

Tyson specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 85 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

86.     The allegations set forth in Paragraph 86 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies these allegations.

87.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, denies these allegations.

88.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 88 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, therefore, denies these allegations.

89.     Paragraph 89 contains Plaintiffs' explanation of a defined term, to which no response is required. Paragraph 89 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

90.     Tyson states that it does not sell, and never sold during the alleged Class Period, whole turkeys. Paragraph 90 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert

testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

91.     Paragraph 91 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

92.     Paragraph 92 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

93.     The allegations set forth in Paragraph 93 are not directed to Tyson and, therefore, no response is required from Tyson. Further, Paragraph 93 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

94.     Paragraph 94 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, therefore, denies these allegations.

95.     Paragraph 95 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 95 and, therefore, denies these allegations.

96.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies these allegations. To the extent that the allegations in Paragraph 96 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson states that it is not vertically integrated; it owns and operates only one turkey plant in Storm Lake, Iowa, which it acquired with Hillshire in 2014, and the Storm Lake plant's operations do not engage in all phases of turkey production.

97.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, denies these allegations.

98.     Paragraph 98 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 98 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson further states that it did not sell any turkeys prior to its acquisition of Hillshire and has not processed or slaughtered turkey contemporaneously with Hillshire, and thus specifically denies Plaintiffs' allegation that each Tyson and Hillshire "controlled" a percentage of any turkey-related market.

99.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 99 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson admits that Tyson submits information to Agri Stats and Agri Stats reports

anonymized information to Tyson for pro-competitive benchmarking purposes, but denies characterization of such information in Paragraph 99. To the extent the remaining allegations in Paragraph 99 purport to relate to Tyson, Tyson denies these allegations.

100.    To the extent the allegations in Paragraph 100 purport to relate to Tyson, Tyson denies these allegations. To the extent that the allegations in Paragraph 100 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

101.    Tyson denies the allegations in Paragraph 101.

102.    Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 102.

103.    Paragraph 103 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations. Tyson further specifically denies that it sells or has ever sold "Thanksgiving" or other whole turkeys during the alleged Class Period.

104.    The allegations set forth in Paragraph 104 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson denies these allegations contained in Paragraph 104. To the extent the allegations in Paragraph 104 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

105.    Paragraph 105 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert

testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

106.    Tyson states that it does not sell, and has never sold during the alleged Class Period, whole or "Thanksgiving" turkeys. Paragraph 106 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

107.    Tyson denies the conspiracy alleged in the Complaint. Tyson states that it does not sell, and has never sold during the alleged Class Period, whole turkeys. Paragraph 107 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

108.    Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 108. To the extent the allegations in Paragraph 108 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Paragraph 108 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson further states that supply of turkey products in the industry, and its own supply of turkey products, is based on and explained by market factors, including the Great Recession of 2008-09 and an avian flu outbreak in 2015, among other factors.

109.    Tyson denies the conspiracy alleged in the Complaint. The allegations set forth in Paragraph 109 are not directed to Tyson and, therefore, no response is required from Tyson. Further, Paragraph 109 contains Plaintiffs' characterization of their claims and/or legal

conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson further states that it does not sell, and has never sold during the alleged Class Period, whole turkeys.

110.    Paragraph 110 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson further states that it does not sell, and has never sold during the alleged Class Period, whole turkeys, and that it raises and slaughters only male, or "tom," turkeys in the ordinary course of its business, and does not regularly raise or process turkey hens.

111.    Paragraph 111 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 111 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

112.    The allegations set forth in Paragraph 112 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Further, to the extent that the allegations in Paragraph 112 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 112 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

113.    Tyson denies the conspiracy alleged in the Complaint. To the extent the remaining allegations in Paragraph 113 purport to relate to Tyson, Tyson denies these allegations. Paragraph 113 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 113 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 113.

114.    Tyson denies the conspiracy alleged in the Complaint. Paragraph 114 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

115.    Tyson denies the conspiracy alleged in the Complaint. Paragraph 115 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 115 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

116.    Tyson denies the conspiracy alleged in the Complaint. Paragraph 116 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 116 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

117.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 117 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

118.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 118. To the extent that the allegations in Paragraph 118 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 and, therefore, denies these allegations on this additional basis.

119.     The allegations set forth in Paragraph 119 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in these Paragraphs could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, therefore, denies these allegations.

