**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC., *et al.*, | Case No.: 1:19-cv-08318 |
| Plaintiffs, | Honorable Virginia M. Kendall<br>Hon. Gabriel A. Fuentes |
| v. | |
| AGRI STATS, INC., *et al.*, | |
| Defendants. | |
| SANDEE'S CATERING, | |
| Plaintiff, | Case No.: 1:20-cv-02295 |
| v. | Honorable Virginia M. Kendall<br>Hon. Gabriel A. Fuentes |
| AGRI STATS, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS TYSON FOODS, INC.; TYSON FRESH MEATS, INC.; TYSON PREPARED FOODS, INC., AND THE HILLSHIRE BRANDS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE <u>PLEADINGS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(c)</u>**

Defendants Tyson Foods, Inc.; Tyson Fresh Meats, Inc.; Tyson Prepared Foods, Inc., and The Hillshire Brands Company ("Hillshire") (collectively, "Tyson") submit this memorandum of law in support of their motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## I.  INTRODUCTION

In two decisions issued on October 19 and October 26, 2020, the Court dismissed Defendants Kraft Heinz Foods Company and Kraft Foods Group Brands, LLC (collectively, "Kraft") from this consolidated class action because Kraft does not sell "whole turkeys." (Mem. Op. and Order 15, ECF No. 173 (Oct. 19, 2020) ("Op.").) The Court reasoned that because "the only price and cost data alleged are prices and costs associated with whole turkeys," Plaintiffs "failed to allege that the information exchange [alleged in the Complaint] had any anti-competitive impact on the output or prices of Kraft's products." (*Id.* at 16.)

The Court's rationale for dismissing Kraft squarely applies to Tyson. Like Kraft, Tyson never sold whole turkeys from January 1, 2010 through January 1, 2017, Plaintiffs' "Class Period"—and Plaintiffs nowhere allege that Tyson did. Although Tyson sells turkey component products through Hillshire and Hillshire's Sara Lee brand, Plaintiffs fail to allege any anti-competitive impact on the output or prices of products that Tyson did sell, and thus fail to state a claim against Tyson.

Tyson respectfully requests that the Court accordingly enter judgment in its favor on the pleadings.

## II. STATEMENT OF RELEVANT FACTS ALLEGED AND PROCEDURAL BACKGROUND[1]

In this consolidated class action, putative classes of direct and indirect purchasers of turkey products (Direct Purchaser Plaintiffs, or "DPPs," and Indirect Purchase Plaintiffs, or "IPPs," respectively) (collectively, "Plaintiffs") bring claims alleging that Tyson, other alleged producers of turkeys and turkey products, and benchmarking service Agri Stats, Inc., improperly agreed to exchange allegedly competitively sensitive production and sales data from 2010 to 2017. Both classes assert that alleged agreement violated Section 1 of the Sherman Act, while the IPPs allege that same conduct also violated various state laws. (*See generally* DPPs' Class Action Compl., ECF No. 1 (hereinafter the "DPP Compl."); IPPs' Class Action Compl., Case No.: 1:20-cv-02295, ECF No. 1 (hereinafter the "IPP Compl.").)

With respect to Tyson specifically, Plaintiffs allege that "Tyson participated in Agri Stats' reports" when "Sara Lee's turkey operations, Hillshire Brands, was . . . acquired by Tyson in 2014." (DPP Compl. ¶ 9.) Plaintiffs do not allege that Tyson sold whole turkeys. Instead, Plaintiffs allege only that Tyson "slaughter[s] and sell[s] turkey products." (*See, e.g.*, *id.* at ¶ 59.)

On June 16, 2020, all Defendants except for Kraft moved to dismiss both complaints in their entirety. (Certain Defs.' Jt. Mot. to Dismiss the DPPs' Class Action Compl., ECF No. 144 (hereinafter "Certain Defs.' MTD DPP Compl."); Certain Defs.' Jt. Mot. to Dismiss, ECF No. 34, Case No. 1:20-cv-02295 (hereinafter "Certain Defs.' MTD IPP Compl.").) Those Defendants argued, among other things, that Plaintiffs failed to plausibly allege coordinated

---

[1] The facts described in this section are taken from Plaintiffs' complaints and assumed to be true for purposes of this motion only, as required on a motion for judgment on the pleadings under Rule 12(c). Tyson in no way admits the truth of any allegations, legal theories or conclusions in Plaintiffs' complaints.

3

behavior tied to the use of Agri Stats. (*See generally* Mem. in Support of Certain Defs.' MTD DPP Compl. 10-30.) Defendants also sought to dismiss Plaintiffs' *per se* claims, arguing that Plaintiffs' allegations of information exchange did not constitute a *per se* claim. (*Id.* 33-35.)

