IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 19 C 8318 |
| v. | ) ) | |
| | ) | Judge Virginia M. Kendall |
| AGRI STATS, INC. *et al*, | ) ) | |
| *Defendants*. | ) ) ) | |
| SANDEE'S CATERING, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 20 C 2295 |
| v. | ) ) | |
| | ) | Judge Virginia M. Kendall |
| | ) ) | |
| AGRI STATS, INC. et al, | ) ) | |
| *Defendants*. | ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

In two decisions issued on October 19 and October 26, 2020, this Court largely denied the Joint Defendants' Motions to Dismiss the Complaints in *Olean Wholesale Grocery Cooperative, Inc., et al. v. Agri Stats, Inc., et al.*, 19-cv-08318 (*see* Dkt. 173) and *Sandee's Catering v. Agri Stats, Inc., et al.*, 20-cv-2295 (*see* Dkt. 88). The Court granted Defendants' Kraft Heinz Foods Company and Kraft Foods Groups Brands, LLC (collectively, "Kraft") Motion to Dismiss because Plaintiffs failed to allege that the information exchange had any anti-competitive impact on the output or prices of Kraft's product. (*See Olean*, Dkt. 173 at 15–16; *see Sandee's*, Dkt. 88 at 27).[1]

---

[1] The Tyson Defendants have submitted identical Motions for Judgment on the Pleadings under the separate dockets of *Olean* and *Sandee's*. Indeed, as the Court previously discussed, the Complaints are essentially the same in *Olean* and *Sandee's*, except *Olean* was brought by direct purchaser plaintiffs and *Sandee's* was brought by indirect

1

Defendants the Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc ("the Tyson Defendants")[2] have now moved for judgment on the pleadings, arguing the reasoning that guided the Court in dismissing the Kraft Defendants should lead to their dismissal from the case. For the reasons that follow, the Tyson Defendants' Motions for Judgment on the Pleadings are denied. (*Olean* at Dkt. 218; *Sandee's* at Dkt. 134).

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. *Federated Mutual Insurance Co. v. Coyle Mechanical Supply Inc.*, 983 F. 3d 307, 313 (7th Cir. 2020). "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). In order to succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Coyle Mechanical Supply Inc.*, 983 F.3d at 313 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). As with a motion to dismiss, the Court must determine whether the complaint states a claim to relief that is plausible on its face, drawing all reasonable inferences in the plaintiff's favor. *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citations omitted).

---

purchaser plaintiffs. The Court will reference cites to the *Olean*, 19-cv-08318 docket as "*Olean*" and the *Sandee's*, 20-cv-2295 docket as "*Sandee's*" and will provide the relevant docket number.
[2] As explained by Plaintiffs in their Complaint, The Hillshire Brands Company (Hillshire Brands) operates as a subsidiary of Tyson Foods that sells turkey products. *Olean*, Dkt. 1 at ¶ 62, *Sandee's*, Dkt. 1 ¶ 61.

2

## DISCUSSION

The alleged facts in this case have already been discussed at length in this Court's earlier Memorandum Opinions denying in part the Defendants' Motion to Dismiss. At issue in the instant Motions is the Court's reasoning in dismissing the Kraft Defendants, which the Court discussed in the *Olean* Memorandum Opinion. (Dkt. 173).[3] The Court dismissed the Kraft Defendants because, despite the plausibility of Plaintiffs' market allegations, Kraft was a turkey purchaser and did not operate as a turkey producer and the only price and cost data alleged are prices and costs associated with whole turkey. (*Id.* at 15–16). The Court stated, "Plaintiffs have alleged an information exchange and a relevant market, but they have failed to allege that the information exchange had any anti-competitive impact on the output or prices of Kraft's products." (*Id.* at 16).

The Tyson Defendants seek to apply the Court's reasoning to its Motion for Judgment on the Pleadings, but the allegations against the Tyson Defendants and the Kraft Defendants are distinguishable. For example, Plaintiffs pled that Tyson Foods slaughters and sells turkey products. (*Olean*, Dkt. 1 at ¶ 59, *Sandee's*, Dkt. 1 ¶ 58). Kraft was dismissed because Kraft was only alleged to be a turkey purchaser, not a turkey producer, and there were no price allegations relating to turkey purchasers. (Dkt. 173 at 15). Here, however, Plaintiffs have pled that Tyson Foods slaughters turkeys, implying they are in the business of producing turkeys. On this allegation alone the Court would deny the Tyson Defendants' Motion because such an activity would be supported by allegations in the Complaint that were missing from the allegations pertaining to Kraft. The Court explained in its decision dismissing Kraft that "[f]or example, in paragraph 108 of the Complaint, Plaintiffs chart the data on the total number of heads slaughters. In paragraph 111, Plaintiffs chart the increases in prices per pound for hens over the Class Period.

---

[3] The Court incorporated the reasoning as to the Kraft Defendants from the *Olean* decision in its *Sandee's* decision. *See Sandee's*, Dkt. 88 at 27.

