UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>Defendants. | Civil Action No. 19-cv-08318<br><br>Hon. Virginia M. Kendall |

## ORDER PRELIMINARILY APPROVING SETTLEMENT WITH TYSON, CERTIFYING THE PROPOSED SETTLEMENT CLASS, APPROVING NOTIFICATION TO THE SETTLEMENT CLASS, AND RELATED RELIEF

**THIS CAUSE** came before the Court on Direct Purchaser Plaintiffs' ("DPPs") Motion for Preliminary Approval of Settlement with Tyson, Certification of the Proposed Settlement Class, Approval to Notify the Settlement Class, and for Related Relief ("Motion"). DPPs have reached a proposed settlement of their claims with Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and the Hillshire Brands Company (collectively, "Tyson"). The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

*Preliminary Approval of Settlement Agreement*

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, meets all factors under Federal Rule of Civil Procedure ("Rule") 23(e)(2) and will likely be granted final approval by the Court, subject to further consideration at the Court's Final Approval Hearing. The Court

559283.2

finds that the Settlement set forth in the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Rules 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

## Class Certification

2.  The Settlement Class meets the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3). As to the requirements of Rule 23(a), the Court expressly finds that (1) the Settlement Class certified herein numbers thousands of entities, and joinder of all such entities would be impracticable, (2) there are questions of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; and (4) Plaintiffs are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3), the Court expressly finds that the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Class Member, and that a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute.

3.  This Court certifies a Settlement Class defined as:

> All persons who directly purchased Turkey from Defendants or Co-Conspirators for personal use in the United States from at least as early as January 1, 2010 through January 1, 2017. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

4.	The Court appoints the law firms of Lockridge Grindal Nauen P.L.L.P. and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel for the Settlement Class.

5.	The Court appoints A.B. Data Ltd. to serve as the notice and claims administrator for Plaintiffs in this case.

6.	The Court appoints The Huntington National Bank to serve as the escrow agent and provide escrow services in this case.

## Class Notice

7.	The Court hereby directs notice to be distributed to the Settlement Class Members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

8.	The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

9.	The proposed notice documents attached as Exhibit A (long form notice), Exhibit B (email notice), Exhibit C (publication notice), Exhibit D (postcard notice), and Exhibit E (press release) and their manner of transmission comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise class members of: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on

members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

10.     So that the proposed notice plan may be carried out, each Defendant in this Action is directed to provide a customer list to the Settlement Administrator, including reasonably available names, email addresses, and mailing addresses, pursuant to the schedule below..

<u>Schedule for Class Notice and the Final Approval Hearing</u>

11.     The Court hereby sets the below schedule for the dissemination of notice to potential members of the Settlement Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreement, and for the Court's Final Approval Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. This Court may order the Final Approval Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Final Approval Hearing may take place remotely, including via telephone or video conference.

| **DATE** | **EVENT** |
|---|---|
| Within 45 days after entry of the preliminary approval order | Each Defendant to provide a customer list to the Settlement Administrator, including any reasonably available names, email addresses, and mailing addresses |
| Within 75 days after the entry of the preliminary approval order | Settlement Administrator to provide direct mail and email notice and commence implementation of publication notice plan |
| 60 days after the commencement of the Notice | Last day for Settlement Class Members to request exclusion from the Settlement Class; for Settlement Class Members to object to the Settlement; and for Settlement Class Members |

| DATE | EVENT |
|---|---|
| | to file notices to appear at the Final Approval Hearing |
| 7 days after last day to request exclusion from Settlements | Co-Lead Counsel to provide Tyson with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| 14 days before the Final Approval Hearing | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, and Co-Lead Counsel and Tyson may respond to any objections to the proposed Settlement |
| 40 days after the last day to request exclusion from the Settlement, or as soon thereafter as may be heard by the Court | Final Approval Hearing for the Settlement |

## Other Provisions

12. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

13. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of entry of this Order, DPPs and all members of the Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against Tyson and from asserting any of the Claims released in Sections 14-15 of the Settlement Agreement pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

14. The Court's certification of the Settlement Class as provided herein is without prejudice to the right of any Defendant to contest certification of any other class proposed in these actions, and the Court's findings in this Order do not bind the Court in ruling on any motion to certify other classes in these actions.

15. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling orders as necessary to ensure that the DPPs and Tyson will have sufficient time to prepare for the resumption of litigation.

**IT IS SO ORDERED.**

DATED: May 25, 2021

HON. VIRGINIA M. KENDALL
United States District Judge