# EXHIBIT A



**COURT-APPROVED LEGAL NOTICE**

**If you purchased any Pork product directly from a Pork producer for use or delivery in the United States from January 1, 2009 through January 12, 2021, a class action settlement may affect your rights.**

Para una notificación en español, llame gratis al 1-866-797-0864 o visite nuestro website www.PorkAntitrustLitigation.com.

A settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs with Smithfield Foods, Inc. and related or affiliated entities ("Smithfield" or "Settling Defendant"). This Court-ordered notice may affect your rights. Please review and follow the instructions carefully.

The United States District Court for the District of Minnesota authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

**WHO IS INCLUDED?**

For settlement purposes, members of the Settlement Class are defined as all persons who purchased Pork directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from January 1, 2009 through January 12, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. In addition to Smithfield, the Defendants in this lawsuit for purposes of this notice include Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, JBS USA Food Company, JBS USA Food Company Holdings, Indiana Packers Corporation, Seaboard Foods LLC, Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc., and Agri Stats, Inc. (The Court dismissed Indiana Packers Corporation from this lawsuit with prejudice, but if you purchased Pork directly from Indiana Packers between January 1, 2009 and January 12, 2021, you are a member of the Settlement Class.)

If you are not sure you are included, you can get more information, including a detailed notice, at www.PorkAntitrustLitigation.com or by calling toll-free 1-866-797-0864.

**WHAT IS THIS LAWSUIT ABOUT?**

Direct Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Pork, beginning at least as early as January 1, 2009, with the intent and expected result of increasing prices of Pork in the United States, in violation of federal antitrust laws. Direct Purchaser Plaintiffs previously reached a settlement with one Defendant, JBS. The Court granted final approval to the JBS settlement on July 27, 2021. Direct Purchaser Plaintiffs have now reached a new proposed Settlement with Defendant Smithfield. Smithfield denies it did anything wrong. The Court did not decide which side was right, but both sides agreed to the Settlement Agreement to resolve the case and avoid the uncertainty associated with continued litigation. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against other Defendants who may be subject to separate settlements, judgments, or class certification orders.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Under the terms of the Settlement Agreement, Smithfield will pay up to $83,000,000 to resolve all Settlement Class claims against it in this litigation. In addition to this monetary benefit, Smithfield has also agreed to provide specified cooperation in the Direct Purchaser Plaintiffs' continued prosecution of the litigation. Co-Lead Counsel are not seeking to recover attorneys' fees, litigation expenses, or class representative incentive awards at this time, and do not plan for distribution of net settlement proceeds to the Settlement Class Members at this time, but will do so at a future date subject to further notice and Court approval.

**WHAT ARE YOUR RIGHTS AND OPTIONS?**

You do not need to take any action to remain a member of the Settlement Class and be bound by the Settlement Agreement. As a Settlement Class Member, you may be able to participate in (or exclude yourself from) any future settlement or judgment obtained by Direct Purchaser Plaintiffs against other Defendants in the case. If you don't want to be legally bound by the Settlement Agreement, you must exclude yourself by November 2, 2021, or you won't be able to sue or continue to sue Smithfield for the Released Claims (as defined in the Settlement Agreement), which go through August 4, 2021. If you exclude yourself, you can't get money from the Settlement. If you don't exclude yourself from the Settlement Class, you may still object to the Settlement Agreement by November 2, 2021. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the settlement website. The Court will hold a hearing in this case (In re Pork Antitrust Litigation, Case No. 0:18-cv-01776) on **January 27, 2022, at 10:00 a.m.**, to consider whether to approve the Settlement Agreement. You may ask to speak at the hearing, but you don't have to.

This notice is only a summary. You can find more details about the Settlement at www.PorkAntitrustLitigation.com or by calling toll-free 1-866-797-0864. Please do not contact the Court.

