**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*IN RE TURKEY ANTITRUST LITIGATION*

This Document Relates To:

All Direct Purchaser Plaintiff Actions and
Commercial and Institutional Indirect Purchaser
Actions

No. 1:19-cv-08318

Hon. Virginia M. Kendall
Hon. Gabriel A. Fuentes

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINTS</u>

## I.      INTRODUCTION

Plaintiffs John Gross and Company, Inc., and Maplevale Farms, Inc., and the Proposed Direct Purchaser Class, and the Sandee's Plaintiffs and the Proposed Commercial and Institutional Indirect Purchaser Class ("Plaintiffs") bring this motion for leave to amend their complaints to conform the complaints to the evidence produced to date. The principal reason Plaintiffs seek amendment is to replead the *per se* claim that the Court previously dismissed without prejudice and to strengthen their rule of reason claim. Thus, Plaintiffs' proposed amended complaints are not brand-new, and instead will closely track the claims brought in Plaintiffs' original complaints.

This motion is filed today pursuant to the December 30, 2021 deadline set forth in the Court's Scheduling and Discovery Order (ECF No. 210 at 2). However, as discussed in the Motion filed herewith, the parties have stipulated and jointly moved so that Plaintiffs would have otherwise had until January 10, 2022 to seek leave to amend. *See* Joint Stipulation and Agreed Motion Regarding Extension of Protective Order (ECF No. 201) Deadline for Producing Privilege and Redaction Logs and Extension of Scheduling and Discovery Order (ECF No. 210) Deadline for Filing Motion for Leave to Amend Complaint (ECF No. 345). On December 23, 2021, Hon. Magistrate Judge Gabriel A. Fuentes also recommended that the deadline be extended from December 30, 2021 to January 10, 2022. Minute Entry (ECF No. 353.)

As such, Plaintiffs have been operating in accordance with the parties' stipulation. Plaintiffs file this motion today in order to preserve all rights to amend their complaints as provided for in the Court's Scheduling and Discovery Order (ECF No. 210). As set forth below, Plaintiffs are entitled to file this amended complaint based on the liberal pleading standards of the Federal Rules of Civil Procedure recognized by the Seventh Circuit. Should the Court rule that the agreed-upon extension to January 10, 2022 is permitted, Plaintiffs intend to file a more

fulsome motion for leave to amend on January 10, along with a finalized draft of the amended complaints in accordance with that stipulation.

## II.     LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, "Courts freely grant leave to amend pleadings when justice so requires."[1] The Supreme Court and Seventh Circuit have "interpreted this rule to require a district court to allow amendment unless there is a good reason. . . for denying leave to amend."[2] District courts may only refuse to grant leave in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[3] Permitting amendment helps ensure that a case is "decided on the merits and not on the basis of technicalities."[4]

## III.     ARGUMENT

As this Court is aware, Plaintiffs only recently gained access to documents critical to alleging a *per se* conspiracy. The deadline for substantial completion of production was November 30, 2021, and as further outlined in Plaintiffs' Joint Status Report (ECF No. 344-1), Defendants have delayed the production of such documents until the eleventh hour.[5] Only after

---

[1] *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12 C 4249, 2012 WL 5966593, at *4 (N.D. Ill. Nov. 28, 2012) (citing Fed. R. Civ. P. 15(a).)

[2] *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[3] *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (internal quotation marks and citations omitted).

[4] *Bolden v. Walmart Stores, Inc.*, No. 20-CV-150-DWD, 2021 WL 1949338 at *3 (S.D. Ill. May 14, 2021) (citing *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977)).

[5] This is unfortunately an ongoing issue.  Even just yesterday, on December 29, 2021, Farbest produced more than 336,200 pages of documents—an amount which represents more than 19% of their total documents produced—without explanation.

receipt of this avalanche of documents were Plaintiffs able to discover information critical to their claims and the larger scope of Defendants' conspiracy.

Documents recently produced by Defendants in this litigation show that, through both usage of Agri Stats and repeated direct communications amongst the competitors, Defendants entered into a conspiracy to restrain supply and stabilize prices of turkey that amounts to a *per se* violation of the Sherman Act, 15 U.S.C. § 1. The proposed amended complaints will include detailed allegations, based on recently produced documents, that are sufficient to support a plausible inference of a *per se* illegal antitrust conspiracy between the Defendants.

The documents recently produced also provide more detail and support to the claims already found in Plaintiffs' complaints, which had survived Defendants' prior motions to dismiss. The newly uncovered facts further confirm Plaintiffs' allegations regarding the exchange of information through the intermediary, Agri Stats, but also serve to "plausibly fill-out the picture" of the conspiracy as it is now known.[6] The documents shed light on Defendants' direct communications as a mechanism to restrain supply and price of Turkey over the course of the Class Period.

