IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE TURKEY ANTITRUST LITIGATION<br><br>JOHN GROSS AND COMPANY, INC., et al.,<br><br>     Plaintiffs,<br><br> v.<br><br>AGRI STATS, INC., et al.,<br><br>     Defendants. | Case No. 19 C 8318<br><br>District Judge: Virginia M. Kendall<br>Magistrate Judge: Gabriel A. Fuentes |

## ORDER

With this matter before the magistrate judge on referral for discovery supervision (D.E. 267, 268), the Court has reviewed the parties' respective status reports (D.E. 344) and has noted that on December 2, 2021, Judge Kendall scheduled a status hearing for February 7, 2022, and ordered the parties to supply her in advance of that hearing with a joint status report "regarding planning for deposition, an update on document issues, and any other outstanding issues." (D.E. 335.) In the meantime, the magistrate judge sought a similar update by ordering a joint status report to be filed on December 17, 2021. (D.E. 337.) The parties responded by filing a pair of individual status reports, not in compliance with the Court's order for a joint report. The parties filed separate status reports on December 17 (D.E. 344), totaling 36 pages and flagging several outstanding discovery issues including a pending motion for entry of certain protocols for expert discovery and deposition procedure (D.E. 307), and pending motions concerning defendants' efforts to obtain discovery of certain pre-litigation investigative materials.[1] On January 31, 2022,

---

[1] Defendants, in their "half" of the December 17 status report, describe the motions on the investigative materials as falling under D.E. 274 and 275, but neither of those entries shows up on the case docket as a pending motion. Rather, D.E. 274 is a notice of motion, and D.E. 275 is defendants' opposition to plaintiffs' motion to quash the at-issue subpoenas served in the District of Maine and the Western District of

the district court set a February 4 due date for an updated status report, in advance of the February 7 district court status hearing. (D.E. 389.)

In this order, the magistrate judge decides the discovery issues that may be decided now and attempts to aid the parties and the district court, in advance of the February 7 district court status hearing, as to the orderly progress of discovery and discovery motion practice in this matter.

**I.      Outstanding Written Discovery Issues**

The unresolved discovery issues outlined by the parties include: (1) plaintiffs' effort to obtain discovery from additional document custodians including Messrs. Stover (Butterball) and Windham (House of Raeford Farms), Bentley (Cooper Farms), Maxwell (Hormel), and Ms. Carr (Hormel); (2) plaintiffs' effort to obtain production of certain "text message data" from various defendants; (3) plaintiffs' effort to obtain documents from each defendant in response to Amended Request for Production No. 4; (4) resolution of any issues concerning "structured data" (5) proposed additional interrogatories from plaintiffs; and (5) defendants' effort to have plaintiffs' supplement their responses to certain of defendants' written discovery requests.  The parties variously have stated that they are either at issue as to these discovery responses, that discovery motions to compel are being contemplated, or that the parties still are attempting to resolve the disputes without motion practice.

In short, it's time to get these ripe and unripe discovery disputes resolved.  Motions to compel on any of these now long-standing issues must be on file no later than noon on February

---

Washington.  Defendants' brief (which also is a brief in support of a cross-motion to compel discovery of these materials) explains in a footnote that the motions were "transferred" to this Court by agreement, (D.E. 275 at 5 n.6), although no separate docket entry seems to indicate that.  By hunting and pecking through the docket, the opposition brief, and the 36 pages of status reports, the Court has managed to determine on its own that the motion papers are fully contained in the exhibits to the defendant's opposition brief and elsewhere on the docket (*see* D.E. 306), so that these motions – three in all – are now under advisement and may be decided.

2

28, 2022, and any such motions should explain why deviations from the district court's prior January 11, 2021, Scheduling Order (D.E. 210) are appropriate.

**II.     Fact Discovery Scheduling**

Plaintiffs seek an extension of fact discovery from June 3, 2022, to September 30, 2022, with phased deadlines including March 30, 2022, for service of third-party discovery (after the district court previously has granted extensions of this deadline), March 31 for completion of a "first wave" of depositions of the defendants, and a May 12, 2022, deadline for agreement on the "deposition calendar for remaining depositions." Joint Status Report, Exh. A at 17. Defendants oppose the proposed extension and argue that at most, the schedule should be extended only to move the fact cutoff to August 5, 2022, with corresponding extensions of other deadlines in the case, such as expert reports and depositions. *Id.*, Exh. B at 8. The magistrate judge believes the fact cutoff may well need to be moved, in view of the nature and extent of the discovery disputes that the parties have had to ask the Court to resolve or will ask the Court to resolve. But until the outstanding discovery disputes noted in the status reports are resolved, the Court is concerned that any new fact cutoff date might not hold as discovery proceeds in the case. Moreover, the district court has indicated its own concern that newly amended pleadings may also have affected the schedule, and she has asked for input from the parties on that topic. (D.E. 389.)

The magistrate judge declines to extend any of the dates in the Scheduling Order based on the state of the record at this time and plans to revisit the overall discovery schedule after district court action arising from the February 7 status hearing and/or after receiving the further information coming the Court's way in February with respect to discovery motion practice.

**III.    Discovery Motions**

We discuss the two pending discovery motions one at a time.

