**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *IN RE TURKEY ANTITRUST LITIGATION* | No. 1:19-cv-08318 |
| This Document Relates To:<br><br>Commercial and Institutional Indirect Purchaser Plaintiffs' Action (1:20-cv-02295) | |

**ORDER AND FINAL JUDGMENT GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPROVAL OF THEIR SETTLEMENT WITH DEFENDANTS TYSON FOODS, INC., TYSON FRESH MEATS, INC., TYSON PREPARED FOODS, INC., AND THE HILLSHIRE BRANDS COMPANY**

This Court had held a hearing on Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and the Hillshire Brands Company ("Motion") on February 22, 2022. Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") have entered into a Settlement Agreement with Tyson. The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and all papers filed, hereby finds the Motion should be **GRANTED.**

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (also referred to herein as the "Class") and the Defendant Tyson.

2. For the purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. The Court affirms the appointment of Settlement Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g). *See* Order Grant. Com. and Inst.'l Indirect Purchaser Pltfs.' Mot. For Prelim. Approval of Proposed Settlement with Tyson Defs. and Provisional Certification of Settlement Class, Dkt. No. 196, No. 1:20-cv-2295 (N.D. Ill. July 28, 2021) (hereinafter referred to as "Order Granting Preliminary Approval").

4. The Court affirms the that following Settlement Class has been certified solely for the purposes of the Settlement:

> All commercial and institutional purchasers in the United States and its territories that purchased turkey, once or more, other than directly from Defendants, entities owned or controlled by Defendants, or other producers of turkey, From January 1, 2010 to January 1, 2017. Excluded from the Nationwide Class are the Court and its personnel, and any Defendants and their parent or subsidiary companies.

*See* Order Granting Preliminary Approval ¶ 5.

5. The Court further finds that the prerequisites to a class action under Federal Rule of CivilProcedure are satisfied solely for settlement purposes in that: (a) there are hundreds of geographically dispersed Settlement Class members, making joinder of all Settlement Class members impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over individual issues; (c) the claims and defenses of the CIIPPs are typical of the Settlement Class; (d) the CIIPPs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have and will continue to, adequately represent the Settlement Class; and (e) a class action is superior to individual actions.

6. The Court hereby finally approves the Settlement Agreement and its terms and finds that the Settlement is, in all respects, fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23. Further, the Court directs consummation of the Settlement Agreement according to its terms and conditions.

7. This Court hereby dismisses on the merits and with prejudice all claims in the CIIPP action against Tyson, with each party to bear its own costs and fees, including attorneys' fees, except asprovided in the Settlement Agreement and in CIIPPs' Motion for Costs and On-going Litigation Expenses. Dkt. No. 422, et seq.

8. The Releases in the Settlement Agreement are incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Released Parties from the Released Claims. All entities who are Releasing Parties or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting,or continuing, against the Released Parties, in this or any other jurisdiction, any and

3

all claims, causes of action or lawsuits, which they had, have, or in the future may have arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

9. The Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have,arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

10. The notice given to the Settlement Class, including individual notice all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of proceedingsand of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. No objections to the Settlement have been filed.

12. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreements, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement proceeds. Persons or entities who timely and validly requested to be excluded from the Settlement Class are listed in **Exhibit A** attached hereto. Such persons or entities are not entitled to any recovery from the Settlement proceeds. Furthermore, nothing in this Order shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because it filed a Request for Exclusion.

13. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration, and

implementation of the Settlement Agreement and any allocation or distribution to Settlement Class members pursuant to further orders from this Court; (b) disposition of the Settlement proceeds; (c) hearing and determining applications by Co-Lead Counsel for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until this Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with, the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement.

14. Tyson has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter this Order and Final Judgment forthwith.

**IT IS SO ORDERED.**

Date: __2/10/2022_____

_____
The Honorable Virginia M. Kendall
Judge United States District Court