**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *IN RE TURKEY ANTITRUST LITIGATION* | No. 19-cv-08318 |
| This Document Relates to: *Direct Purchaser Plaintiffs' and Commercial and Institutional Indirect Purchaser Plaintiffs' Actions* | Hon. Virginia M. Kendall<br>Hon. Gabriel A. Fuentes |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE SCHEDULING & DISCOVERY ORDER FOR DEPOSITIONS RELATED TO EVIDENTIARY ISSUES**

Plaintiffs move the Court for an amendment to the Scheduling and Discovery Order (ECF No. 210) permitting the taking of evidentiary-focused Rule 30(b)(6) depositions after the close of fact discovery. The Scheduling and Discovery Order provides only limited ways for the Plaintiffs and Defendants (collectively, the "Parties") to seek discovery on evidentiary issues. The Scheduling and Discovery Order simply directs the Parties to meet and confer about evidentiary issues in connection with "any pretrial order" and, if the issues cannot be stipulated to at that juncture, forces the Parties to rely on Requests for Admission to seek resolution.

This process will prove inefficient and ineffectual. Indeed, fact discovery will likely close before the Court enters a pretrial order, meaning that if the Parties have not taken any depositions focusing on evidentiary matters before that time, they will be precluded from doing so when a pretrial order is eventually entered. At that point, with limited discovery mechanisms to establish admissibility and authenticity, the Parties will face difficulty introducing evidence to prove their case.

As such, Plaintiffs seek an amendment to the Scheduling and Discovery Order that would streamline evidentiary discovery and facilitate the resolution of evidentiary disputes. In addition to the RFAs that the Scheduling and Discovery Order reserves "in connection with any pretrial order," Plaintiffs propose amending the Scheduling and Discovery Order so that after the close of fact discovery, the Parties may take Rule 30(b)(6) depositions limited to evidentiary issues. Such a proposal will make best use of the pre-trial period by encouraging the Parties to address evidentiary matters, while giving the Parties an additional discovery mechanism to resolve them. Plaintiffs' proposed amendment to the Scheduling and Discovery Order is practical and time-effective, and Plaintiffs respectfully request that the Court grant such relief.

**I.   Background**

This Court entered its Scheduling and Discovery Order on January 11, 2021, which set the fact discovery deadline as June 3, 2022. Scheduling and Discovery Order, ECF No. 210. Subsequently, the Court extended the fact discovery deadline, first to September 1, 2022, and then to November 1, 2022. Minute Entry, ECF No. 431; Minute Entry, ECF No. 571. With each of these extensions, the Parties worked diligently and in good faith to complete fact discovery, serving and responding to discovery requests while noticing and conducting numerous depositions.

In doing so, Plaintiffs identified two crucial evidentiary issues pertaining to documents produced in this case: (i) authenticity under Federal Rule of Evidence 901; and (ii) admissibility, including as business records under Fed. R. Evid. 803(6), or otherwise. Aware that the Scheduling and Discovery Order requires the Parties to "meet and confer in good faith in connection with any pretrial order to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence," Plaintiffs proposed a joint stipulation ("Joint Stipulation") to Defendants on September 27, 2022 that sought to preserve the Parties' rights to discuss and conduct limited evidentiary discovery after the close of fact discovery. Clark Decl. Ex.

2

1; *see* Clark Decl. Ex. 2, p. 2. This Joint Stipulation was preceded by an email from Plaintiffs' attorneys to Defendants' attorneys about stipulations as to the authenticity and admissibility of deposition exhibits on August 24, 2022. Clark Decl. Ex. 6, p. 3.

The Joint Stipulation proposed that, in the event the parties could not reach an agreement with respect to the authenticity or admissibility of individual documents, they would follow a schedule aimed at providing limited evidentiary discovery with respect to those documents. Clark Decl. Ex. 1. Specifically, the stipulation established: (i) a date after the close of fact discovery when the Parties would identify documents for which they sought stipulations relating to authenticity and/or admissibility; (ii) a date when the Parties would meet and confer regarding the authenticity and admissibility stipulations; (iii) a date when, if there were documents to which the Parties had not stipulated, the Parties would serve evidentiary RFAs consistent with Section II(a)(8) of the Scheduling and Discovery Order; and (iv) a date when the Parties would meet and confer about the necessity of Rule 30(b)(6) depositions in resolving issues related to authenticity or admissibility. Clark Decl. Ex. 1, p. 3. In proposing the Joint Stipulation, Plaintiffs sought a mutually agreeable way to efficiently and preemptively resolve evidentiary issues that might arise if the Parties could not reach stipulations.

Defendants largely rejected Plaintiffs' proposal. Defendants contended that Rule 30(b)(6) depositions were neither necessary nor proportional for matters related to the authenticity and admissibility of documents and were only willing to stipulate to the authenticity of deposition exhibits produced by the parties. They otherwise would not agree to the schedule set forth by the Joint Stipulation. Clark Decl. Ex. 2, p. 1.

