# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *IN RE TURKEY ANTITRUST LITIGATION* | Case No. 1:19-cv-08318 |
| This Document Relates To: | |
| Commercial and Institutional Indirect Purchaser Plaintiffs' Action | The Honorable Virginia M. Kendall |
| | The Honorable Keri L. Holleb Hotaling |
| | **PUBLIC REDACTED VERSION** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF DR. RUSSELL MANGUM

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD ......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

     I.      Dr. Mangum's Overcharge Model Does Not Show Classwide Overcharges ......... 4

     II.     Dr. Mangum's Pass-Through Model Is Unreliable ................................................ 10

CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Allgood v. Gen. Motors Corp.*,
  No. 102CV1077, 2006 WL 2669337 (S.D. Ind. Sept. 18, 2006)......................................11, 13

*Ammons v. Aramark Unif. Servs., Inc.*,
  368 F.3d 809 (7th Cir. 2004) .............................................................................................4

*ATA Airlines Inc. v. Fed. Express Corp.*,
  665 F.3d 822 (7th Cir. 2011) .......................................................................................12, 13

*In re Brand Name Prescription Drugs Antitrust Litig.*,
  No. 94-C-897, 1994 WL 663590 (N.D. Ill. Nov. 18, 1994) .....................................................5

*Chen-Oster v. Goldman, Sachs & Co.*,
  No. 10CIV6950ATRWL, 2022 WL 814074 (S.D.N.Y. Mar. 17, 2022) ................................11

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993)................................................................................................... *passim*

*Elward v. Electrolux Home Prods., Inc.*,
  No. 15-CV-09882, 2020 WL 2850982 (N.D. Ill. June 1, 2020) ............................................11

*ePlus, Inc. v. Lawson Software, Inc.*,
  764 F. Supp. 2d 807 (E.D. Va. 2011), *aff'd*, 700 F.3d 509 (Fed. Cir. 2012)...........................7

*Farmer v. DirectSat USA, LLC*,
  No. 08-CV-3962, 2013 WL 1195651 (N.D. Ill. Mar. 22, 2013)............................................11

*In re Flash Memory Antitrust Litig.*,
  No. C-07-0086-SBA, 2010 WL 2332081 (N.D. Cal. June 9, 2010).........................................5

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997)........................................................................................................4, 10

*Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*,
  221 F. Supp. 3d 1033 (N.D. Ind. 2016) .................................................................................8

*Hartman v. EBSCO Indus., Inc.*,
  758 F.3d 810 (7th Cir. 2014) .............................................................................................6

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)............................................................................................................4

*Messner v. Northshore Univ. HealthSystem*,
  669 F.3d 802 (7th Cir. 2012) .............................................................................................4

*Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*,
    358 F. App'x 643 (6th Cir. 2009) ..........................................................11

*In re Pharmacy Benefit Managers Antitrust Litig.*,
    No. 06-1782, 2017 WL 275398 (E.D. Pa. Jan. 18, 2017)................................ *passim*

*Reed v. Advoc. Health Care*,
    268 F.R.D. 573 (N.D. Ill. 2009)..........................................................13

*Stollings v. Ryobi Techs., Inc.*,
    725 F.3d 753 (7th Cir. 2013) .............................................................10

*Van v. Ford Motor Co.*,
    332 F.R.D. 249 (N.D. Ill. 2019)...........................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................3

**Court Rules**

Fed. R. Evid. 702 ..............................................................................4

Defendants[1] respectfully submit their motion to exclude the testimony of the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") expert, Dr. Russell Mangum.

## **<u>INTRODUCTION</u>**

CIIPPs' expert, Dr. Mangum, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ However, Dr. Mangum's opinions and the economic models those opinions are based upon are significantly flawed and should be excluded under *Daubert*.

