UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*IN RE TURKEY ANTITRUST LITIGATION*

This Document Relates To:

*Aramark Food and Support Services Group, Inc. v. Agri Stats, Inc. et al.*, No. 23-cv-4404

Case No. 19 C 8318

Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

On December 19, 2019, a proposed class of direct purchasers of turkey products filed the initial complaint in this case alleging that defendant turkey processors violated Section 1 of the Sherman Act by engaging in a conspiracy that involved the exchange of information about their operations in an effort to suppress turkey production and increase turkey prices. The class plaintiffs' motions for class certification and related *Daubert* motions are pending, and a two-day evidentiary hearing on class certification is scheduled for October 9 and 10, 2024. Aramark Food and Support Services Group, Inc. ("Aramark") is a member of the putative class of direct purchasers. Rather than wait for a class certification decision, on July 21, 2023, Aramark filed an individual action alleging Defendants violated Section 1 of the Sherman Act. Defendants in the Aramark case now move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Aramark's amended complaint as untimely under the applicable statute of limitations. For the reasons that follow, Defendants' motion to dismiss [860] is denied.

### I. Discussion

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A complaint is subject to dismissal on statute of limitations grounds "only when a plaintiff's allegations clearly establish that the claims are untimely." *Cielak v. Nicolet Union High School Dist.*, --- F.4th ----, 2024 WL 3755362, at *3 (7th Cir. 2024).

Defendants argue Aramark's antitrust claims are barred by the statute of limitations. Federal antitrust claims are "forever barred unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b. "An antitrust cause of action accrues and the statute of limitations begins to run when a defendant commits an act that injures a plaintiff's business." *Vasquez v. Indiana University Health, Inc.*, 40 F.4th 582, 588 (7th Cir. 2022) (internal quotes and citation omitted). In antitrust cases, the discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." *Id.* (internal quotes and citation omitted).

Here, Aramark alleges that its date of discovery was February 7, 2018. Aramark Am. Compl., Case No. 23 C 4404, Doc. 7, ¶¶ 509-11. Specifically, Aramark alleges that an amended complaint filed on February 7, 2018 by a then-putative End User Consumer in another antitrust litigation pending in this District, *In re Broiler Chicken Antitrust Litigation* (Case No. 16 C 8637), "collectively disclosed the likelihood that the turkey industry was using Agri Stats to share confidential industry information that could facilitate an anticompetitive conspiracy." *Id.* Assuming for purposes of their motion to dismiss that this allegation is correct, Defendants argue that Aramark had until February 7, 2022 to assert its claims within the four-year limitations period. Because Aramark filed its initial complaint on July 21, 2023, Defendants contend that the limitations period had already expired, and Aramark's claims are time-barred.

In response, Aramark argues that its complaint was timely filed as a member of the class of direct purchasers pursuant to the tolling rule stated in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and its progeny. "In *American Pipe*, the Supreme Court held that the timely filing of a class action tolls the applicable statutes of limitations for all persons within the scope of the class alleged in the complaint." *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020). The tolling of claims begins at "the commencement of a class action" and "suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe*, 414 U.S. at 554; *see also Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 843 (7th Cir. 2017) ("the filing of a proposed class action immediately pauses the running of the statute of limitations for all class members.") "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983).[1] According to Aramark, the statute of limitations for its Sherman Act claims was tolled by the filing of the class action on December 19, 2019. Defendants counter that *American Pipe* does not apply when a plaintiff elects to file an individual claim *before* a class certification decision. In other words, in order to benefit from the tolling rule in *American Pipe*, Aramark would now have to wait until this Court grants or denies class certification.

The Seventh Circuit has not decided this question of whether *American Pipe* tolling is available to a plaintiff who files a separate action pending a decision on class certification. However, four of the six federal circuit courts that have specifically addressed this issue hold that

---

[1] *American Pipe* involved putative class members who sought to intervene after class certification was denied. The Supreme Court later extended its tolling ruling to class members who opt out after a class certification motion is granted in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n.13 (1974), and to class members seeking not to intervene, but rather to bring separate suits after denial of class certification in *Crown, Cork & Seal Co.*, 462 U.S. at 350-52.

*American Pipe* tolling applies when an individual member of a putative class files an independent action before the district court's class certification decision but after a non-tolled statute of limitations would have run. *See Aly v. Valeant Pharms. Int'l Inc.*, 1 F.4th 168, 175 (3d Cir. 2021) ("*American Pipe* makes clear that the filing of a class action is the operative event that tolls the limitations period, and that once the period is tolled, it remains tolled for all putative members until they are no longer part of the class."); *State Farm Mut. Auto. Ins. Co. v. Boellestorff*, 540 F.3d 1223, 1235 (10th Cir. 2008) (class members may "bring an individual suit during the pendency of a district court's consideration of class certification in a class action raising the same issues and thereby take advantage of the tolling effect that, under *American Pipe*, the class action has on the statute of limitations."); *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1007-09 (9th Cir. 2008) ("although the *American Pipe* doctrine protects plaintiffs from being forced to file suit before the certification decision, that doesn't mean that plaintiffs who file before certification are not entitled to tolling. They have a right to file at the time of their choosing and denying tolling would diminish that right."); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 256 (2d Cir. 2007) (holding "because Appellants were members of a class asserted in a class action complaint, their limitations period was tolled under the doctrine of *American Pipe* until such time as they ceased to be members of the asserted class, notwithstanding that they also filed individual actions prior to the class certification decision.").

