## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE TURKEY ANTITRUST LITIGATION** | |
| This Document Relates To: | Case No. 1:19-cv-08318 |
| *Carina Ventures LLC v. Agri Stats, Inc. et al.*, Case No. 1:23-cv-16948 | Honorable Sunil R. Harjani Honorable Keri L. Holleb Hotaling |
| *Amory Investments LLC v. Agri Stats Inc. et al.*, Case No. 21-cv-06600 | |

## CARINA VENTURES LLC AND AMORY INVESTMENTS LLC'S OPPOSED MOTION TO AMEND THE PRELIMINARY LIST OF EXCLUSION REQUESTS FROM THE SETTLEMENT WITH CARGILL DEFENDANTS

Christopher C. Goodnow (*pro hac vice*)
Jonathan I. Liebman (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
cgoodnow@kellogghansen.com
jliebman@kellogghansen.com

***Counsel for Carina Ventures LLC and
   Amory Investments LLC***

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 3

ARGUMENT ........................................................................................................................ 8

I.   Carina and Amory Provided Reasonable Notice of Their Intent to be
     Excluded from the Cargill Settlement Well Before the Opt-Out Deadline ....................... 8

II.  Any Delay Was the Result of Excusable Neglect and Is No Basis to Bind
     Carina and Amory to a Settlement They Repeatedly Rejected ........................................ 11

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Brand Name Prescription Drugs, In re*, 171 F.R.D. 213 (N.D. Ill. 1997) ..................... 2, 9, 11, 13

*Four Seasons Sec. Laws Litig., In re*, 493 F.2d 1288 (10th Cir. 1974) ................................... 9, 12

*Ins. Brokerage Antitrust Litig., In re*, 2009 WL 2255513 (D.N.J. July 24, 2009) ....................... 13

*Lemon v. Int'l Union of Operating Eng'rs, Loc. No. 139*,
  216 F.3d 577 (7th Cir. 2000) ........................................................................................ 8

*Linerboard Antitrust Litig., In re*, 223 F.R.D. 357 (E.D. Pa. 2004) ............................................. 9

*Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*,
  120 F.R.D. 51 (N.D. Ill. 1988) .......................................................................... 11, 13

*McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D. Cal. 1976) ................. 10

*Morris v. Affinity Health Plan, Inc.*, 928 F. Supp. 2d 805 (S.D.N.Y. 2013) ......................... 10, 12

*Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig., In re*,
  990 F.3d 1048 (7th Cir. 2021) ...................................................................................... 13

*Paine Webber Short Term U.S. Gov't Income Fund Sec. Litig., In re*,
  1995 WL 512703 (S.D.N.Y. Aug. 29, 1995) ............................................................ 10, 12

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ....................... 11

*Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849 (7th Cir. 1997) ................................................... 8

*Plummer v. Chem. Bank*, 668 F.2d 654 (2d Cir. 1982) ................................................................. 9

*Processed Egg Prods. Antitrust Litig., In re*, 130 F. Supp. 3d 945 (E.D. Pa. 2015) .......... 9, 12, 13

*UAL Corp., In re*, 411 F.3d 818 (7th Cir. 2005) ........................................................................ 12

*Vitamins Antitrust Class Actions, In re*, 327 F.3d 1207 (D.C. Cir. 2003) .................................. 13

**Other Authorities**

3 *Newberg and Rubenstein on Class Actions* § 9:46 (6th ed.) .................................................. 2, 8

7A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1787
  (3d ed. 2025 update) ................................................................................................... 8

## INTRODUCTION

Plaintiffs Carina Ventures LLC and Amory Investments LLC respectfully request that the Court amend the "Preliminary List of Exclusion Requests from the Settlement with Defendants Cargill, Inc. and Cargill Meat Solutions Corporation," ECF 1252,[1] to include all claims asserted by Carina and Amory, as assignees of Sysco Corporation and Maines Paper & Food Service Inc., respectively, who were both direct purchasers of turkey products.

