IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| *IN RE TURKEY ANTITRUST LITIGATION* | Case No. 19 C 8318<br><br>Judge Sunil R. Harjani |

### ORDER CONCERNING SUMMARY JUDGMENT PROCEEDINGS

Below is the Court's order about guidance and limitations for the anticipated summary judgment proceedings. *See* Fed. R. Civ. P. 16, 56; L.R. 56.1. Before reaching its decision, the Court solicited the parties' input about the summary judgment briefing process and limitations, which resulted in a 36-page status report. *See* [1364]. Unsurprisingly, all parties have a different proposal for managing the summary judgment proceedings. After reviewing this status report, the Court asked defendants to elaborate on their proposed briefings and possible groups of defendants that could submit joint briefs instead of individual briefs. [1372]. The defendants submitted status reports containing additional detail on their proposed briefs and informed the Court that they did not believe filing grouped briefs was a viable alternative. [1390], [1391], [1392], [1393].

The Court has endeavored to take the parties' views into account, but ultimately issues its own guidelines to ensure a just, speedy and inexpensive process (*see* Fed. R. Civ. P. 1) and allow all parties a sufficient and fair opportunity to present their **best** arguments on summary judgment. Summary judgment should be a surgical endeavor, designed to determine whether there are genuine disputes of material fact, and if not, whether judgment can be granted as a matter of law. It is not a method by which a party seeks to win because they believe a jury will ultimately rule in their favor. The Court has reviewed the joint status reports, including the preliminary table of contents therein, and believes the parties can be more focused on the evidence appropriate for summary judgment than for trial.

As previously ordered, any summary judgment and *Daubert* motions are due by January 12, 2026, any responses are due by February 27, 2026, and any reply briefs are due by March 27, 2026. [1156]. However, briefs shall **not** include a motion or discussion of the CIIPPs state law claims. The Court will enter a separate schedule and page limitations for any summary judgment motion on the CIIPPs' state law claims. For the purposes of this order, "Plaintiffs" refer to DPPs, CIIPPs, and DAPs. "Defendants" refer to all defendants in the case.

I. **Summary Judgment Limits**

<u>Joint Summary Judgment Briefs (*i.e.* one brief per side):</u>

Defendants' joint summary judgment opening brief is limited to 60 pages. Statement of facts not to exceed 80 paragraphs.

Joint Plaintiffs' response brief is limited to 60 pages. Statement of additional facts not to exceed 80 paragraphs.

Joint reply brief is limited to 30 pages.

<u>Defendants' individual briefs raising additional defendant-specific arguments</u>:

Each Defendant's individual summary judgment brief is limited to 20 pages. Statement of material facts not to exceed 40 paragraphs.

Plaintiffs' joint response brief to each of the defendant's individual summary judgment brief is limited to 20 pages. Statement of additional facts not to exceed 40 paragraphs.

Each Defendant's individual summary judgment reply brief is limited to 10 pages.

<u>Carina and Amory individual brief:</u>

Carina and Amory may file one combined individual response brief to the Defendants' opening summary judgment briefs that is limited to 20 pages. Statement of additional facts not to exceed 40 paragraphs. This is being done to accommodate Carina's and Amory's stated "hub-and-spoke theory." No party should make any inference about the merits of this argument from this order. Carina and Amory are additionally permitted to join the joint Plaintiffs' briefs, if they wish.

Defendants may file a joint reply brief on the Carina/Amory brief up to 10 pages.

<u>Evidence Chart:</u>

To aid in the organization of the non-expert evidence, in addition to the above briefs and statements of fact, the parties shall submit an evidence chart organizing categories of evidence by defendant. The categories of evidence are described below. The purpose of this chart is to collect and organize the evidence available against each individual defendant. The Court intends to use this chart to assist with parsing the evidence (and disputed or undisputed facts) that apply to each defendant—primarily to counteract the general use of the word "Defendants" when referring to fewer than all defendants. The goal of this chart is to help the parties and the Court correctly understand which facts and arguments apply to a particular defendant. The purpose of this chart is not to provide another avenue through which the parties may make arguments, but rather as an organizational tool to clearly align facts and evidence to particular categories by defendant.