120.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and, therefore, denies these allegations.

121.     Tyson denies the conspiracy alleged in the Complaint. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 and, therefore, denies these allegations. To the extent the allegations in Paragraph 121 characterize or describe documents or other sources, Tyson states that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

122.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 122.

123.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 123 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

124.     Tyson denies the conspiracy alleged in the Complaint. Tyson admits only that it is a member of certain industry trade associations. Tyson denies all characterizations of its membership in said associations set forth in Paragraph 124, as well as all other allegations in Paragraphs 124. To the extent that the allegations in Paragraph 124 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

125.     Tyson admits only that it is a member of certain trade associations. Tyson denies all characterizations of its membership in said associations set forth in Paragraph 125. To the extent that the allegations in Paragraph 125 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

126.     Tyson admits only that it is a member of the National Turkey Federation and that it is has been represented on its Executive Committee at some point in time. Tyson denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 and, therefore, denies these allegations.

127.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 127. To the extent that the allegations in Paragraph 127 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

128.    Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, therefore, denies these allegations.

129.    Tyson admits only that it has had representation on the Board of Directors of U.S. Poultry at some point in time. Tyson denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 and, therefore, denies these allegations.

130.    Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, therefore, denies these allegations.

131.    Paragraph 131 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions. Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

132.    Paragraph 132 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

133.    Paragraph 133 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

134.    Paragraph 134 Plaintiffs' characterization of their claims and/or contains legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

135.    Paragraph 135 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

136.     Paragraph 136 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

137.     Paragraph 137 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

138.     Paragraph 138 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

139.     Paragraph 139 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

140.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions. Tyson specifically denies that Plaintiffs are entitled to injunctive relief as set forth in Paragraph 140.

141.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 141.

142.     Tyson denies the conspiracy alleged in the Complaint. Paragraph 142 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

143.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 143.

144.     Tyson denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 144.

145.     Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

146.     Paragraph 146 does not set forth factual allegations that require a responsive pleading. Tyson incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to this Paragraph.

147.     Tyson denies the allegations in Paragraph 147.

148.     Tyson denies the allegations in Paragraph 148.

149.     Tyson denies the allegations in Paragraph 149.

150.     Tyson denies the allegations in Paragraph 150.

151.     Tyson denies the allegations in Paragraph 151.

152.     Tyson denies the allegations in Paragraph 152.

153.     Tyson denies the allegations in Paragraph 153.

154.     Tyson denies the allegations in Paragraph 154.

155.     Tyson denies the allegations in Paragraph 155.

156.     Tyson denies the allegations in Paragraph 156.

157.     Tyson denies the allegations in Paragraph 157.

158.     Tyson denies the allegations in Paragraph 158.

159.     Tyson denies the allegations in Paragraph 159.

160.     Tyson denies the allegations in Paragraph 160.

161.     Tyson denies the allegations in Paragraph 161.

162.     Tyson denies the allegations in Paragraph 162.

163.     Tyson denies the allegations in Paragraph 163.

164.    Tyson generally and specifically denies that Plaintiffs are entitled to any of the relief requested herein.

165.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

166.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

167.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

168.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

169.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

170.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

171.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

172.    Paragraph 172 does not contain factual allegations to which a response is required. To the extent a response is required, Tyson also demands a jury trial as set forth below.

## ADDITIONAL ALLEGATIONS AND GENERAL DENIAL

Tyson denies all allegations in the Complaint unless Tyson has expressly admitted those allegations herein. Where an allegation in the Complaint is directed at another Defendant or a party that is not affiliated with Tyson, then except as otherwise expressly stated, Tyson denies the allegations set forth in the Complaint on the basis that it denies the knowledge or information sufficient to form a belief concerning the truth of such allegations. Further, unless otherwise expressly admitted, Tyson denies any allegations in the headings, footnotes or in other places in the Complaint, to the extent that any such allegations require a response. Any headings, subheadings or similar text that Tyson has included in this Answer are for the convenience of the Court and the parties, and are not intended to be nor shall they be construed as an admission of any fact by Tyson.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it otherwise would not bear, and reserving the right to assert additional defenses as those defenses become known during discovery, Tyson asserts the following separate and additional defenses pursuant to Federal Rule of Civil Procedure 8:

**FIRST DEFENSE**

1.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.     The statute of limitations for Plaintiffs' claims is four years. 15 U.S.C. § 15(b); *Jackson v. Swift Eckrich, Inc.*, 53 F.3d 1452, 1460 (8th Cir. 1995) (applying the Sherman Act's four-year statute of limitations to claims under the Packers and Stockyards Act). Plaintiffs filed their Complaint in the above captioned litigation on December 19, 2019 ("Complaint"). The information Plaintiffs allege in support of their claims had been public for more than four years before the Complaint was filed.