At the same time, Kraft filed separate motions to dismiss for failure to state a claim. (Kraft Mot. to Dismiss Plaintiffs' Class Action Compl., ECF No. 146 (hereinafter "Kraft MTD DPP Compl.").) In its motions, Kraft explained, among other things, that it "does not raise or sell turkeys." (Kraft Mem. in Support of MTD DPP Compl. 1, ECF No. 147; Kraft Mot. to Dismiss IPPs' Class Action Compl., ECF No. 36, Case No. 1:20-cv-02295 (hereinafter "Kraft MTD IPP Compl.").) Kraft (like the other defendants) also argued that dismissal of IPPs' federal claim would require dismissal of IPPs' state-law claims, "[b]ecause the gravamen of each state law claim is the alleged conspiracy." (Kraft Mem. in Support of MTD IPP Compl. 6.)

On October 26, 2020, the Court dismissed both classes' *per se* claims, but it denied Defendants' joint motion with respect to the classes' rule of reason claims, and therefore left a number of state claims intact as well (while dismissing others on various grounds). (Op. 18; Mem. Op. and Order 12, 27, ECF No. 88, Case No. 1:20-cv-02295 (hereinafter the "IPP Op.").) But the Court *granted* Kraft's motions in their entirety (without prejudice). In its opinion on Kraft's motion to dismiss the DPP Complaint, the Court held, "Plaintiffs . . . fail to state a claim against Kraft because the only price and cost data alleged are prices and costs associated with *whole turkeys*." (Op. 15 (citing paragraphs 108, 111, and 116, which contained charts relating to "*heads* slaughtered," "price per pound for *hens*," and "the relationship between the cost of feed and the cost of *hens*") (emphasis added).) Plaintiffs thus "failed to allege that the information exchange had any anti-competitive impact on the output or prices of Kraft's products,"; *i.e.*, products other than whole turkeys. (*Id.* at 16.) "Without those allegations, Plaintiffs fail[ed] to

4

state a claim against Kraft." (*Id.*) The Court incorporated that reasoning in its opinion on the IPP Complaint and accordingly dismissed all claims against Kraft in that action as well, including all state-law claims. (IPP Op. 27.)

Neither IPPs nor DPPs have sought to amend their complaints to add allegations that would reinstate Kraft as a proper defendant.

### III.  LEGAL STANDARD

"A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (internal quotation marks and citations omitted). "Thus, to survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Juarez v. Experian Info. Sols., Inc.*, No. 19 C 7705, 2020 WL 5201798, at *2 (N.D. Ill. Aug. 31, 2020) (internal quotation marks and alteration omitted) (alteration in original). *See also Deflecta-Shield Corp., v. Kar-Rite Corp.*, No. 85 C 5743, 1986 WL 4186 (N.D. Ill. Mar. 28, 1986) (granting judgment on the pleadings on Sherman Act claims).

### IV.  ARGUMENT

As the Court noted in its opinion on Defendants' motions to dismiss, "the only price and cost data alleged are prices and costs associated with *whole turkeys*." (Op. 15) (emphasis added.) Like Kraft, Tyson did not sell whole turkeys during the Class Period. Just as a shopper would never see a Kraft or Oscar Meyer turkey sitting next to a Butterball turkey on the shelves near the Thanksgiving holiday, a shopper would never see a Tyson, Hillshire, or Sara Lee turkey, either.

Also like Kraft, Tyson must therefore be dismissed from this case. Because "[n]one of th[e] data [alleged in the complaints] says anything about the portion of the turkey market in which [Tyson] competes," (Op. at 15), Plaintiffs "have failed to allege that the information exchange had any anti-competitive impact on the output or prices of [Tyson's] products." (*Id.* at

5

16.) Plaintiffs' complaints therefore fail to state plausible claims against Tyson, and Tyson is entitled to judgment on the pleadings.

## V. CONCLUSION

Because Tyson has not sold whole turkeys within the Class Period (and Plaintiffs do not allege that it has), Tyson respectfully requests that the Court enter judgment in its favor on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Dated: February 15, 2021

Respectfully submitted,

\s\ *Jordan M. Tank*
Jordan M. Tank
230 West Monroe Street
Suite 2260
Chicago, IL 60606
Telephone: 312.702.0586
jmt@lipelyons.com

Tiffany Rider Rohrbaugh
Rachel J. Adcox
Axinn, Veltrop & Harkrider LLP
950 F. Street, NW
Washington, DC 20004
Telephone: 202.912.4700
Facsimile: 202.912.4701
trider@axinn.com
radcox@axinn.com

Jarod G. Taylor (*pro hac vice* pending)
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Telephone: 860.275.8100
Facsimile: 860.275.8101
jtaylor@axinn.com

*Counsel for Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 15, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

By:  /s/ *Jordan M. Tank*