3

Likewise, Plaintiffs' regression model in paragraph 116 only charts the relationship between the cost of feed and the cost of hens. None of this data says anything about the portion of the turkey market in which Kraft competes." (Dkt. 173 at 15). As Plaintiffs allege here that Tyson slaughters turkey and is a turkey producer, this data supports a part of the turkey market in which the Tyson Defendants compete.

The Tyson Defendants take the Court's reasoning to mean that since Kraft did not sell *whole* turkeys, it was subject to dismissal. The Tyson Defendants insist that the Court's statement that "the only price and cost data alleged are prices and costs associated with whole turkeys," means that Kraft was dismissed because there were no allegations linking Kraft to the price of whole turkeys. (*Olean*, Dkt. 173 at 15). But to believe the Court held solely that ignores the rest of the Court's reasoning. The Court stated that "[t]he alleged relevant market is the turkey market as a whole, which includes processed turkey products, not just live, whole turkeys. Kraft admittedly purchases turkey from growers and then sells processed turkey products." (*Id.*). Kraft argued in its motion to dismiss that in addition to the weak allegations contained in the Complaints, Kraft was solely a purchaser of turkey. Kraft argued that "conspicuously missing from Plaintiffs' Complaint is any allegation that Kraft Heinz raised turkeys or reduced the supply of turkeys." (*Olean*, Dkt. 147 at 3; *Sandee's*, Dkt. 37 at 3). The Tyson Defendants do not claim that they are merely turkey purchasers as Kraft argued.

Finally, both the allegations relating to the Tyson Defendants and the arguments made in their respective motions distinguish Tyson from Kraft. The Plaintiffs' Complaints contain specific allegations connecting the Tyson Defendants to the antitrust harms alleged here. The Complaints allege, for example, that Tyson participated in Agri Stats' reports on Turkey (*Olean*, Dkt. 1 ¶ 9; *Sandee's*, Dkt. 1 ¶ 9); that Tyson participated and served as officers in the National Turkey

4

Federation, (*Olean*, Dkt. 1 ¶ 126; *Sandee's*, Dkt. 1 ¶ 125); that Tyson has representation on the Board of Directors of the U.S. Poultry & Egg Association (U.S. Poultry), which describes itself as the world's largest and most active poultry organization whose members include producers and processors of broilers, turkeys, ducks, eggs, and breeding stock, (*Olean*, Dkt. 1 ¶ 129; *Sandee's*, Dkt. 1 ¶ 128); and that Tyson has board representation on the North American Meat Institute (NAMI), which represents companies that process 95% of red meat and 70% of turkey products in the United States and their suppliers throughout the country, (*Olean*, Dkt. 1¶ 130; *Sandee's*, Dkt. 1 ¶ 129). The Complaints contain significantly less allegations pertaining to Kraft and the majority of the allegations pertained to background information on Kraft, such as where its subsidiaries are headquartered. (*See Olean*, Dkt. 1 at ¶¶ 1, 9, 46, 50–52; *Sandee's*, Dkt. 1 at ¶¶1, 9, 35, 49–51). As discussed by Kraft in its Motions to Dismiss:

> Only seven of the Complaint's 243 paragraphs refer to Kraft Heinz…Of these, the only substantive allegations against Kraft Heinz are that it "sold turkey" products and that, Louis Rich, a legacy brand of deli meat, somehow subscribed in some way to Agri Stats at one point. These allegations are wholly inadequate to raise an inference that Kraft Heinz participated in the alleged conspiracy to "restrain the supply of turkey." Plaintiff neither alleges that Kraft Heinz reduced the supply of turkeys grown nor explains how Kraft Heinz—which does not raise turkeys— could even cut the supply of turkeys in the first instance."

(*Olean*, Dkt. 147 at 8; *Sandee's*, Dkt. 37 at 5) (internal citations omitted). Plaintiffs allegations as to the Tyson Defendants are much more robust than the allegations as to the Kraft Defendants.

In order to succeed on a motion for judgment on the pleadings, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Coyle Mechanical Supply Inc.*, 983 F.3d at 313. Here, however, Plaintiffs plead that the Tyson Defendants slaughter and produce turkey, that they participated in the Agri Stats information exchange, and that they had opportunities to collude. Antitrust plaintiffs must "allege that each individual defendant joined the

conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *United States Bd. of Oral Implantology v. Am. Bd. of Dental Specialties*, 390 F. Supp. 3d 892, 904–05 (N.D. Ill. 2019). Plaintiffs have plausibly alleged that the Tyson Defendants participated in the alleged antitrust scheme. Therefore, judgment on the pleadings for the Tyson Defendants would be inappropriate.

## CONCLUSION

For the foregoing reasons, the Court denies the Tyson Defendants' Motions for Judgment on the Pleadings. (*Olean*, Dkt. 218; *Sandee's*, Dkt. 134)

_____
Virginia M. Kendall
United States District Judge

Date: April 21, 2021