## PLANT-BASED | MEAT ALTERNATIVES

### MERCHANDISING MEATLESS

Finding the necessary room within the fresh and frozen cases to merchandise what is likely to be growing varieties of plant-based meats, however, will be challenging, Jim Wisner, president of Wisner Marketing, a Gurnee, Ill.-based retail consultancy, told *SN*. "There is a need to find space for another four to eight feet of product that the retailer didn't have to worry about before," he noted.

Supermarkets, meanwhile, can better spotlight the category and make it easier for shoppers to locate products by creating plant-based meat sections with ample signage, Wisner said, while also regularly promoting the items. "Retailers need to keep the products in front of customers, so they know you are in the business," he said. "A promotion cycle induces trial and then you can start building on repurchasing."

Samplings can further entice shoppers who are reluctant to purchase plant-based meats, Wisner said. "Many people have not tried plant-based meats or bought it once at Burger King and don't recall it," he noted. "You have to overcome the preconceptions of what the product is all about and sampling is the fastest and easiest way to do that."

Among the active marketers in Carlisle, Pa.-based The Giant Co., which offers plant-based products in its 187 stores in Pennsylvania, Maryland, Virginia and West Virginia that operate under the Giant, Martin's and Giant Heirloom Market banners. Selections include patties, grinds, dinner and breakfast sausage, plant-based "chicken" shreds and strips, plant-based "meatballs," bratwurst, nuggets and tenders, Deb Kreider, director of meat and seafood, told *SN*. In addition to plant-based sections within the fresh and frozen cases, some outlets also merchandise all plant-based foods in a single area.

Stores highlight plant-based meats via shelf dividers, clings and section signage, while vendor partners support shelf ads and digital coupons, she said. In addition, advertisements frequently include plant-based meal deals that enable shop-



**SPACE RACE** Finding the necessary room within the fresh and frozen cases to merchandise growing varieties of plant-based meats will be a challenge for retailers.

pers to purchase the protein and receive free complimentary items, Kreider said.

Interest in plant-based is occurring among all shopper segments, she noted, adding that plant-based meat activity is not impacting sales of traditional meat department selections. "A majority of customers are looking to substitute a meal with plant-based in lieu of switching solely to a plant-based diet," Kreider said.

### A GROWING CUSTOMER BASE

Seattle-based PCC Community Markets, which has been selling plant-based proteins for more than three decades, has a target audience that is expanding from vegetarians, vegans and occasional plant-based eaters to include people wanting to cut back on meat from time to time, said Scott Owen, senior grocery merchandiser. PCC operates 15 Seattle-area stores.

Beyond Meat is the top-selling plant-based brand at PCC outlets, with burger patties the best performer. The retailer, which markets most of the patties in a frozen plant-based meats section, also offers the product in meat cases to make it easier for meat eaters to locate, Owen said.

"We also look for smart, natural cross-merchandising opportunities," he added, which includes buns and condiments. "Many purchases happen when someone is having a get-together and wants to make sure they are inclusive of all their friends' dietary needs."

Batavia, Ill-based Aldi U.S. is among retailers already offering wider selections of plant-based meats. The retailer markets options under its Earth Grown brand at more than 2,100 Aldi locations across the U.S. Selections, which could vary by store, include meatballs, veggie crumbles, chicken-less tenders, and kale and quinoa veggie burgers, said Joan Kavanaugh, vice president of Aldi U.S.

Aldi spotlights the products through its weekly ads and website, she said, and merchandises plant-based meats in the meat section. Kavanaugh noted that Aldi views the growth of plant-based meats "as an 'and' rather than an 'or.' We can innovate and expand our plant-based offerings while still supplying the traditional meat products." **SN**

**FILLING THE FREEZER** The majority of plant-based meat options, including those marketed by Aldi U.S. under its Earth Grown vegetarian and vegan brand, are found in the frozen case.