Plaintiffs' amendment is timely and should be allowed in accordance with the lenient standard of Rule 15: Plaintiffs have acted diligently and without delay; there can be no undue prejudice to Defendants; and the proposed amendments strengthen their already-valid theories of liability, and thus are not futile.

---

[6] *In re Loc. TV Advert. Antitrust Litig.*, No. 18 C 6785, 2020 WL 6557665, at *10 (N.D. Ill. Nov. 6, 2020) (*citing In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 789–90 (N.D. Ill. 2017)).

**A.** **Plaintiffs have acted diligently and propose an amendment in response to recently received documents critical to the pleadings.**

Despite the fact that Plaintiffs have only recently had the benefit of substantial document discovery to piece together the conspiracy, Plaintiffs nevertheless timely file this request in keeping with the Court's originally ordered deadline. Accordingly, there cannot reasonably be a claim of any delay on the part of Plaintiffs seeking amendment because they have worked diligently and have not delayed.

The substantial completion deadline for document was November 30, 2021. Scheduling and Discovery Order (ECF No. 210 at 2). However, the majority of the documents were produced in the last week before the deadline. Months ago, Defendants had assured the Court and Plaintiffs that they would produce documents on a rolling basis up until the November 30th substantial completion deadline, not a mass production on the last day, but despite those assurances, this is not what has transpired. Tr. of Proceedings, Sept. 16, 2021 at 15:15–22 ("And it will not be, as your Honor suggested or as Ms. Scarlett fears, it will all be produced on the 29th.").

Instead, Defendants' productions surged in the last days before the deadline. Documents for 80 of the 103 total custodians (nearly 78%) were not completely produced until 30 days before the deadline for substantial completion, and productions of documents for 67 custodians (approximately 65%) were not confirmed complete until the week before the deadline. The result is that Plaintiffs have only gained access to documents that support their amended allegations in the last several weeks.

The conduct underlying this case, and other cases emanating from Agri Stats' anticompetitive sharing of price information, is inherently secretive. As this Court recognized, the Defendants and Agri Stats concealed their information exchange in such a way that it was

"impossible" for Plaintiffs to discover the Defendants' scheme, "even through reasonable diligence." Memorandum Opinion & Order Granting, Denying in Part Motion to Dismiss (ECF No. 173) at 7. The secretive nature of a conspiracy is even more true when it comes to the direct communications alleged in the amended complaints, for only the Defendants are privy to the conversations between competitors. Discovery is thus essential to uncovering what has transpired, and Plaintiffs have promptly brought this motion after discovery gave them access to what transpired.

Thus, there is no reasonable argument that Plaintiffs have delayed in bringing this motion, let alone one which could "be solely attributed" to Plaintiffs' actions. This consideration weighs in favor of allowing amendment.[7]

**B.      The proposed amendment causes no undue prejudice to Defendants.**

Plaintiffs seek to amend their complaints to add back the *per se* claim that the Court previously dismissed with leave to amend. *See* Memorandum Opinion and Order, (ECF No. 173 at 14–15.) This is not a new claim: instead, it closely tracks the existing claims as well as Plaintiffs' original theory of the case. Defendants were already on notice of a potential *per se* claim in the very first complaints filed by the Plaintiffs in this case and were timely notified of this proposed amendment. Many courts have similarly found that an amendment under these circumstances does not constitute prejudice.[8]

---

[7] *See Bolden*, 2021 WL 1949338, at *3.

[8] *See Barwin v. Vill. of Oak Park*, No. 14 C 6046, 2020 WL 136304 (N.D. Ill. Jan. 13, 2020) (finding no undue prejudice when the claim added to the amended complaint was referenced in the original complaint, though not in the same words); *Xerox Fin. Servs. Life Ins. Co. v. Salomon Bros. Inc.*, No. 92 C 1767, 1993 WL 78721, at *2 (N.D. Ill. Mar. 18, 1993) (finding no undue prejudice when the "amendment merely puts a slightly different spin on legal theory and conduct the amended complaint already alleges.").

Furthermore, Defendants bear the burden of demonstrating undue prejudice.[9] Undue prejudice may occur only where the proposed amendment "brings **entirely new** and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint and where the amendment would require expensive and time-consuming additional discovery."[10] But this is not the case here. While Plaintiffs are still reviewing the evidence and making strategic decisions, at this time, Plaintiffs anticipate adding only the *per se* claim and adding only parties who are entities associated with current Defendants or co-Conspirators and who participated the conspiracy.[11]

Furthermore, the amendment would not delay the forward progression of this case or require much additional discovery as the proposed amendment largely substantiates the existing allegations.[12] Plaintiffs' current proposal, as outlined in Plaintiffs' Joint Status Report (ECF No. 344-1), seeks to largely maintain the current schedule by leaving the class certification deadlines in place. While Plaintiffs do request a modest extension to the close of fact discovery, Plaintiffs do not propose any other changes to the overall timeline of the case. This amendment would not disrupt that schedule and additional discovery needed could be completed in the time Plaintiffs propose.