    **A.    Motion on Deposition Protocol and Expert Discovery (D.E. 307)**

        **1.    Section II(D): Examination Time for Certain Deponents**

First, as to how long plaintiffs should have to conduct additional examination of witnesses who are examined by their defendant employers, the magistrate judge has little trouble determining that the Court ought not to be drawn into petty disagreements about when the deposition clocks have or have not run. The parties should resolve those kinds of matters reasonably as a matter of course. Nonetheless, the magistrate judge agrees that if a defendant "employer" of an individual witness examines that witness during the deposition, it may do so without providing "notice" (as any party taking a deposition ought to expect the other party might wish to question the witness) and without an arbitrary time limit. Further, upon such an examination by a defendant of its employee witness, plaintiffs ought to be allowed at least a half hour of additional deposition time, over and above their seven hours by rule, to follow up on issues that were the subject of the employer's questions. A half hour ought to be enough, but if it is not, the parties are expected to be reasonable and proportional, *see* Fed. R. Civ. P. 26(b)(1), considering the extent and importance of the issues raised on the employer's examination. Any party unreasonably trying to limit or extend deposition time would do so at its peril upon a proper motion to the Court, which would consider carefully whether the costs of any re-deposition should be taxed to a party whose unreasonable conduct resulted in a witness having to sit for a second deposition.

        **2.    Section II(F): Splitting Deposition Time of Cross-Noticed Third Parties**

The district court already ordered that upon the cross-noticing of third-party depositions, the parties should meet and confer to allocate the deposition time. Scheduling Order at 4. But the

district court also invited the parties to adopt a protocol. *Id.* at 4-5. Section II(F) of the protocol is the source of disagreement here, and the magistrate judge believes that the protocol should provide simply that if the parties do not reach agreement on their own as to the division of time, the deposition time is split evenly so that plaintiffs have half the time and defendants, collectively, have the other half. The parties shall follow the standard practice of having the court reporter track the time expended during a deposition and the times when parties went on and off the record, so that they may track the time usages themselves.

### 3. Stipulation 3(b): "Non-Testifying Consultant" Discovery

On the expert witness protocol, the parties disagree about the language of their proposed stipulation 3(b) and whether "all work performed by non-testifying consultants" should be made off-limits for discovery, as plaintiffs have proposed. Joint Motion for Entry of Stipulations (D.E. 307) at 10, 12. The Court declines to adopt a hard-and-fast rule concerning the discoverability of any particular category of material and instead will address each dispute on a case-by-case basis as requested through a properly filed motion. One such set of motions is already before the Court: The motions and cross-motion concerning pre-litigation investigative material motions discussed below. For now, the disagreement about stipulation 3(b) in the Joint Motion to Enter Stipulations (D.E. 307) is entered and continued, and the parties may expect a resolution shortly.

### 4. Stipulation 3(d): "Foundational" Questions About Report Drafts

If the draft expert reports themselves are not discoverable under Rule 26(b)(4)(B), arguably "foundational" facts concerning those drafts, such as how many were prepared, who prepared them, what were their dates, and so forth, could be discoverable because those matters are not mentioned specifically in the rule as barred from discovery. On the other hand, plaintiffs have a reasonable argument that extensive deposition questions about such drafts, however

5

"foundational" the questions might be, undermine the rule's overall protection of the drafts themselves from discovery. Plaintiffs' argument sounds in Rule 26(b)(1) proportionality insofar as it suggests that questions about the drafts come too close to discovery of the drafts themselves. Defendants cite *Sioux Steel Co. v. Prairie Land Millwright Servs., Inc.*, No 16-CV-2212, 2020 WL 2900834 (N.D. Ill. June 3, 2020) as support for its proposal to ask these "foundational" questions, but that case simply approved inclusion of draft dates and other peripheral details in a privilege log. On balance, within the magistrate judge's discretion to manage discovery, *see Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013), the Court sees defendants' stated desire to ask "foundational" questions about drafts as a distraction, a waste of time, and an incursion into a protected area of expert discovery – the expert's drafts of the final report. The Court agrees that no discovery into the particulars of the drafts themselves ought to be permitted. Defendants are free to ask experts about persons with whom they collaborated, the nature of the collaboration, and even the degree to which collaborators participated in drafting, but specific questions about earlier report drafts themselves is disproportionate to the needs of the case when defendants will have the benefit of full access to the final reports themselves, as the rule's drafters intended.

  **B.**  **Motion on Pre-Litigation Investigatory Materials (D.E. 275)**

As noted above, this motion is under advisement and active consideration. The magistrate judge expects to rule shortly, or, if necessary, order further briefing or argument.

**IV.**  **Conclusion**

For the reasons stated above, the parties' Joint Motion for Entry of Stipulations (D.E. 307) is partially granted and partially entered and continued, in that the deposition protocol issues and the expert "foundational question" issue are decided as set forth above, and the discoverability of "all work performed by non-testifying experts" will be decided shortly, along with the motions

6

concerning pre-litigation investigative materials (D.E. 275). Further, motions to compel concerning the outstanding discovery issues listed in Part I above must be filed by noon on February 28, 2022, upon compliance with Local Rule 37.2. The district court also has ordered a further supplemental status report (with a very specific page limit) on or before February 4, 2022, to help clarify the state of the issues the magistrate judge has considered in this order and upon the filing of the 36-page non-joint status report of December 17, 2022. (D.E. 389.) Naturally, if the parties have updates as to any discovery issues that are resolved and may be taken off of the motion practice table, now would be a good time to include that information, briefly, in the February 4 update in advance of the February 7 district court status hearing.

**SO ORDERED.**

ENTER:

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: February 1, 2022**