Thus, Defendants are unwilling to consider the use of limited depositions to facilitate the resolution of evidentiary disputes. The consequence of Defendants' position is that if the parties

are unable to stipulate as to evidentiary issues once "any pretrial order" is entered, then the Parties will have only one mechanism to establish the authenticity and admissibility of deposition exhibits. Stated differently, once a pretrial order is entered after fact discovery closes, the Parties will be precluded from taking Rule 30(b)(6) depositions on evidentiary issues, which are an efficient and effective way of obtaining evidentiary discovery in those situations where the parties cannot agree upon necessary evidentiary background concerning particular documents. As such, Plaintiffs respectfully request the Court to amend its Scheduling and Discovery Order to allow the Parties to take Rule 30(b)(6) depositions after the close of fact discovery, limited to issues of authenticity and admissibility of documents as business records or otherwise.

## II. Argument

District courts have wide discretion to control discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). This is because they are close to the management of the case and are knowledgeable of the factors that may be relevant in administering that discretion. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012); *see also Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) ("District courts have broad discretion in discovery matters.").[1]

---

[1] This Court has authority to amend the Scheduling and Discovery Order under Fed. R. Civ. P. Rule 16(b)(4), which states that "[a]schedule may be modified only for good cause and with the judge's consent." In the Seventh Circuit, the main factor when ruling on a motion to modify a scheduling order is the movant's diligence. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). According to the Seventh Circuit, parties are not diligent when they "in silence watch[] a deadline pass even though [they] [have] good reason to act or seek an extension of the deadline." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). Here, Plaintiffs were certainly diligent, as they raised the issue of conducting evidentiary discovery past the close of fact discovery as early as September 16, 2022, approximately one-and-a-half half months before the close of fact discovery. Clark Decl. Ex. 2, p. 4. Moreover, Plaintiffs' attorneys generally raised the possibility of stipulating to the authenticity and admissibility of deposition exhibits on August 24, 2022. Clark Decl. Ex. 6, p. 3

Numerous courts have entered orders granting relief like what Plaintiffs seek here. For example, in *In re Broiler Chicken Antitrust Litigation*, the Northern District of Illinois considered the plaintiffs' motion to amend the scheduling order to permit limited evidentiary discovery, including Rule 30(b)(6) depositions, after the close of fact discovery. No. 1:16-cv-08637, 2020 WL 4349889, at *1-2 (N.D. Ill. July 29, 2020). There, the court noted that it was "inevitable" that there would be documents for which no foundation would be laid during fact discovery and which would be used at summary judgment or trial. *Id.* at *3. To the extent there would be disputes about the authenticity or admissibility of these documents, the court explained that "there should be a process by which a party can make a record concerning the authenticity or admissibility of those documents," and that "[a]llowing [a] type of limited evidentiary discovery to proceed close to or after the end of fact discovery seems to be an efficient way to deal with the issue." *Id.* While the court did not issue the plaintiffs a "blank check" to automatically conduct twenty additional Rule 30(b)(6) depositions and to issue an unlimited amount of RFAs, the court set forth a procedure by which the plaintiffs could conduct limited evidentiary discovery after the close of fact discovery. The court directed that towards the end of fact discovery, the parties would need to meet and confer to resolve disputes about authenticity and admissibility. If disputes remained, the court would "allow limited requests for admission and, if necessary, limited Rule 30(b)(6) depositions concerning the authenticity of documents or the evidentiary foundation for the admission of documents . . . at trial, with that process to be completed well-before trial and/or summary judgment practice." *Id.* at *4. According to the court, the plaintiffs' proposal was "a way to navigate the discovery protocols already put in place by the Court and to assure that [the plaintiffs] will not be barred from introducing evidence they need to prove their case." *Id.* at *3. Thus, the

5

Northern District of Illinois permitted limited evidentiary discovery, including Rule 30(b)(6) depositions, after the close of fact discovery for establishing authenticity and admissibility.

Other courts have entered mutual stipulations to the same effect. For example, in *In re Processed Egg Products Antitrust Litigation*, 2:08-md-02002 (E.D. Pa.), ECF No. 923, the court allowed evidentiary depositions to proceed after the close of fact discovery. Clark Decl. Ex. 3 (*Egg Prods.*, Stip. & Order). The stipulation provided that if the parties could not agree on the admissibility of a document pursuant to Fed. R. Evid. Rule 803(6), the party seeking to have the document admitted could either conduct a deposition limited to whether the document could be considered a business record under Fed. R. Evid. 803(6) or serve RFAs as to the admissibility of the document as a business record. *Id.* ¶ 3.

Further, in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 4:02-md-1486 (N.D. Cal.), ECF No. 1113, the parties agreed to a "process to minimize the expenditure of time and resources of the Court, and the parties, during dispositive motion practice and trial." Clark Decl. Ex. 4, ¶ 1 (*DRAM* Stip. & Order). Along with establishing a particular process for addressing documents used in dispositive motion practice, the court reopened discovery for thirty days in order for the parties to take depositions limited to admissibility issues. *Id.* ¶ 4.