First, Dr. Mangum's overcharge model is unreliable and fails *Daubert*'s "fit" requirement. It is well-settled that, as indirect purchasers, the CIIPPs must prove as a first step that direct purchaser resellers who resold Class Products (defined below) to the CIIPPs paid an overcharge on those products, and then prove that overcharge was passed through to the CIIPPs. ██ ███████████████████████████████████████████████████████████████████████████████████████████████████████

Second, Dr. Mangum's pass-through model is unreliable and does not fit the case because ███████████████████████████████████████████████████████████████████████████████████████ ██ ████████████████████████████████ ██████████████████████████████

---

[1] For purposes of this brief, Defendants are only those entities that have signed this brief.



Because Dr. Mangum's pass-through model impermissibly extrapolates an average pass-through rate from limited data, it is therefore unreliable and should be excluded.

## BACKGROUND

CIIPPs propose a class of commercial entities who indirectly purchased specific fresh or frozen uncooked turkey breast, ground turkey, or whole bird turkey products (the "Class Products") from Defendants in twenty-nine (29) jurisdictions from January 1, 2010 through December 31, 2016 (the "Class Period"). (CIIPPs' Mot. for Class Certification and for Appointment of Class Counsel ("Mot.") at 1-2, nn. 1-3, <u>ECF No. 836</u>.) In support,

**LEGAL STANDARD**

Before ruling on a motion for class certification, a district court must conduct a "rigorous analysis" of Federal Rule of Civil Procedure 23's prerequisites for certifying a class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). When an expert's testimony is "critical to class certification," as Dr. Mangum's is here, the Court's "rigorous analysis" must include "a conclusive

ruling on any challenge to that expert's qualifications or submissions before it may rule on a motion for class certification." *Messner v. Northshore Univ. HealthSystem*, [669 F.3d 802](), 812 (7th Cir. 2012) (citation omitted).

The proponent of expert testimony bears the burden of demonstrating the admissibility of the testimony by a preponderance of the evidence. *See Daubert v. Merrell Dow Pharm., Inc.,* [509 U.S. 579](), 592 n.10 (1993). Among other requirements, before expert testimony can be considered, the Court must be satisfied that "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." [Fed. R. Evid. 702](); *see also Daubert*, [509 U.S. at 588-96](); *Ammons v. Aramark Unif. Servs., Inc.*, [368 F.3d 809](), 816 (7th Cir. 2004).

The Court must also examine an expert's conclusions to ensure that they "fit" the underlying facts of the case. *See Kumho Tire Co. v. Carmichael*, [526 U.S. 137](), 150 (1999) (to measure *Daubert* fit, the trial court's "gatekeeping inquiry must be 'tied to the facts' of a particular 'case.'") (citations omitted); *see also Van v. Ford Motor Co.*, [332 F.R.D. 249](), 265 (N.D. Ill. 2019) (the Court must "'determine[] whether proffered expert testimony is reliable and relevant before accepting a witness as an expert'") (quoting *Winters v. Fru-Con Inc.*, [498 F.3d 734](), 741-42 (7th Cir. 2007)). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, [522 U.S. 136](), 146 (1997).

## **ARGUMENT**

### I.     **Dr. Mangum's Overcharge Model Does Not Show Class-Wide Overcharges**

████████████████████████████████████████████████████████

██████████████████████████████ Dr. Mangum's overcharge model is unable to show class-

wide impact to the CIIPP class and, thus, is unreliable and does not pass *Daubert*'s "fit" requirement. ████████████

████████████████████████████████████████████████

███████████████████████████████████ Thus, CIIPPs must first prove that direct purchaser resellers who resold Class Products to the CIIPPs paid an overcharge on those products, and then prove that overcharge was passed through to the CIIPPs. *See In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-C-897, 1994 WL 663590, at *7 (N.D. Ill. Nov. 18, 1994); *In re Flash Memory Antitrust Litig.*, No. C-07-0086-SBA, 2010 WL 2332081, at *11 (N.D. Cal. June 9, 2010) ("Determining the pass-through for an individual class member first requires the identification of the particular channel applicable to the class member's purchase, and tracing the overcharge through the various intermediaries that lie between the particular Defendant and the member.").[3]

Dr. Mangum's overcharge model fails at the first step because it relies on fundamentally flawed averaging techniques. ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[3] ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