On the other hand, the First and Sixth Circuits, the first appellate courts to address the issue, have indicated that a putative class member must wait for a certification decision in order to benefit from *American Pipe* tolling. *See Wyser-Pratte Mgmt. Co. v. Texlon Corp.*, 413 F.3d 553 (6th Cir. 2005); *Glater v. Eli Lilly Co.*, 712 F.2d 735 (1st Cir. 1983). More recently, however, the Sixth Circuit has acknowledged that its holding represents the "minority rule" and expressed that it "may

4

have doubts about its holding." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 789 (6th Cir. 2016).[2] Further, the position expressed by the First Circuit in *Glater* was dicta as its holding was limited to the personal jurisdiction issue before that court. *Ally*, 1 F.4th at 175 n.44.

Having reviewed the cases, the Court agrees with the rationale of the majority of circuit courts that have considered the issue. The majority view persuasively reasons that applying *American Pipe* tolling to plaintiffs who file individual suits before a certification decision is consistent with the purpose of statutes of limitations, which is to put the defendants on notice of the claims against them. *Aly*, 11 F.4th at 176; *State Farm*, 540 F.3d at 1233; *In re Hanford*, 534 F.3d at 1009; *In re WorldCom Sec. Litig.*, 496 F.3d at 255. The Supreme Court held in *American Pipe* that the filing of a timely class action provides defendants with notice of the claim. *American Pipe*, 414 U.S. at 554-55. Thus, as the Second Circuit reasoned, "[a] defendant is no less on notice when putative class members file individual suits before certification." *In re WorldCom*, 496 F.3d at 255. Here, the direct purchaser class action clearly put Defendants on notice of Aramark's antitrust claims.

Moreover, the Third Circuit compellingly highlights how the minority approach generates counterintuitive results: "individual claims filed well before certification could be dismissed as untimely, while other claims filed at a much later date would be allowed to proceed. Class members who were contemplating opting out and filing their own lawsuits would be penalized for giving the defendants and the Court earlier notice." *Aly*, 1 F.4th at 178 (internal quotes and citation omitted); *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at

---

[2] *Wyser-Pratte* "also relied somewhat heavily on the district court's reasoning in *In re WorldCom*, which the Second Circuit later reversed." *Aly*, 1 F.4th at 175 n. 47; *Wyser-Pratte*, 413 F.3d at 569 (citing *In re Worldcom, Inc. Sec. Litig.*, 294 F. Supp. 2d 431, 452 (S.D.N.Y. 2003), *rev'd*, 496 F.3d 245 (2d Cir. 2007)).

*30 (N.D. Ill. June 29, 2015) ("it would run contrary to any known principle governing statutes of limitations 'to say that [a successive plaintiff] must wait until the dispute is more stale before he can file his individual case.'") (quoting *Lehman v. United Parcel Serv., Inc.*, 443 F.Supp.2d 1146, 1151 (W.D. Miss. 2006) ("[I]t would be ironic to say that [Plaintiff] has filed his case too soon and, therefore, it must be dismissed because the statute of limitation is violated.")).

Adopting the majority approach, the Third and Tenth Circuits also credibly explain how the application of the tolling doctrine to individual actions filed prior to a certification decision would not undermine the efficiency and economy of litigation goals of class action litigation. *Aly*, 1 F.4th at 178 n.64; *State Farm*, 540 F.3d at 1233-24. The goal of *American Pipe* tolling is to preserve "litigative efficiency and economy" by preventing each potential class member from being induced to file individual suits or motions to intervene for fear that reliance on only a separate putative class action may result in their claims being barred. *American Pipe*, 414 U.S. at 553-4; *Crown, Cork*, 462 U.S. at 351. Equitably tolling pre-certification individual claims like Aramark's would likely not encourage putative class members to file more duplicative individual suits. In cases where a class member decides "his or her claims are substantially more valuable than those of the class, he or she is likely to pursue an individual complaint no matter what." *Aly*, 1 F.4th at 177 n. 64. The Third Circuit considered the effect of an extension of *American Pipe* to pre-certification individual claims on the courts' case-load and explained: "Members who file individual claims before certification are likely the same members who—if forced to wait until after certification—would have opted out regardless." *Id*. As the *Ally* court concluded, extension of *American Pipe* would "not prompt an influx of additional suits so much as it will simply avoid an unnecessarily delayed filing of opt-out claims." *Id*. In Aramark's case, denial of tolling at this

point would not defeat a separate action by Aramark since the statute of limitations has been tolled during the pendency of the class action; instead, it would merely delay its individual action.