As the Court is aware, "all [that Carina and Amory ha]ve been trying to do is run away from the rest of the *Turkey*" class plaintiffs. Apr. 23, 2025 Tr. at 20:7-8. Carina and Amory filed direct actions years ago; Carina opposed transfer to this District and consolidation with this case because it sought to "pursue its rights apart from the Illinois direct purchaser plaintiffs," *Carina*, ECF 103 at 8; and two months ago, Carina and Amory strenuously objected to the Cargill settlement when they opposed Direct Purchaser Plaintiffs' ("DPPs") motion for a set-aside order, ECF 1196 at 5, 9, 15 n.8. Nonetheless, the settlement administrator refused to include Carina and Amory's claims in the exclusion list because undersigned counsel emailed the administrator to confirm their exclusion on April 22, one day after the April 21 deadline for "[c]lass [m]embers" to opt out. ECF 1128 ¶ 15. The administrator enforced this deadline even though it did not consider Carina and Amory to be "class members," and even though it had known for weeks that Carina and Amory objected to the Cargill settlement. Lest there be any doubt, the administrator's website prominently displays the joint brief filed by Carina and Amory

---

[1] ECF citations refer to the docket in this case. Citations to "*Carina*" docket entries refer to the docket in Carina's standalone case prior to consolidation. *See Carina Ventures LLC v. Agri Stats, Inc.*, No. 1:23-cv-16948 (N.D. Ill.). Citations to "*Amory*" docket entries refer to the docket in Amory's standalone case prior to consolidation. *See Amory Investments LLC v. Agri Stats, Inc.*, No. 1:21-cv-06600 (N.D. Ill.). Citations to "*Pork*" docket entries refer to *In re Pork Antitrust Litigation*, No. 0:18-cv-01776 (D. Minn.). Citations to "Ex." refer to exhibits attached to the Declaration of Christopher C. Goodnow in support of this motion.

opposing the DPPs' set-aside motion. As Carina and Amory explained in that brief, they "opted out of the DPP class precisely because class lawyers make self-interested litigation choices that reduce the value of direct-action claims," and intended to "secure a better settlement or judgment" from Cargill than what DPPs negotiated. ECF 1196 at 9, 15 n.8.

The Court should amend the preliminary list of exclusion requests to include Carina's and Amory's claims. Courts grant such requests where parties provided "reasonable indication" of their intent to exclude themselves from a class settlement before the opt-out deadline. 3 *Newberg and Rubenstein on Class Actions* § 9:46 & nn.12, 16 (6th ed.) (collecting cases). Separately, courts excuse untimely opt out requests for "excusable neglect." *In re Brand Name Prescription Drugs*, 171 F.R.D. 213, 216 (N.D. Ill. 1997). There is no doubt that Carina and Amory unequivocally and repeatedly stated their intent to opt out of the Cargill settlement long before April 21. DPPs and Cargill acknowledge as much – their settlement agreement expressly *excludes* Carina and Amory. *See* ECF 1100-1 ¶¶ 3(a) & n.2 (Carina and Amory are "Direct Action Plaintiffs" not subject to a litigation standstill), 3(b) (distinguishing the DPPs' claims against Cargill from those "asserted by Direct Action Plaintiffs"), 11 (excluding Carina's and Amory's turkey purchases from the purchase volume used to calculate the final settlement amount). Further, Sysco and Maines – which are class members – never received class notice, which was sent (for Sysco) to a former in-house lawyer at a defunct email address and (for Maines) to an address in New York that never had any affiliation with the company even before it went bankrupt. Because Sysco and Maines had assigned their claims, no lawyer for either company is on the docket in this case. For Carina and Amory's part, they are not class members and as such neither received notice from the settlement administrator. And again, all parties and the Court were fully aware of Carina and Amory's views on class participation and the

2

settlement. Thus, at most, Carina's and Amory's opt-out notification is one day late due to excusable neglect.

The DPPs do not oppose the requested relief, but Cargill does, in a cynical ploy to secure a windfall.[2] Cargill negotiated its settlement with the understanding that Carina and Amory would continue litigating their claims, but hopes to cash in now on a paperwork error. Cargill suffers no prejudice if the parties continue to litigate as its own settlement agreement anticipated. Amending the exclusion list also would have no impact on this litigation, as the deadline for DPPs to seek final approval of the Cargill settlement is roughly a month away. *See* ECF 1128 ¶ 15. The current exclusion list is "preliminary" precisely because it is "subject to modification," including by this Court. ECF 1252. Declining to add Carina's and Amory's claims, by contrast, would cause them irreparable harm. Even as this motion is pending, Cargill is obstructing fact discovery and refusing to respond to Carina's discovery requests on what is already an extremely tight discovery schedule.