This chart should include the following categories for each defendant: (1) direct evidence of a conspiracy; (2) evidence of parallel conduct; (3) non-economic evidence of an agreement or "plus conduct"; (4) evidence related to an alternative explanation of the defendant's conduct; and (5) evidence of procompetitive or anticompetitive effects related to the rule of reason claims. Under each of these categories, the parties may include only a pinpoint citation to the location of the relevant argument in the party's brief, a pinpoint citation to the relevant statements in the statement of facts or statement of additional facts, and a pinpoint citation to the underlying exhibit in the appendix that provides the evidence in support of that argument. All pinpoint citations should be to the CM/ECF docket citation. If a category does not apply, fill in that section of the chart with "N/A". No arguments will be allowed or entertained as part of this document. Once again, this is merely intended to be a tool for the parties and the Court. The categories provided in this chart are not intended and should in no way limit the arguments the parties may make in their briefs. Instead, this should be viewed as a way to help organize citations to these categories of information by defendant. In essence, these charts should act as a comprehensive cross-brief key to allow the Court and the parties to locate arguments and evidence on these topics for each defendant. For example, if the Court wished to find the "plus conduct" arguments and evidence related to say Defendant No. 1, across all of the briefs and other filings, the Court would look at that section on the charts submitted by the parties. Parties should only include citations that truly relate to each of these categories and not be overinclusive out of abundance of caution.

Below is an example of how the chart should look:

Defendant No. 1

| Subject | Brief Citation | Statement of Fact/ Statement of Additional Fact Citation | Exhibit citation in the appendix |
|---|---|---|---|
| Direct evidence of a conspiracy | N/A | N/A | N/A |
| Evidence of parallel conduct | Doc. [123] Joint Defendants' Brief at 3–4 | Doc. [122] Joint SOF ¶¶ 12, 15 | Doc. [121-1] at 5; Doc. [121-7] at 12; Doc [121-15] at 2. |
| Non-economic evidence of an agreement or "plus conduct" | Doc. [123] Joint Defendants' Brief at 5 | Doc. [122] Joint SOF ¶ 16 | Doc. [121-3] at 6; |
| | Doc. [153] Defendant #1 Individual Brief at 2–3 | Doc. [152] Defendant #1 Individual SOF ¶¶ 4–6 | Doc. [151-5] at 3; Doc. [151-11] at 4; Doc. [151-53] at 1–7 |

| Evidence related to an alternative explanation of the #1 defendant's conduct | Doc. [123] Joint Defendants' Brief at 7–8 | Doc. [122] Joint SOF ¶ 6 | Doc. [121-3] at 6; |
| --- | --- | --- | --- |
| | Doc. [153] Defendant #1 Individual Brief at 12 | Doc. [152] Defendant #1 Individual SOF ¶ 5 | Doc. [151-16] at 52 |
| Evidence of procompetitive or anticompetitive effects related to the rule of reason claims | Doc. [153] Defendant #1 Individual Brief at 8 | Doc. [152] Defendant #1 Individual SOF ¶ 20 | Doc. [151-40] at 23; Doc. [151-52] at 4–6 |

Defendants shall submit a joint evidence chart by January 19, 2026, that contains citations to their opening joint and individual filings. Plaintiffs shall submit a joint evidence chart by March 6, 2026, that contains citations to their joint responses to Defendants' joint and individual filings and Carina and Amory's response brief. By April 3, 2026, Defendants shall submit a joint evidence chart that contains references to their joint and individual replies and any reply filed in response to Carina and Amory's response brief.

## II.     General Requirements

The Court also issues the following guidance to ensure that the summary judgment briefs, Rule 56.1 statements of facts, and the exhibit appendices are tailored to be as helpful as possible to the Court. Failure to abide by these rules may result in facts being stricken or deemed admitted, and gross violations may result in sanctions. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020).

<u>Summary Judgment Briefs</u>

1. All briefs shall be in Times New Roman, 12-point font with 1-inch margins and double-spaced. No bullet points with single-spaced sentences are permitted. Footnotes must be in 11-point font and may be single-spaced. Long and/or excessive footnotes are highly discouraged. Footnotes complaining about the other side's violations of these rules are also unnecessary. The page limits do not include the case caption, table of contents/authorities, or the signature pages.
2. Parties may only use "Defendants" when referring to all defendants. If any statements or evidence involve fewer than all defendants, the defendants must be individually named.
3. No sur-replies will be permitted, and thus motions seeking leave to file one should not be docketed. The Court can determine on its own whether new arguments were raised in a reply brief, and will strike those arguments.