3.     Information pled by Plaintiffs regarding the turkey industry has alleged dates from than four years before the Complaint was filed. *See, e.g.*, Compl. ¶¶ 108 (alleging production cuts in 2009, 2013, 2014, and 2015), 109 (asserting "the turkey industry showed abnormal price movements" in 2010.), 110 (asserting an "unprecedented increase in turkey prices beginning in 2009.").

4.     Despite claiming lack of insight into the alleged conspiracy out of an inability to acquire Agri Stats report, Plaintiffs' Complaint relies on public USDA data on turkey production that dates back to at least 1999. Compl. ¶ 115. As the Complaint's allegations demonstrate, this USDA data provided Plaintiffs with sufficient information for them to identify the alleged

conspiracy immediately. *Id.* ("[I]n the turkey market during the conspiracy period, production, *measured through USDA data*, remained artificially restrained even as demand, captured by higher per capita expenditures on turkey rose, rose significantly." (emphasis added)).

5.     Tyson's participation in trade associations and meetings was public more than four years before the Complaint was filed. *See, e.g.*, *id.* ¶ 124 ("Regular and frequent attendance by defendants' CEOs and top-level executives at trade-association meetings *is the norm rather than the exception*." (emphasis added)), 126 (noting Defendants' participation in the National Turkey Federation), 128 (identifying all Defendants as members of the United States Poultry & Egg Export Council), 129 (noting Tyson's representation on the Board of Directors of the U.S. Poultry & Egg Association), 130 (noting Tyson's representation on the Board of Directors of the North American Meat Institute).

6.     Plaintiffs' Complaint is time-barred.

## SECOND DEFENSE

7.     Plaintiffs' claims are barred by the equitable doctrine of laches.

8.     The doctrine of laches is an equitable principle that functions "independently of any statute of limitations" and that "permits courts to refuse to aid litigants who have slept on their rights." *Austin v. Niblick*, 666 Fed. Appx. 547, 548 (7th Cir. 2016) (citing *SMDfund, Inc. v. Fort Wayne-Allen County Airport Authority*, 831 N.E. 2d 725, 729 (Ind. 2005)). Specifically, "[l]aches bars a plaintiff's claim if her opponent establishes '(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party.'" *Austin*, *supra*, 666 Fed. Appx. at 548-49 (quoting *SMDfund, Inc,*, *supra,* 831 N.E. 2d at 729).

9.      Tyson hereby incorporates Paragraphs 2-6 of Tyson's Affirmative Defenses, *supra*, in support of this Second Defense. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. Additionally, Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to Tyson. Tyson continued to invest in its relationships with Plaintiffs and, including but not limited to, direct buyers, retailers, and resellers of turkey products, while Plaintiffs delayed their claims alleging misconduct in Tyson's turkey-related activities. Tyson also continued to pay to participate in Agri Stats. This unreasonable lack of diligence in raising their claims bars them now.

10.     Accordingly, the equitable principles embodied by the doctrine of laches bar Plaintiffs from seeking relief at this delayed juncture.

## THIRD DEFENSE

11.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate, prevent or avoid any alleged damages.

12.     According to facts alleged in Plaintiffs' complaint, information revealing the alleged conspiracy was made public at least four years before the Complaint was filed. To this end, Tyson hereby incorporates Paragraphs 2-6 of Tyson's Affirmative Defenses, *supra*, in support of this Third Defense.

13.     If Plaintiffs believed that Defendants were unfairly and anti-competitively raising prices of their turkey products through the use of Agri Stats and by conspiring at trade forums for approximately nine years or more before filing their Original Complaint, Plaintiffs had an obligation to switch to turkey integrators that are not alleged to have been part of the alleged

conspiracy, including but not limited to those that process specialty turkey such as organic, free range, kosher, pasture-raised, halal, and/or locally-sourced.

14.     Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs are alleged to have suffered.