**COURT-APPROVED LEGAL NOTICE**

**If you purchased any Turkey product directly from a Turkey producer for use or delivery in the United States from January 1, 2010 through January 1, 2017, a class action settlement may affect your rights.**

Para una notificación en español, llame gratis al 1-877-777-9637 o visite nuestro website www.TurkeyLitigation.com.

A settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. and the Hillshire Brands Company ("Tyson" or "Settling Defendant"). This Court-ordered notice may affect your rights. Please review and follow the instructions carefully.

The United States District Court for the Northern District of Illinois authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

**WHO IS INCLUDED?**

For settlement purposes, members of the Settlement Class are defined as all persons who purchased any Turkey products directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2010 until January 1, 2017. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. In addition to Tyson, the Defendants in this lawsuit for purposes of the Settlement Agreement include Butterball, LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Perdue Farms, Inc., and Perdue Foods LLC, and Agri Stats, Inc.

If you are not sure you are included, you can get more information, including a detailed notice, at www.TurkeyLitigation.com or by calling toll-free 1-877-777-9637.

**WHAT IS THIS LAWSUIT ABOUT?**

Direct Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Turkey, beginning at least as early as January 1, 2010, with the intent and expected result of increasing prices of Turkey in the United States, in violation of federal antitrust laws. Tyson denies it did anything wrong. The Court did not decide which side was right, but both sides agreed to the Settlement Agreement to resolve the case and get benefits to the Class. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against other Defendants who may be subject to separate settlements, judgments, or class certification orders. For purposes of this case, the terms "Turkey" and "Turkey Products" means turkey meat, which may be sold in a variety of forms, including fresh or frozen, ground or parts, and raw or cooked. "Turkey" includes, but is not limited to: breasts, wings, drums, legs, thighs, tenderloins, necks, tails, gizzards, feet, trim, tenders, mechanically separated turkey ("MST"), ground turkey, and further processed and value added turkey products. Turkey includes, but is not limited to, products containing turkey such as lunch meat, deli meat, sausage, franks, bacon, and corn dogs.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Under the terms of the Settlement Agreement, Tyson will pay $4,625,000 to resolve all Settlement Class claims against it in this litigation against Tyson. In addition to this monetary benefit, Tyson has also agreed to provide specified cooperation in the Direct Purchaser Plaintiffs' continued prosecution of the litigation. Class Counsel are not seeking to recover attorneys' fees and do not plan for distribution of settlement proceeds to the Class Members at this time, but may do so at a future date subject to further notice. At least 14 days before the deadline to file an Exclusion Request regarding this Settlement, Plaintiffs and Co-Lead Counsel will file a motion seeking no more than $1 million in current and ongoing litigation expenses. A copy of that motion for litigation expenses will be available on the Settlement Website.

**WHAT ARE YOUR RIGHTS AND OPTIONS?**

You do not need to take any action to remain a member of the Settlement Class and be bound by the Settlement Agreement. As a Settlement Class member, you may be able to participate in (or exclude yourself from) any future settlement or judgment obtained by Direct Purchaser Plaintiffs against other Defendants in the case. If you don't want to be legally bound by the Settlement Agreement, you must exclude yourself by November 22, 2021, or you won't be able to sue or continue to sue Tyson for the Released Claims (as defined in the Settlement Agreement). If you exclude yourself, you can't get money from the Settlement. If you don't exclude yourself from the Settlement Class, you may still object to the Settlement Agreement by November 22, 2021. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the settlement website. The Court will hold a hearing in this case (Olean Wholesale Grocery Cooperative, Inc., et al., v. Agri Stats, Inc., et al., N.D. Ill. Case No. 1:19-cv-08318) on January 6, 2022, at **9:00 a.m.**, to consider whether to approve the Settlement Agreement. You may ask to speak at the hearing, but you don't have to.

This notice is only a summary. You can find more details about the Settlement at www.TurkeyLitigation.com or by calling toll-free 1-877-777-9637. Please do not contact the Court.