---

[9] *Parker v. EMC Mortg. Corp*., No. 11-CV-05682, 2014 WL 7205474, at *3 (N.D. Ill. Dec. 18, 2014).

[10] *Barwin,* 2020 WL 136304, at 7 * (citing *Lanigan v. LaSalle Nat. Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985)) (emphasis added).

[11] The Commercial Institutional Indirect Purchaser Plaintiffs intend to include additional named plaintiffs in their amended complaint on January 10, 2022.

[12] In any case, Seventh Circuit has ordered that delay *alone* is not a sufficient ground for denial of a motion for leave. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("[W] e have found that delay must be coupled with some other reason.").

**C.      The proposed amendment is not futile.**

Most critically, Plaintiffs' proposed amendment is not futile. The Court's reason for dismissing the *per se* claim previously was due to lack of support in the original complaints. Memorandum Opinion and Order, (ECF No. 173 at 14–15.) Newly uncovered evidence confirms the propriety of this *per se* theory of harm, and the class is entitled to pursue it in parallel to their rule of reason claim.

The standard for whether an amendment is futile is a high bar. Defendants must show it is "a *certainty* that plaintiff would not be entitled to any relief under *any* state of facts which could be proved in support of [her] claims."[13] An amendment is futile only when it fails to state a valid theory of liability or would not survive a motion to dismiss.[14] This is not the case here.

Plaintiffs' proposed amendment presents the newly received evidence on top of an already-valid theory of liability. Far from being futile, the amendment only strengthens the complaints and protects them further from a motion to dismiss. Indeed, this Court has recognized that antitrust cases are often built on circumstantial evidence that collectively is indicative of an agreement:[15]

> Circumstantial evidence consists of facts from which the existence of such an agreement can be inferred. Most cases are constructed out of a tissue of ambiguous statements, and other circumstantial evidence. Indeed, circumstantial evidence is the lifeblood of antitrust law because direct evidence will rarely be available to prove the existence of a price-fixing conspiracy.

---

[13] *Peterson Steels v. Seidmon*, 188 F.2d 193, 194–95 (7th Cir. 1951).

[14] *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 524 (7th Cir. 2015)

[15] *In re Loc. TV Advert. Antitrust Litig.*, at *7 (internal citations and quotations omitted.)

Plaintiffs simply seek the opportunity to present exactly that type of evidence to the Court, and ultimately the jury, which they believe is sufficient to show a *per se* illegal agreement between Defendants.

## IV.    CONCLUSION

Defendants have no justifiable basis for arguing that Plaintiffs should not be permitted to amend their complaints in accordance with the agreed-upon schedule. By adding newly discovered facts that are not only relevant to the existing claims but point to a *per se* violation of antitrust laws, amendment of the complaints would help ensure the Class can obtain justice for their injuries. Plaintiffs also respectfully request that the Court set a status conference within sixty (60) days of the amendment.

DATED:  December 30, 2021

Respectfully submitted,

s/ *Shana E. Scarlett*
Shana E. Scarlett
Rio S. Pierce
Abby R. Wolf
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com
abbyw@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
steve@hbsslaw.com

s/ *Brian D. Clark*
W. Joseph Bruckner (MN #147758)
Brian D. Clark (MN #0390069)
Maureen Kane Berg (MN #033344X)
Simeon A. Morbey (MN #0391338)
Steve E. Serdikoff (PA #86773)
Leona B. Ajavon (MN #0401687)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
mkberg@locklaw.com
samorbey@locklaw.com
seserdikoff@locklaw.com
lbajavon@locklaw.com

***Interim Co-Lead Counsel for the Direct
Purchaser Plaintiff Class***

/s/ Blaine Finley
BLAINE FINLEY
Jonathan W. Cuneo (pro hac vice)
Blaine Finley (pro hac vice)
Yifei (Evelyn) Li (pro hac vice)
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
(202) 789-3960 Telephone
jonc@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cuneolaw.com

Don Barrett (pro hac vice)
Katherine Barrett Riley (pro hac vice)
Sterling Starns (pro hac vice)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
(662) 834-2488 Telephone
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
sstarns@barrettlawgroup.com

Robert A. Clifford
Shannon M. McNulty
CLIFFORD LAW OFFICES
120 N. LaSalle Street
Suite 3100
Chicago, IL 60602
Phone: 312-899-9090
rac@cliffordlaw.com
smm@cliffordlaw.com

Jon Tostrud (pro hac vice)
Anthony Carter (pro hac vice)
TOSTRUD LAW GROUP, PC
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

***Counsel for Commercial and Institutional
Indirect Purchaser Plaintiffs Sandee's
Bakery and Gnemi LLC***

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on December 30, 2021 a true and correct copy of the foregoing was electronically filed by CM/ECF, which caused notice to be sent to all counsel of record.

By: /s/ *Shana Scarlett*

SHANA E. SCARLETT

- 1 -