Moreover, in *Reitman v. Champion Petfoods USA, Inc.*, No. 2:18-cv-01736 (C.D. Cal.), ECF No. 111, the court entered a stipulation containing a process through which the parties could address the admissibility of documents produced by the parties in the litigation. Pursuant to the stipulation, the parties would exchange document lists no later than sixty days before the deadline for pretrial submission of exhibit lists and then meet and confer about the authenticity and admissibility of the documents listed. Clark Decl. Ex. 5, ¶ 3 (*Reitman* Stip. & Order). If the parties could not reach an agreement as to whether particular documents satisfied the business record

exception under Fed. R. Evid. 803(6), the parties would have the right to take Rule 30(b)(6) depositions limited to the evidentiary issues encompassed by the business records exception. *Id.* ¶ 4.

As in those cases, the present litigation would benefit greatly from an efficient method to address the authenticity and admissibility of documents after the close of fact discovery and in advance of trial. Without such a method, the Parties are left with essentially two options for establishing the authenticity and admissibility of documents. Neither would be ideal. One option would be for the Parties to wait for "any pretrial order to determine if a stipulation can be agreed to concerning various evidentiary issues" and hope that stipulations as to each applicable document can be reached. Under this option, if the Parties are unable to reach a stipulation, they will only be able to use RFAs to resolve evidentiary issues, as fact discovery will have ended and the opportunity to take Rule 30(b)(6) depositions will have become foreclosed. With only limited methods of evidentiary discovery available, the Parties will lose "assur[ance] that they will not be barred from introducing evidence they need to prove their case." *Broilers*, 2020 WL 4349889, at \*3; *cf. Egg Prods.* Stip. & Order, ¶ 3 (permitting RFAs or Rule 30(b)(6) depositions to establish the admissibility of documents); *DRAM* Stip. & Order, ¶ 4 (allowing parties to take depositions to resolve disputes regarding admissibility); *Reitman* Stip. & Order, ¶ 4 (same). The other option would require the Parties to identify and collect all documents they might want to use for trial and notice Rule 30(b)(6) depositions aimed at establishing the authenticity and admissibility of the documents before the close of fact discovery on November 1, 2022. Given the scope of the case and the limited time before the close of fact discovery, this option is highly impracticable.

On the other hand, Plaintiffs' proposed amendment to the Discovery and Scheduling Order is effective and practical. Under this amendment, prior to the close of fact discovery, the Parties

will maintain the ability to ask questions during depositions about pertinent documents as they relate to the substance of the case. After the close of fact discovery and "in connection with any pretrial order," the Parties can identify documents for which foundation is needed and attempt to resolve evidentiary issues. If stipulations are not reached, the parties can then serve RFAs and take Rule 30(b)(6) depositions limited to issues of admissibility and authenticity after the close of fact discovery and in advance of trial. Such a process is crucial, as it will provide the Parties the option to take limited Rule 30(b)(6) depositions if RFAs prove ineffective or cumbersome. Indeed, such an amendment is consistent with the practice of federal courts. *See, e.g.*, *Broilers*, 2020 WL 4349889, at *4; *Egg Prods.* Stip. & Order, ¶ 3; *DRAM* Stip. & Order, ¶ 4; *Reitman* Stip. & Order, ¶ 4.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court amend the Scheduling and Discovery Order to permit the Parties to take Rule 30(b)(6) depositions after the close of fact discovery limited to issues regarding the admissibility and authenticity of documents for which stipulations have not been reached.

Dated: October 18, 2022

Respectfully submitted,

*s/ Simeon A. Morbey*
W. Joseph Bruckner (MN #147758)
Brian D. Clark (MN #0390069)
Simeon A. Morbey (MN #0391338)
Steve E. Serdikoff (PA #86773)
Leona B. Ajavon (MN #0401687)
Stephen M. Owen (MN #0399370)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
seserdikoff@locklaw.com
lbajavon@locklaw.com
smowen@locklaw.com

*s/ Shana E. Scarlett*
Shana E. Scarlett
Rio S. Pierce
Abby R. Wolf
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com
abbyw@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
steve@hbsslaw.com

***Interim Co-Lead Counsel for the Direct Purchaser Plaintiff Class***

*s/ Blaine Finley*
Blaine Finley
Jonathan W. Cuneo
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
bfinley@cuneolaw.com
jonc@cuneolaw.com

Robert A. Clifford
Shannon M. McNulty
CLIFFORD LAW OFFICES, PC
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
rac@cliffordlaw.com
smm@cliffordlaw.com

Don Barrett
Katherine Barrett Riley
Sterling Aldridge
BARRETT LAW GROUP, P.A.
P.O. Box 927 404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

*Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*