Indeed, Dr. Mangum's overcharge model cannot show overcharges to a substantial portion of the direct purchaser resellers who resold Class Products to the CIIPPs. █████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████ Testing of Dr. Mangum's overcharge model shows that it suffers from this very problem. █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ *See, e.g., Hartman v. EBSCO Indus., Inc.*, [758 F.3d 810](#), 819 (7th Cir. 2014) (upholding exclusion of expert testimony because it did not "fit the issue to which [he] [wa]s testifying" and was not "tied to the facts of the case") (citations omitted); *In re Pharmacy Benefit Managers Antitrust Litig.*, No. 06-1782, [2017 WL 275398](#), at *20 (E.D. Pa. Jan. 18, 2017) ("In the context

of *Daubert*, the failure to match the damages model to the theory of antitrust impact renders the expert opinion unfit since it cannot assist the Court at this point in the litigation in applying the Rule 23 requirements.").[4]



*In re Pharmacy Benefit Managers*, [2017 WL 275398](#), at \*21 (excluding model that found "damages for class members who have suffered no damage").

---

[4] *See also ePlus, Inc. v. Lawson Software, Inc.*, [764 F. Supp. 2d 807](#), 814 (E.D. Va. 2011), *aff'd*, 700 F.3d 509 (Fed. Cir. 2012) (excluding Dr. Mangum's analysis because it was "difficult to perceive a 'fit' between" his assumptions and a "reasonable royalty rate in the context of this case").



*See Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, [221 F. Supp. 3d 1033](#), 1039 (N.D. Ind. 2016) (excluding expert's opinion because "'[w]e do not allow antitrust plaintiffs . . . to obtain damage awards without proving what compensable damages were actually suffered as a result of the defendant's unlawful conduct'") (quoting *Isaksen v. Vt. Castings, Inc.*, [825 F.2d 1158](#), 1165 (7th Cir. 1987)); *see also In re Pharmacy Benefit Managers*, [2017 WL 275398](#), at *21.



*See In re Pharmacy Benefit Managers*, 2017 WL 275398, at *21.

*see In re Pharmacy Benefit Managers*, 2017 WL 275398, at *21.

[REDACTED] his model is unreliable, does not satisfy *Daubert*'s "fit" requirement as it cannot establish common injury, and should be excluded. *See In re Pharmacy Benefit Managers,* [2017 WL 275398](), at \*20.

## II.  Dr. Mangum's Pass-Through Model Is Unreliable

Because Dr. Mangum's opinion is based on an unreliable pass-through model, it fails to fit the case and should be excluded. [REDACTED]

[REDACTED]

[REDACTED] But Dr. Mangum's opinion is premised on an extrapolation from the averaging of individual pass-through estimates for only [REDACTED] of [REDACTED] direct purchaser resellers who resold Class Products to the CIIPPs. That is, he did not calculate the pass-through rates for *each* direct purchaser reseller who resold Class Products to the CIIPPs. Rather, he calculated the average pass-through rate for those [REDACTED] and then *applied it to all* [REDACTED] *direct purchaser resellers who resold Class Products to the CIIPPs.* [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

*Daubert* requires more than unsupported extrapolation from limited data. *See Stollings v. Ryobi Techs., Inc.*, [725 F.3d 753](), 766 (7th Cir. 2013) (Rule 702 requires a determination "that the

expert is providing testimony that is based on a correct application of a reliable methodology and that the expert considered sufficient data to employ the methodology."). As is the case with Dr. Mangum's pass-through model, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Joiner*, 522 U.S. at 146.

First, Dr. Mangum offers no rationale or methodology for how he chose the ■ direct purchaser resellers—and excluded the other ■ direct purchaser resellers—for which he estimates individual pass-through rates. *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10CIV6950ATRWL, 2022 WL 814074, at *8 (S.D.N.Y. Mar. 17, 2022) (explaining that "[e]xclusion is appropriate when an expert does not show that his data is 'a fair proxy' for the process he claims to be analyzing" even if there is "insufficient data") (citation omitted); *see also Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, 358 F. App'x 643, 655 (6th Cir. 2009) ("District courts do not abuse their discretion, however, when they exclude expert testimony whose flaws stem in part from the expert's efforts to do the best job he could with the limited data his client would provide.")