Indeed, prohibiting *American Pipe* tolling after the initial limitations period expired but before a class certification decision has the "potential to backfire" and impair efficiency and economy in litigation. *State Farm*, 540 F.3d at 1234. That is because such a "rule would compel individual class members to make a choice as the limitations period for their individual claim approaches: file an individual action now or sit tight for a class certification decision, no matter how long it might take." *Id.* It follows that "[l]itigants in this bind might file placeholders suits rather than risk placing their individual actions on ice during a potentially prolonger class certification process." *Id.* Thus, the Court concludes that the rationales underlying *American Pipe*, including avoiding multiplicity of suits, does not favor ending tolling before the class certification ruling.

*China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018), cited by Defendants, does not control because the specific issue presented here was not before the Supreme Court. "The question presented in [that] case [was]: Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?" *Id.* at 735-36. The Supreme Court answered "no," holding "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *Id.* at 736. The Supreme Court's decision was focused on preventing the possibility of "effectively stacking class actions in the hope that a court somewhere can be convinced to certify a class in another case, filed perhaps many years after the statute of limitations has expired." *In re Allstate*, 966 F.3d at 615.[3] This action

---

[3] In *In re Allstate*, the Seventh Circuit held that *China Agritech's* rule does not extend to "prohibit any addition or substitution of a new class representative within the original class action after the statute of

is clearly distinguishable from *China Agritech* because *China Agritech* involved successive class actions filed after repeated denials of class certification in prior cases. Here, by contrast, Aramark did not file a successive class action, no class certification decision has yet occurred, and the class action remains pending. *China Agritech* has no effect on the suits of individual class members like Aramark's.[4]

In the end, Defendants have not explained why it makes sense to bar a plaintiff in Aramark's position from suing Defendants after the initial limitations period expired but before a class certification decision. Under Defendants' assumption that tolling does not apply, Aramark's claim could proceed if it had filed its individual case within the four-year limitations period, even though class certification is pending. But the statute of limitations does not cease to be tolled when the original statute of limitations would run; under *American Pipe*, it ceases to run until the court determines class certification. Moreover, Defendants' proposed reading of *American Pipe* would penalize putative class members for reasonably relying for a time on the class representative to pursue the case. But "[t]he whole point of *American Pipe* tolling is that such parties are entitled to watch and wait while the initial class representative pursues the case" *In re Allstate*, 966 F.3d at 616. The Court finds no good reason to distinguish among situations in which the putative class

---

limitations would have run, but for *American Pipe* tolling." *In re Allstate*, 966 F. 3d at 615. Such a prohibition "would . . . undermine the benefits of *American Pipe* by encouraging as many individual members of the putative class to join as parties as quickly as possible." *Id.*

[4] Defendants also rely on *In re Cooper Antitrust Litigation*, 436 F.3d 783 (7th Cir. 2006). The Seventh Circuit "held in *Cooper Antitrust* that a class action filed in state court, under state antitrust law, did not toll the time to file suit in federal court under federal antitrust law." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 562 (7th Cir. 2011). That issue is not present in this case as the putative class action here was filed under federal law, the statute of limitations comes from federal law, and federal law determines the tolling effect of the proposed direct purchaser class action. Moreover, *Cal. Pub. Empls.' Re. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497 (2017), cited by Defendants, has no relevance to Aramark's case as statutes of repose are not at issue here. *Id.* at 499 (holding "that statutes of repose are not subject to equitable tolling.").

member elects to pursue individual relief before a class certification decision from those who make the same choice later.

Further, there is no practical purpose in dismissing Aramark's individual action because if class certification is denied, it will receive the benefit of *American Pipe* tolling and be able to refile individual claims, and if it is granted, Aramark could opt-out under Rule 23(c)(2)(B) and refile individual claims. During this period after the initial limitation period expires and before a certification decision, Defendants' approach effectively "locks" putative members into the class until after certification to take advantage of *American Pipe*, even if they plan to proceed individually. *Aly*, 1 F.4th at 176-77. "Such a requirement is potentially costly, and certainly inefficient." *Id.* at 176; *State Farm*, 540 F.3d at 1233 ("Forcing such plaintiffs to wait out a class certification decision makes even less sense when we consider the costs of delay (for example, the possibility that the evidence will grow stale and added time the plaintiff must go without recovery).").

## II. Conclusion

In sum, Aramark is a putative class member in the timely-filed class action brought by direct purchaser plaintiffs. As explained above, the Court concludes that the *American Pipe* tolling rule applies in this case. Thus, as a putative class member, Aramark can bring its individual claims with the benefit of tolling at any point prior to the class certification decision. At the motion to dismiss stage, Aramark has shown that it asserted its antitrust claims in a timely fashion through the direct purchaser plaintiffs' filing of the initial complaint in December 2019. Accordingly, Defendants' motion to dismiss [860] Aramark's antitrust claims on timeliness grounds is denied. Defendants are ordered to file an answer to the amended complaint by September 6, 2024.

**SO ORDERED.**

Dated:  August 16, 2024

_____
Sunil R. Harjani
United States District Judge