All parties have understood for months that Carina and Amory are litigating separately from the DPPs. The Court likewise should acknowledge (as it has before) that Carina and Amory's claims are not and have not been litigated by the DPPs, and should amend the exclusion list to include Carina's and Amory's claims against Cargill.

## BACKGROUND

As this Court recently recognized: "[A]ll [that Carina and Amory ha]ve been trying to do is run away from the rest of the *Turkey*" class plaintiffs. Apr. 23, 2025 Tr. at 20:7-8. In brief:

---

[2] Counsel for Cargill informed Carina and Amory that "Cargill intends to oppose any motion that Carina or Amory may bring regarding exclusion from the settlement class," as well as "any claim that notice was inadequate." *See* Ex. A at 1. Counsel for DPPs stated that "DPPs do not take a position regarding" this motion, "except as necessary to defend the adequacy of the notice provided." *Id.* at 2.

- Amory filed its direct action in December 2021.  *See Amory*, ECF 1.

- Sysco opted out of the settlement class when DPPs settled with Tyson in February 2022.  *See Turkey*, ECF 406, Ex. A.

- In 2023, as Sysco's assignee, Carina filed its direct action and opposed transfer to this District because it sought to "pursue its rights apart from the Illinois direct purchaser plaintiffs."  *Carina*, ECF 103 at 8.

- Carina opposed consolidation with *Turkey* because it desired to "pursue its claim with counsel and strategy of its choosing" and avoid being "bound by discovery decisions that the *Turkey* plaintiffs made without its participation."  *Carina*, ECF 191 at 1, 8-9.

- The Court recognized these concerns and held that "Carina [would] be given its opportunity to conduct [fact] discovery and will not be forced into other Plaintiffs' discovery decisions."  *Carina*, ECF 205.

- The Court entered a case schedule to accommodate "discovery by the opt-outs," ECF 1148, which remains ongoing, *see* ECF 1246 at 1-2 (Carina is "working hard to complete fact discovery").

- The Court also has observed that Carina and Amory "must submit their own expert reports, file summary judgment motions if they wish, and prepare for trial."  *Id.* at 1-2; *see also id.* at 1 ("DAPs must now put their own substantial work into this case going forward"); Apr. 23, 2025 Tr. at 20:8-10 (Carina and Amory are "doing [their] own discovery" and are "not relying upon any of [DPPs'] experts").

The record is clear:  Carina and Amory repeatedly have explained they will litigate separately from the DPPs rather than be bound their litigation decisions, including on settlement.

4

Carina and Amory also objected to the Cargill settlement, specifically. In their opposition filed two months ago to DPPs' set-aside motion, Carina and Amory explained they "opted out of the DPP class precisely because class lawyers make self-interested litigation choices that reduce the value of direct-action claims." ECF 1196 at 9. They cited DPPs' settlement with Cargill as proof that class counsel "remained ineffective" in *Turkey*. *Id.* at 5 (noting that "DPPs settled with Cargill – a Defendant that represents roughly a third of class purchases – for only 0.66% of class purchase volume"). Carina and Amory emphasized they would "secure a better settlement or judgment" from Cargill than what DPPs negotiated. *Id.* at 15 n.8. Last month, the Court denied DPPs' motion for a 10% set aside from Carina's and Amory's recoveries in this case, recognizing that the DPPs have "litigated their *own* case for their *own* interests" and "not on behalf of any of the DAP[s]." ECF 1246 at 2.

Every party knows that Carina and Amory are not participating in DPP settlements. DPPs demanded "10% of the monetary value of any settlement or judgment obtained by" Carina and Amory because they recognize that Carina and Amory have set out on their own. ECF 1138 at 2. As DPPs explained in their set-aside reply: "DAPs . . . are by definition not DPPs given they have opted out of the DPP class." ECF 1214 at 14. The settlement administrator also understands that Carina and Amory are excluded from DPP settlements: it posted Carina and Amory's set-aside opposition to its website.[3] Finally, Defendants repeatedly have acknowledged that Carina and Amory are litigating against them apart from the DPP class. In their own set-aside opposition, Defendants described how Carina and Amory "opted to pursue their own claims prior to the Court having granted class certification." ECF 1193 at 2. In its settlement agreement with DPPs, Cargill identified Carina and Amory as "Direct Action Plaintiffs"