4. Each brief must stand on its own. Parties cannot incorporate by reference arguments made in other briefs.
5. Citations in the brief shall be only to the statement of facts paragraphs, not to the record. No cross-citation to a different party's statement of facts will be permitted. But parties may cite to the joint statement of facts in their individual briefs. Citations to the statement of facts paragraphs must use the CM/ECF docket number when citing to the statement of facts. (*e.g.* Doc. [234] ¶ 5, not Defs. Joint ¶ 5).
6. The parties are encouraged to choose and make their best, developed arguments in their briefs. Thus, any "kitchen sink approach" that results in undeveloped and perfunctory arguments will be deemed waived. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 513 (7th Cir. 2011) ("Not only does the 'kitchen sink' approach to briefing cause distraction and confusion, it also 'consumes space that should be devoted to developing the arguments with some promise.'" (quoting *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000))).
7. The parties are encouraged to focus on binding case law from the Seventh Circuit and the United States Supreme Court, rather than grounding all their arguments based on the district courts' decisions in *Broiler Chicken*, *Pork*, and *Tuna*.
8. Summary judgment is not a preview for a trial, nor should be approached to "educate" this Court about the facts. The Court will be primarily focused on whether there are genuine, disputed material facts that warrant a trial or not.
9. The Court is admittedly more interested in the facts concerning the alleged existence of a conspiracy, the coordinated reduction of supply, and the exchange of information through Agri Stats, rather than the economic/expert evidence, much of which was already presented to the Court through the prior round of *Daubert* hearings. *See In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 661 (7th Cir. 2002) ("The question then becomes whether there is enough evidence for a reasonable jury to find that there was an explicit agreement, not merely a tacit one.").

Rule 56.1 Statement of Facts

1. The Court will require strict compliance with L.R. 56.1—a process that has been affirmed by the Court of Appeals. *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005).
2. A fact must be listed in short, numbered paragraphs. No argument will be permitted. *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009). The paragraph should ideally have only one or two facts.
3. Facts must have a specific citation to an affidavit, deposition or other supporting material. Failure to provide support for a statement of fact may result in that alleged "fact" being disregarded. *Friend v. Valley View Community Unit School Dist*. 365U, 789 F.3d 707, 710–11 (7th Cir. 2015); L.R. 56.1(d)(2) ("Each asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation.").

5

4. All responses shall repeat each numbered fact paragraph and then state whether the fact is admitted or denied. No argument will be accepted. If it is undisputed, nothing more needs to be said. If a fact is disputed, the response must state which part of the assertion is disputed and must contain a specific citation for the dispute. Failure to provide support for an alleged fact dispute may result in that fact being deemed admitted. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218–19 (7th Cir. 2015); L.R. 56.1(e).
5. Local Rule 56.1 does not allow the non-moving party to set forth non-responsive additional facts in its response to the statement of material facts. *De v. City of Chicago*, 912 F. Supp. 2d 709, 714–15 (N.D. Ill. 2012); L.R. 56.1(e)(2).
6. There shall be no cross-citations of L.R. 56.1 facts. Citations must be to the record. *Schlessinger v. Chicago Hous. Auth.*, 130 F.Supp.3d 1226, 1228 (N.D. Ill. 2015).
7. No motions to strike L.R. 56.1 statement of facts or responses will be entertained. The Court is fully capable of striking paragraphs that do not comply with L.R. 56.1 on its own. *Oxford Bank & Tr. V. Village of LaGrange*, 879 F. Supp. 2d 954, 960 (N.D. Ill. 2022). Similarly, no motions to deem facts admitted will be permitted.
8. If a citation does not properly support the fact, the fact will be ignored by the Court. If a citation does not support a denial, that fact will be deemed admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). The Court will not stretch an inference from supporting material to allow that to become fact, so the parties should be careful with their assertion of facts and denials. Parties should be cognizant of the rule that district courts are not "required to wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Accordingly, the supporting material must clearly and easily establish the fact being asserted or clearly and easily establish the denial upon review by the Court.
9. Excessive objections in response to a fact assertion will be disregarded, as will boilerplate objections. *Curtis*, 807 F.3d at 219. For example, if a statement is quite clearly admissible under party-opponent non-hearsay grounds (*see* FRE 801(d)(2)), that party should refrain from making that objection simply to "preserve the record."
10. There shall also be no statements that begin with: "Subject to the objection…." *Bader v. Air Line Pilots Assoc.*, 2018 WL 2560946, at *3 (N.D. Ill. Jun. 4, 2018). The choices for a Local Rule 56.1 response are "Admit", "Deny", "Admit in part, deny in part," or "Object." Boilerplate and perfunctory objections will be disregarded. If a party makes an objection, it must be explained and supported. If a party objects, it must also admit or deny the statements with specificity. If the objection is overruled, and the party does not deny the statement or deny with sufficient specificity and citation to the record, the fact will be deemed admitted. *Curtis*, 807 F.3d at 219; L.R. 56.1(e)(2).
11. While the Seventh Circuit generally allows "unsubstantiated, self-serving affidavits [to] be used to defeat a motion for summary judgment[,]" it does "not allow litigants to manufacture material fact questions by affidavit testimony that contradicts prior sworn testimony." *United States v. Funds in the Amount of $100,120*, 730 F.3d 711, 718 (7th Cir. 2013).