## FOURTH DEFENSE

15.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver as a result of Plaintiffs' own acts and omissions.

16.     According to facts alleged in Plaintiffs' Complaint, information apparently evidencing the alleged conspiracy has been public since at least 2009, and in some cases even earlier. For example, Plaintiffs rely on publicly-available USDA data to allege an "unprecedented increase in turkey prices beginning in 2009." *See* Tyson's Affirmative Defenses, *supra* ¶¶ 3-4. Additionally, in claiming Defendants made use of trade association meetings and industry forums to privately conspire, Plaintiffs point to Defendants' publicly-acknowledged memberships to various industry boards. *See supra* Paragraph 5; *see also* Compl. ¶ 22 (identifying the chairman of the National Turkey Federation for 2014).

17.     Plaintiffs' conduct in continuing to purchase turkey products under a system of allegedly artificially inflated pricing is evidence of Plaintiffs' waiver of any right to bring this suit. Plaintiffs' conduct was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.

## FIFTH DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

19.     According to facts alleged in Plaintiffs' Complaint, information apparently evidencing the alleged conspiracy has been public since at least 2009, and in some cases even earlier. For example, Plaintiffs rely on publicly-available USDA data to allege an "unprecedented increase in turkey prices beginning in 2009." *See supra* ¶¶ 3-4. Additionally, in claiming Defendants made use of trade association meetings and industry forums to privately conspire, Plaintiffs point to Defendants' publicly-acknowledged memberships to various industry boards. *See* Tyson's Affirmative Defenses, *supra* ¶ 5; *see also* Compl.¶ 22 (identifying the chairman of the National Turkey Federation for 2014).

20.     Tyson relied in good faith, and to its detriment, on Plaintiffs' actions in continuing to purchase turkey products without complaining about the use of Agri Stats or the alleged existence of industry-wide price coordination.

21.     Plaintiffs are therefore estopped, in whole or in part, from pursuing their claims.

## SIXTH DEFENSE

22.     Plaintiffs' claims are barred, in whole or in part, due to ratification of, and consent to, the alleged conduct of Tyson.

23.     According to facts alleged in Plaintiffs' Complaint, information apparently evidencing the alleged conspiracy has been public since at least 2009, and in some cases even earlier. For example, Plaintiffs rely on publicly-available USDA data to allege an "unprecedented increase in turkey prices beginning in 2009." *See* Tyson's Affirmative Defense, *supra* ¶¶ 3-4.

24.     Tyson's participation in various trade association meetings and attendance at industry events was public for years before Plaintiffs' Complaint. *See* Tyson's Affirmative Defense, *supra* ¶¶ 5, 23. Additionally, Plaintiffs benefit from Tyson's participation in these trade

association meetings and other industry events, in part because these meetings and events, among other things, promote lobbying efforts, industry safety, animal health, training, and education.

25.     Accordingly, because Plaintiffs have been aware for years of the same conduct they now challenge, Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## SEVENTH DEFENSE

26.     Without admitting any violation of the Sherman Act, Plaintiffs' claims and/or entitlement to damages for their claims are barred, in whole or in part, by non-settling Defendants' right to offset any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims in this action.

## EIGHTH DEFENSE

27.     Plaintiffs' claims are barred in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

## NINTH DEFENSE

28.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact and/or any injury cognizable under the antitrust laws.

29.     Plaintiffs cannot establish actual injury. Moreover, standing to recover damages under Section 4 of the Clayton Act requires "antitrust injury," which requires that a plaintiff prove, "that it suffered an injury (1) that is of the type the antitrust laws were intended to prevent' and (2) 'flows from that which makes defendants' acts unlawful.'" *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 349 (1990) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,

429 U.S. 477, 489 (1977)); *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1124 (10th Cir. 2005) (same). The harm alleged lies in Plaintiffs' speculation that Defendants conspired to artificially inflate the prices paid by turkey product purchasers in various localities across the United States. But any alleged increases in turkey-product pricing are a result of a general increase in market pricing. *See* Compl. ¶ 110. There was no conspiracy, and Plaintiffs do not and cannot disassociate declines based on market trends from declines based on the alleged anticompetitive conduct.

30.     To the extent that Plaintiffs maintain they were injured by artificially inflated turkey product prices and/or the alleged conspiracy amongst Defendants, such an injury is not cognizable under the antitrust laws.