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Dr. Mangum merely speculates that these ■ direct purchaser resellers are representative. He conducted "no analysis to test the reliability of the data he use[d] or to demonstrate the appropriateness of extrapolating results from this data to all plaintiffs for the entire class period." *Farmer v. DirectSat USA, LLC*, No. 08-CV-3962, 2013 WL 1195651, at *6-7 (N.D. Ill. Mar. 22, 2013) (excluding expert testimony where expert "failed to establish the reliability of his data, as it is his burden to do"). Courts routinely reject expert opinions when "samples [were not] chosen using some method that assures the samples are appropriately

representative." *Allgood v. Gen. Motors Corp.*, No. 102CV1077, 2006 WL 2669337, at *11 (S.D. Ind. Sept. 18, 2006); *see also Elward v. Electrolux Home Prods., Inc.*, No. 15-CV-09882, 2020 WL 2850982, at *15 (N.D. Ill. June 1, 2020) (holding that there was "little basis for an extrapolation" from the expert's analysis of five dishwashers to the entire class).

███████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████ *See ATA Airlines Inc. v. Fed. Express Corp.,* 665 F.3d 882, 895 (7th Cir. 2011) (finding expert unreliable where model used "a tiny sample" that was "less representative of the population being sampled").

███████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████ *See In re*

*Pharmacy Benefit Managers*, [2017 WL 275398](#), at *20-21 (a model built on averages "cannot

demonstrate antitrust impact for individual class members"); *see also Reed v. Advoc. Health Care*,

[268 F.R.D. 573](#), 592, 594 (N.D. Ill. 2009) (finding that a model which "improperly relie[d] on

averages" was "essentially inadmissible").

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████ This discrepancy is yet another reason why Dr. Mangum's pass-through model is unreliable and should be excluded. *See ATA Airlines*, 665 F.3d at 895; *Allgood*, 2006 WL 2669337, at *10-11.

<u>**CONCLUSION**</u>

For the reasons stated above, the opinions and testimony of Dr. Russell Mangum should be excluded.

Dated: January 26, 2024

Respectfully submitted,

<table>
<tr>
<td>

*/s/ Danielle R. Foley*
Danielle R. Foley (*pro hac vice*)
Lisa Jose Fales (*pro hac vice*)
Paul Feinstein (*pro hac vice*)
Kristin M. Koger (*pro hac vice*)
Andrew T. Hernacki (*pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
drfoley@venable.com
ljfales@venable.com
pfeinstein@venable.com
kmkoger@venable.com
athernacki@venable.com

Kirstin B. Ives
FALKENBERG IVES, LLP
30 N. LaSalle St., Suite 4020
Chicago, Illinois 60602
Telephone: (312) 566-4803
kbi@falkenbergives.com

***Counsel for Perdue Farms, Inc. and
Perdue Foods LLC***

</td>
<td>

*/s/ Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

X. Kevin Zhao
Davida Williams
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 373-8346
kzhao@greeneespel.com
dwilliams@greeneespel.com

***Counsel for Cargill, Incorporated and Cargill
Meat Solutions Corporation***

*/s/ Colin R. Kass*
Christopher E. Ondeck
Colin R. Kass

</td>
</tr>
</table>

*/s/ William L. Monts III*

Jacob D. Koering
MILLER, CANFIELD, PADDOCK &
STONE, PLC
227 West Monroe Street, Suite 3600
Chicago, IL 60606
Telephone: (312) 460-4272
koering@millercanfield.com

William L. Monts III
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone: (202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Agri Stats, Inc.*

*/s/ Jennifer A.L. Battle*

Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
mmcluggage@eimerstahl.com
dbirk@eimerstahl.com

Joshua Goldberg
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
Telephone: (312) 777-4825
goldberg@carpenterlipps.com