---

[3] https://turkeylitigation.com/docs/Carina%20DAPs%20Opposition%20to%20DPP%20Set-Aside%20Order.pdf.

exempted from the litigation standstill. ECF 1100-1 ¶¶ 3(a) & n.2, 3(b). The settlement also *excludes* Carina's and Amory's purchases from the purchase volume used to calculate the final settlement amount. *See id.* ¶ 11. And in the preliminary settlement-approval hearing, counsel for Cargill stated that the "settlement by its terms is limited to the DPPs." Jan. 30, 2025 Tr. at 6:11. Carina and Amory are thus *excluded from* the settlement.

The settlement administrator did not provide Carina and Amory any notice of DPPs' settlements or the deadlines and process to opt out. *See* ECF 1101 ¶¶ 6-7 (administrator must send a "Claim Form . . . personalized to include each Settlement Class member's annual purchase information with respect to each Defendant based on the Defendants' records"); ECF 1128 at ¶¶ 13-14 ("The Settlement Administrator shall cause Settlement Class Notice to be mailed by first class mail, postage prepaid, to all members of the Settlement Class whose names and addresses can be derived from information provided by the Defendants in this Action"). Instead, as Carina and Amory learned on April 30, the administrator claims to have sent notices to Scott Gant of Boies Schiller Flexner LLP – supposedly as counsel to Amory and Sysco (not Carina) – and to a Sysco in-house lawyer named Barrett Flynn. *See* Ex. A at 1.[4] But Mr. Gant never has represented Amory in this case and has not represented Sysco for years. *See Pork*, ECF 1882 ¶ 1. Mr. Gant also has informed Carina and Amory that he never received notices from the settlement administrator regarding the Cargill settlement, the more recent DPP settlements, or opting out of the DPP class. Mr. Flynn, meanwhile, left Sysco approximately two years ago. No one presently employed at Sysco has found any notices from the settlement

---

[4] The administrator also claims to have sent notice to an address in Schenectady, New York that has no relationship with Carina, Sysco, Amory, or Maines. *See* Ex. A at 1. Maines formerly operated a facility two hours away from Schenectady at a similar street address in Conklin, New York, but it filed for bankruptcy and ceased operations in Conklin (and everywhere else) nearly five years ago.

administrator.  Consequently, for at least two years, no one from Carina, Amory, Sysco, or Maines ever has received any DPP settlement notices.

The Court preliminarily approved the Cargill settlement on January 30, 2025, ordering the settlement administrator to send the required notice promptly thereafter.  *See* ECF 1128 ¶ 15. The notice is directed at a "Settlement Class" of "[a]ll persons and entities who directly purchased Turkey from any Defendant or any alleged co-conspirator in the United States at any time from, January 1, 2010, through January 1, 2017."  ECF 1128-1 at 5; *see also* ECF 1128 ¶ 3 (similar).  The Court set April 21, 2025, as the "[l]ast day for Settlement Class Members to . . . request exclusion from" the Cargill settlement.  ECF 1128 ¶ 15.  According to DPPs, the settlement administrator determined that Carina and Amory were not class members entitled to individual notice because they were not direct purchasers of turkey.  *See* Ex. A at 2 ("As Carina and Amory were not direct purchasers of Turkey during the class period, notice was directed to the direct purchasers of Turkey upon whom Carina and Amory's claims are based."); ECF 1214 at 14 ("DAPs . . . are by definition not DPPs given they have opted out of the DPP class").

Nonetheless, counsel contacted the settlement administrator to explain that Carina and Amory were excluded from Cargill's settlement with DPPs.  Carina and Amory recounted that they previously and publicly had objected to all DPP settlements, including the settlement with Cargill, and noted that the Cargill settlement excluded them by its own terms.  *See* Ex. A at 6. Counsel for Carina and Amory sent that notice on April 22, one day after the April 21 deadline for "class members."  The administrator declined to respond until April 28, after DPPs filed the preliminary list of exclusion requests.  *Id.* at 5.  The administrator deemed Carina and Amory's request "untimely" and instructed them to seek relief from the Court.  *Id.*

DPPs' motion for final approval of the Cargill settlement is due June 4, 2025. ECF 1128 ¶ 15. The current list of exclusion requests is "preliminary" and "subject to modification prior to the filing of the Motion for Final Approval on June 4, 2025." ECF 1252. Meanwhile, Cargill is refusing to engage in any discovery in Carina's case. *See* Ex. B.