12. All citations to exhibits within the statement of facts or statement of additional facts must use the CM/ECF docket number to reference the document (*i.e.* Doc. [123-1], not Pl's Ex. 1). If both a sealed and unsealed version of the exhibit are filed, citations should be to the sealed version.
13. Once again, parties may only use "Defendants" when referring to all defendants. If any statements or evidence involve fewer than all defendants, the defendants must be individually named.

<u>Appendix of Exhibits</u>

1. The appendix of exhibits must be filed as a separate docket entry from the brief and statement of facts, with the key as the first document followed by each numbered exhibit as the corresponding attachment (*e.g.* Exhibit No. 1 is Doc. [123-1], Exhibit No. 2 is Doc. [123-2]).
2. All exhibits must be filed on the docket in a searchable OCR format.
3. If any exhibit is filed under seal, the entire appendix must be refiled under seal and record citations must be to the sealed appendix.
4. If a party is citing a deposition transcript, the entire deposition transcript must be provided as an exhibit. Parties should use the 'mini' version of the transcript, where there are four deposition pages per page.

<u>CM/ECF Filing Order</u>

As described above, citations in the briefs must be to the statement of facts or statement of additional facts, and citations in the statement of facts or statement of additional facts must be to the appendix. These citations must use the CM/ECF docket number. This will require the appendix to be filed first, followed by the Rule 56.1 Statement, and finally the brief, so that the record citations can be entered properly. Parties are being informed of these requirements with ample time to comply with and plan for how to correctly file and cite documents. It may be necessary for parties to file their appendix and Rule 56.1 Statements in the days preceding the deadlines to ensure correct citations. The Court will not entertain motions for extensions of time or motions to correct as a result of incorrect citations.

<u>Courtesy Copies</u>

The Court also requires 3 courtesy copies of all filings, 3-ring bound and tabbed, with a table of contents, for easy reference. If the document has a sealed version, only the sealed version must be provided as a courtesy copy. These copies should be delivered to chambers within 2 business days after the filing deadline.

**III. Daubert Motions**

With respect to *Daubert* motions, the following rules will apply per expert:

1. One joint opening brief to strike an expert limited to 15 pages.

7

2. One joint response brief limited to 15 pages.
3. One joint reply brief limited to 15 pages.

All defendants and plaintiffs shall work cooperatively on the joint briefs. To the extent reliance on expert testimony is not needed for summary judgment proceedings, the Court encourages the parties to consider bringing their *Daubert* motions prior to trial (schedule to be set later) rather than at the same time as the summary judgment opening briefs. The parties are free to bring *Daubert* motions on any expert they wish, but should understand that the Court has already thoroughly evaluated Drs. Williams, Mangum, and Stiroh, on paper and after a full *Daubert* hearing, and they should not retread the same ground in their motions. Thus, the Court expands on its prior February 28, 2025 order, to include that the status report due on December 5, 2025, should identify specifically the name of any experts that will be subject to a *Daubert* motion. Once again, if the expert's testimony is not necessary for summary judgment, the motions should be filed at a later time.

**SO ORDERED.**

Dated: October 2, 2025

Sunil R. Harjani
United States District Judge