## TENTH DEFENSE

31.     Plaintiffs' claims are barred, in whole or in part, because the alleged damages are speculative and too difficult to ascertain.

32.     Claims for damages under Clayton Act § 4 must fail when the alleged damages are unduly speculative or difficult to ascertain. *See, e.g.*, *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 545 (1983) (concluding that the "tenuous and speculative character of the relationship between the alleged antitrust violation" and the alleged injury, along with other factors, "weigh heavily against judicial enforcement" of the antitrust claim); *Sharp v. United Airlines, Inc.*, 967 F.2d 404, 409 (10th Cir. 1992) (rejecting antitrust standing in part on the basis of speculative damages); *Home Placement Serv., Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1205 (1st Cir. 1987) ("If the plaintiff's proffered evidence permits no more than 'pure speculation and guesswork,' then the damage evidence is insufficient as a matter of law." (citations omitted)); *see also IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57,

66-67 (2d Cir. 2019) ("Although 'some degree of uncertainty stems from the nature of antitrust law,' a high degree of speculation in a damages calculation suggests that 'a given plaintiff is an inefficient engine of enforcement.' . . . As the district court correctly ascertained, calculating IQ's damages essentially would require the creation of an 'alternative universe.' . . . Thus, IQ's damages calculation rests on multiple layers of speculation. No amount of expert testimony can adequately ameliorate the highly speculative nature of IQ's alleged losses." (citations omitted)).

33.     Plaintiffs allege that "[a]s a result of defendants' unlawful conduct, plaintiffs and the Class paid artificially inflated prices for turkey during the Class Period. Such prices exceeded the amount they would have paid if the price for turkey had been determined by a competitive market." Compl. ¶ 33.

34.     Turkey product pricing varies based on, among other things, (i) the integrator, (ii) the complex, (iii) complex-specific factors, (iv) feed and other input cost fluctuations, and (v) both local and global market supply and demand.

35.     The large number of factors that affect turkey product pricing renders any damages calculation speculative.

36.     Plaintiffs' claims of damages are, therefore, too speculative or difficult to ascertain.

## ELEVENTH DEFENSE

37.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs purchased turkey products contain valid and enforceable clauses waiving and agreeing not to pursue class action claims against Tyson or clauses providing a different forum for the resolution of their claims.

## TWELFTH DEFENSE

38.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs purchased turkey products contain valid and enforceable clauses waiving the right to a trial by jury on any claims against Tyson.

## THIRTEENTH DEFENSE

39.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs purchased turkey products contain valid and enforceable clauses waiving claims against Tyson under any previous contract purchase arrangement.

## FOURTEENTH DEFENSE

40.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing under the Sherman Act.

## FIFTEENTH DEFENSE

41.     Tyson adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Tyson.

## PRAYER FOR RELIEF

WHEREFORE, Tyson respectfully requests that judgment be entered in favor of Tyson and the other Defendants and against Plaintiffs, dismissing the Complaint in its entirety with prejudice. Tyson further requests that this Court (i) award Tyson its costs and disbursements, and (ii) award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to the Federal Rules of Civil Procedure 38, Defendant Tyson demands a trial by

jury on all claims so triable.

LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD.


*By: Jordan M. Tank*
Jordan M. Tank
230 West Monroe Street, Suite 2260
Chicago, IL 60606
Telephone: 312-702-0586
jmt@lipelyons.com

AXINN VELTROP & HARKRIDER

Tiffany Rider
Rachel J. Adcox
Axinn, Veltrop & Harkrider LLP
Washington, DC 20004
Telephone:  202.912.4700
Facsimile:  202.912.4701

*Attorneys for Tyson Foods, Inc., Tyson Fresh Meats, Inc. and Tyson Prepared Foods, Inc.*

## CERTIFICATE OF SERVICE

I, Jordan M. Tank, hereby certify that a true and correct copy of the foregoing Tyson Defendants' Answer to Olean Wholesale Grocery Cooperative, Inc. Class Action Complaint was electronically filed with the Clerk of the Court using the CM/ECF system on December 4, 2020, which constitutes service on counsel of record who are registered electronic filing users.

/s/Jordan M. Tank

Jordan M. Tank
230 West Monroe Street, Suite 2260
Chicago, IL 60606
Telephone: 312-702-0586
jmt@lipelyons.com
*Attorneys for Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc.*