Jennifer A.L. Battle (*pro hac vice*)
Theodore M. Munsell (*pro hac vice*)
Jill Rogers Spiker (*pro hac vice*)
Joel E. Sechler (*pro hac vice*)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100

Stephen R. Chuk
Erica T. Jones
Kelly B. Landers Hawthorne
Corey I. Rogoff
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004
Telephone: (202) 416-6800
condeck@proskauer.com
ckass@proskauer.com
dmunkittrick@proskauer.com
schuk@proskauer.com
ejones@proskauer.com
klandersshawthorne@proskauer.com
crogoff@proskauer.com

David A. Munkittrick
Reut N. Samuels
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3226
dmunkittrick@proskauer.com
rsamuels@proskauer.com

Todd J. Ohlms
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3537
tohlms@proskauer.com

*Counsel for Butterball LLC*

*/s/ Oral D. Pottinger*

Carmine R. Zarlenga
William H. Stallings
Oral D. Pottinger
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3000
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
opottinger@mayerbrown.com

battle@carpenterlipps.com
munsell@carpenterlipps.com
spiker@carpenterlipps.com
sechler@carpenterlipps.com

***Counsel for Cooper Farms, Inc.***

*/s/ Gregory G. Wrobel*
Gregory G. Wrobel
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Telephone: (312) 609-7500
gwrobel@vedderprice.com

Henry W. Jones, Jr. (*pro hac vice*)
JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
hjones@jordanprice.com

***Counsel for House of Raeford
Farms, Inc***.

*/s/ William S. Cherry III*
Michael T. Medford, N.C. State Bar # 7227
(*pro hac vice*)
William S. Cherry III, N.C. State Bar # 33860
(*pro hac vice*)
Lawrence D. Graham, Jr., N.C. State Bar
#57905 (*pro hac vice*)
MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue – Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619
Telephone: (919) 787-8880
Facsimile: (919) 325-4600
medford@manningfulton.com
cherry@manningfulton.com
graham@manningfulton.com

Daniel P. Johnston
CLAUSEN MILLER P.C.

***Counsel for Foster Farms, LLC, and Foster
Poultry Farms LLC***

*/s/ Craig S. Coleman*
Colby Anne Kingsbury
FAEGRE DRINKER BIDDLE & REATH
LLP
320 South Canal Street, #3300
Chicago, IL 60606
(312) 569-1000
Colby.Kingsbury@faegredrinker.com

Richard A. Duncan
Craig S. Coleman
Emily E. Chow
Anderson Tuggle
FAEGRE DRINKER BIDDLE & REATH
LLP
90 S. Seventh Street, Ste. 2200
Minneapolis, MN 55402
(612) 766-7000
Richard.Duncan@faegredrinker.com
Craig.Coleman@faegredrinker.com
Emily.Chow@faegredrinker.com
Anderson.Tuggle@faegredrinker.com

Jacob D. Bylund
Lance Lange
Robert Gallup
FAEGRE DRINKER BIDDLE & REATH
LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
(515) 248-9000
Jacob.Bylund@faegredrinker.com
Lance.Lange@faegredrinker.com
Robert.Gallup@faegredrinker.com

Jonathan H. Todt
FAEGRE DRINKER BIDDLE & REATH
LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
(202) 230-5000
Jonathan.Todt@faegredrinker.com

10 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 855-1010
Facsimile: (312) 606-7777
djohnston@clausen.com

**Counsel for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc. and Prestage Foods, Inc.**

John Yi
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103
(215) 988-2553
John.Yi@faegredrinker.com

**Counsel for Hormel Foods Corporation and Hormel Foods, LLC**

*/s/ Gaspare J. Bono*
Gaspare J. Bono (*pro hac vice*)
Leslie A. Barry (*pro hac vice*)
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7500
gap.bono@dentons.com
leslie.barry@dentons.com

Adam J. Wallstein
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
adam.wallstein@dentons.com

**Counsel for Farbest Foods, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system, and transmitted via the Court's CM/ECF system to all counsel of record.

*/s/ Danielle R. Foley*

Danielle R. Foley