## ARGUMENT

The Court should amend the preliminary exclusion list to identify Carina and Amory as opt outs from the Cargill settlement. All parties knew long before April 21 that Carina and Amory wanted nothing to do with the Cargill settlement. At most, Carina and Amory inadvertently delayed one day in reiterating their intent not to join the Cargill settlement. That delay has not prejudiced Cargill or anyone else. Quite the contrary: Cargill's gamesmanship now threatens substantial prejudice to Carina. Cargill is refusing to participate in Court-ordered discovery based on the contrived fiction that Carina has settled. The Court promptly should grant the requested relief.

**I.     Carina and Amory Provided Reasonable Notice of Their Intent to be Excluded from the Cargill Settlement Well Before the Opt-Out Deadline**

A plaintiff has a constitutional right to opt out of a class action. *See, e.g.*, *Lemon v. Int'l Union of Operating Eng'rs, Loc. No. 139*, 216 F.3d 577, 580 (7th Cir. 2000). That due process right extends to assignees. *See Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 864 (7th Cir. 1997) ("the assignee . . . assumes the same rights, title and interest possessed by the assignor"). To be excluded from a class, "[t]he test adopted in most circuits requires that the class members have expressed a reasonable indication of a desire to opt out." 3 *Newberg and Rubenstein on Class Actions* § 9:46 & n.12 (6th ed.) (citations omitted; collecting cases); *accord, e.g.*, 7A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1787 (3d ed. 2025 update) ("considerable flexibility is desirable in determining what constitutes an effective expression of a

class member's desire to be excluded and any written evidence of that desire should suffice").[5] Carina and Amory have given much more than a "reasonable indication" of their exclusion from the Cargill settlement. They have been steadfast in filings over months (and years) that they desire no part of any settlement between DPPs and any Defendant, including Cargill.

*First*, Carina and Amory stated their intent to opt out of the (then-putative) DPP class years ago when they filed and maintained independent actions against Cargill and the other Defendants. *See Amory*, ECF 1; *Carina*, ECF 1; *Brand Name Prescription Drugs*, 171 F.R.D. at 216 (the "clearest evidence of a [plaintiff's] desire to pursue its own litigation against the defendants is the filing of its case against the same . . . defendants"). DPPs and Cargill repeatedly have recognized that Carina and Amory are litigating separately from the class. *See* ECF 796 at 2 (Defendants: "Amory opted out of the purported DPP class in the Turkey Litigation" and instead "filed the Complaint initiating this lawsuit"); ECF 1214 at 14 (DPPs: "DAPs . . . are by definition not DPPs given they have opted out of the DPP class"). Indeed, the Cargill settlement *excludes* Carina and Amory. *See supra* p. 7; Jan. 30, 2025 Tr. at 6:11 ("This settlement by its terms is limited to the DPPs. . . ."). The Court likewise has recognized that Carina and Amory are "opt-outs." ECF 1148. There is no confusion among the parties or Court that Carina and Amory rejected the Cargill settlement long before April 21.

*Second*, in March, Carina and Amory objected to the Cargill settlement in their opposition to DPPs' set-aside motion. *Supra* at 4-5; *see also Four Seasons*, 493 F.2d at 1291

---

[5] *See also*, *e.g.*, *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir. 1974) ("A reasonable indication of a desire to opt out ought to be sufficient."); *Plummer v. Chem. Bank*, 668 F.2d 654, 657 n.2 (2d Cir. 1982) ("Any reasonable indication of a desire to get out should suffice."); *In re Processed Egg Prods. Antitrust Litig.*, 130 F. Supp. 3d 945, 954 (E.D. Pa. 2015) ("The law requires a 'reasonable indication' of a party's intent to opt-out for an opt-out to be proper. In determining whether a party has given a reasonable indication of its intent to opt out, courts use considerable flexibility."); *In re Linerboard Antitrust Litig.*, 223 F.R.D. 357, 366 (E.D. Pa. 2004) (similar).

9

(permitting opt out where plaintiff made various "inquiries and expressions of its wish" to opt out of settlement); *Morris v. Affinity Health Plan, Inc.*, 928 F. Supp. 2d 805, 809 (S.D.N.Y. 2013) (permitting opt out where plaintiff "filed her objections with the Court," meaning defendant could "claim neither bad faith nor surprise at [plaintiff's] request to opt out"); *In re Paine Webber Short Term U.S. Gov't Income Fund Sec. Litig.*, 1995 WL 512703, at *3 (S.D.N.Y. Aug. 29, 1995) (plaintiff informed defendant of its intent to "opt out and thereafter file suit"). Here, Carina and Amory told the Court and the parties they would pursue their own settlement or judgment from Cargill. ECF 1196 at 15 & n.8. Carina's and Amory's public rejection of the Cargill settlement and vow to do better provided more than "reasonable indication" they were not signing on to the DPP deal.

*Third*, Carina is "working hard to complete fact discovery," and Carina and Amory "must submit their own expert reports, file summary judgment motions if they wish, and prepare for trial." ECF 1246 at 1-2. A party that actively litigates its own case manifests its intent not to participate in a class settlement. *See McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 71 (N.D. Cal. 1976) (because plaintiffs "instituted suit against [defendant] during the exclusion period," "no reasonable person could view their conduct as expressing a desire to participate in the proposed settlement"). Carina and Amory are not spending millions of dollars on lawyers and experts only to accept a settlement that would have cost nothing to obtain.

*Fourth*, for months (even years) Defendants have possessed all relevant information regarding Carina's and Amory's assigned claims. The notice to the Settlement Class states that a class member wishing to exclude assigned claims must specify "the assignor's name; whether the assignor fully or partially assigned their Turkey claims; the annual value of Turkey purchases assigned," and "a copy of the executed assignment agreement." ECF 1128-1 at 7. Carina and

10

Amory have provided through jurisdictional discovery ample information about their assignments. *See Carina*, ECF 796 at 2-3; ECF 800; ECF 1125. And Cargill already knows "the annual value of Turkey purchases assigned," because it has long understood that Carina and Amory are pursuing Sysco's and Maine's assigned claims. Cargill does not need more notice from Carina and Amory.

Carina and Amory do not want to recover from the Cargill-DPP settlement and have made that clear for months. If their efforts to secure a better result fail, they know the 0.66% class settlement is no backstop. Every party understands that Carina and Amory want to be free of this settlement. The Court likewise should recognize the obvious and amend the preliminary exclusion list to identify all of Carina's and Amory's assigned claims.

## II. Any Delay Was the Result of Excusable Neglect and Is No Basis to Bind Carina and Amory to a Settlement They Repeatedly Rejected

Separately, courts routinely permit parties to opt out of class-action settlements after the deadline for reasons of "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Brand Name Prescription Drugs*, 171 F.R.D. at 216 (opt-out plaintiff was "entitled to an enlargement of time under Rule 6(b)," which applies an "excusable neglect" standard); *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 120 F.R.D. 51, 53 (N.D. Ill. 1988) ("movants have demonstrated excusable neglect in failing to comply with the deadline for filing their exclusion forms"). Courts allow late opt outs after considering four factors: (1) "the danger of prejudice" to other parties; (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 394-95. Each of these factors supports exclusion here.

*First*, Carina and Amory's exclusion from the settlement does not prejudice Cargill. Cargill knows that Carina and Amory never intended to join the DPPs' settlement. *Supra* at 3-6. That is why Cargill excluded Carina and Amory from the settlement and reserved the right to continue litigating against them. *Supra* at 5-6. Cargill is not prejudiced because it cannot enjoy a windfall. *See Processed Egg Prods.*, 130 F. Supp. 3d at 954 ("In the context of excusable neglect, when the claimed prejudice is, in reality, the loss of a windfall rather than an affirmative injury to the non-movant, there is no real prejudice to the non-movant."). By contrast, it would work substantial and irreparable prejudice to Carina and Amory to bind them to a settlement they never wanted and repeatedly disclaimed. *See In re UAL Corp.*, 411 F.3d 818, 823-24 (7th Cir. 2005) ("When an innocent mistake can be rectified without harm to anyone (loss of a windfall is not the kind of harm that a court should endeavor to avert), it should be."); *Morris*, 928 F. Supp. 2d at 809 ("Forcing Plaintiff Morris to accept a settlement she has clearly opposed from its inception would be wholly inequitable. . . .").

*Second*, a one-day delay cannot impact this Court's proceedings. *See Paine Webber*, 1995 WL 512703, at *3 (permitting opt-out request received one day late); *Four Seasons*, 493 F.2d at 1290 (plaintiff requested "form for exclusion from the class" one day after deadline). Carina and Amory notified the settlement administrator of their exclusion one day after the opt-out deadline, and now move to confirm their exclusion approximately one month before DPPs' motion for final approval of the settlement is due. *See* ECF 1128 ¶ 15. The current exclusion list is "preliminary" precisely because it is "subject to modification prior to the filing of the Motion for Final Approval on June 4, 2025." ECF 1252. Further, DPPs and Cargill are presently negotiating the final settlement amount, *see* ECF 1100-1 ¶ 11, knowing full well (as they always have) that Carina and Amory do not intend to be bound by their settlement. Courts regularly

permit parties to opt out even months and years after the opt-out deadline. *See, e.g., Brand Name Prescription Drugs*, 171 F.R.D. at 214-15 (1.5 years after deadline); *Mars Steel Corp.*, 120 F.R.D. at 52 (after final judgment); *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (two weeks after final judgment); *In re Ins. Brokerage Antitrust Litig.*, 2009 WL 2255513, at *5 (D.N.J. July 24, 2009) ("months after the . . . deadline to opt out"). Far less time – *one day* – elapsed here. That delay has no impact on this litigation.

*Third*, Carina and Amory have a reasonable explanation for the inadvertent one-day delay: counsel believed that Carina and Amory already had opted out because they filed direct actions years ago and the Cargill settlement expressly excluded them. *See supra* at 6-7; *see Processed Egg Prods.*, 130 F. Supp. 3d at 956 (permitting opt out where "counsel's belief that the Kraft DAPs' direct action was not affected by the settlement was not 'objectively unreasonable'"). Additionally, Carina and Amory – and even their assignors, Sysco and Maines – never received any notice indicating that they separately needed to opt out of the settlement. *Supra* at 6-7; *see Ins. Brokerage*, 2009 WL 2255513, at *5 (excusable neglect where opt-out never received notice). Counsel's failure to send an opt-out notice by April 21 was (at most) an honest mistake, which they immediately rectified on April 22.

*Fourth*, there is no dispute that Carina and Amory have acted in good faith. They unambiguously indicated their exclusion from the Cargill settlement months ago and never sought a strategic advantage from any delay. *See Brand Name Prescription Drugs*, 171 F.R.D. at 216 (finding good faith where there was "no evidence of either an intent to wait until adjudication before deciding whether to opt out"); *Mars Steel Corp.*, 120 F.R.D. at 52 (similar); *cf. In re Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*, 990 F.3d 1048, 1051 (7th Cir. 2021) (rejecting untimely opt out because the plaintiff "was trying to achieve the

benefits of one-way intervention: to take the greater of the class-action settlement or the result" in state court). Carina and Amory should not be bound to a settlement they repeatedly and publicly rejected long before the April 21 deadline for members of the Settlement Class.

## CONCLUSION

For the foregoing reasons, the Court should recognize that Carina and Amory have opted out of the Cargill settlement and order that Carina and Amory be added to the preliminary exclusion list. *See* ECF 1252.[6]

Dated: May 7, 2025

Respectfully submitted,

/s/ Christopher C. Goodnow

Christopher C. Goodnow (*pro hac vice*)
Jonathan I. Liebman (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
cgoodnow@kellogghansen.com
jliebman@kellogghansen.com

**Counsel for Carina Ventures LLC and
Amory Investments LLC**

---

[6] In the alternative, if the Court denies the requested relief, it should consider Carina's and Amory's public filings as an objection to the Cargill settlement. In that event, Carina and Amory respectfully request that the Court permit them to appear and argue at the June 18, 2025 hearing regarding final approval of the settlement. *See* ECF 1128 ¶ 15. If Carina and Amory are opted out of the settlement as discussed above, they would lack standing to object to the class settlement and so would not request to be heard.