## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *IN RE TURKEY ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>All Actions | Case No. 1:19-cv-08318<br><br>Honorable Sunil R. Harjani<br>Honorable Keri L. Holleb Hotaling<br><br>**DEFENDANTS' MOTION FOR RULE 16(f) SANCTIONS OR, IN THE ALTERNATIVE, PROVISIONAL SEALING OF PREVIOUSLY UNIDENTIFIED DOCUMENTS CITED IN PLAINTIFFS' OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGMENT** |

This motion is necessitated by Plaintiffs' failure to comply with the Court's explicit directives and deadlines to address the sealing of confidential materials used in summary judgment filings. Plaintiffs' late disclosure of 117 documents—accompanied by their claim that they "reserve the right" to add more—has made it impossible for Defendants to comply with the Court's February 19, 2026 deadline to file motions to seal newly added documents. Accordingly, Defendants respectfully request that the Court preclude use of materials not disclosed prior to the Court's deadline or, in the alternative, permit Defendants to file additional motions to seal consistent with the Court's previous guidance.

In its January 13, 2026 minute-entry order, the Court "instructed [Plaintiffs] to meet and confer with Defendants regarding *any documents* labeled confidential or highly confidential under the protective order *that they seek to use in their responses to the summary judgment motions by February 17, 2026.*" (Doc. 1603, Minute-Entry Order (Jan. 13, 2026) (emphases added).) That same order imposed a February 19 deadline for motions to seal. On February 23—one week after Plaintiffs' deadline to meet and confer and well after the deadline for motions to seal—Plaintiffs

belatedly identified 117 documents that they represented "were not included in the lists of documents previously provided to Defendants" and "reserve[d] their right to add any additional documents without further notice" to Defendants. (Coleman Decl. Ex. A.) The Court has repeatedly been quite explicit about its expectations around both the timing for and substance of motions to seal, and Defendants have undertaken significant efforts to comply. Plaintiffs have now put Defendants in the position of having to revisit sealing determinations and motions on a schedule at odds with the Court's clear orders.

Because Plaintiffs have decided to disregard the Court's ordered deadlines and process, sanction under Rule 16(f) is appropriate. In particular, Defendants respectfully request that the Court prohibit Plaintiffs from filing, using, citing, or relying on any documents that were not timely disclosed to Defendants. In the alternative, Defendants request that the Court order Plaintiffs to provide a comprehensive list of documents cited in their Oppositions by February 27, 2026, and order Plaintiffs to file all documents not previously disclosed under provisional seal to afford Defendants an opportunity to file a motion for leave to seal.

## **BACKGROUND**

The Court's efforts to ensure an orderly and timely process for sealing dates to December 11, 2025, when the Court set a deadline for the parties to meet and confer regarding the universe of documents "that may be used in the upcoming summary judgment proceedings." (Doc. 1470, [Corrected] Minute Entry (Dec. 11, 2025).) The Court subsequently rejected Defendants' suggestion that sealing motions be deferred until the conclusion of summary judgment briefing, making it clear that the Court expects the Parties to comply with its deadlines to resolve sealing determinations in advance of briefing deadlines. (Doc. 1484, Minute Entry (Dec. 26, 2025).)

Defendants complied by ensuring that the parties could timely meet and confer so that Defendants could file motions to seal by the Court's January 6 deadline. During a January 5 meet-and confer regarding that disclosure, Class Plaintiffs took the position that they had no obligation to identify any of the documents they may cite in their responses to Defendants' motions for summary judgment ("Oppositions"), and DAPs offered no concrete position. (*See, e.g.*, Doc. 1493, JOTS's Mot. for Leave to Seal 9 (Jan. 6, 2026).) On Defendants' subsequent motions, however, the Court ordered as follows:

> Plaintiffs are instructed to meet and confer with Defendants regarding any documents labeled confidential or highly confidential under the protective order that they seek to use in their responses to the summary judgment motions by February 17, 2026. If after the meet and confer, a party seeks to use material that another party wants filed under seal, any motion requesting sealing will be due February 19, 2026. Responses are due February 23, 2026.

(Doc. 1603.)

On February 16, Plaintiffs provided producer Defendants with a list of the 750 documents and 43 deposition transcripts they intend to cite in their Oppositions. On February 17, Plaintiffs added an additional 189 Agri Stats documents, as well as six deposition transcripts, that were inadvertently left off the February 16 lists. When Defendants requested that Plaintiffs confirm whether their lists included attachments and/or "parent" emails that may also be filed, Plaintiffs expanded their list to 905 documents, which they sent to Defendants on February 18. Notwithstanding the volume of documents listed and based upon Plaintiffs' representations that these documents constituted the complete universe of materials that Plaintiffs intended to use in their Oppositions, certain Defendants timely filed motions to seal on February 19, and the Court has already issued its ruling on these motions. (*See* Doc. 1630, Minute Entry (Feb. 24, 2026) ("The Court appreciates the parties' efforts to meet and confer and resolve disputes over sealing documents related to the summary judgment motions.").)

On the afternoon of February 23, however, Plaintiffs e-mailed Defendants a new spreadsheet listing 113 documents and 4 deposition transcripts[1] (the "February 23 List"). This new list comes well after the Court's February 19 deadline for motions to seal. And the new list was accompanied by Plaintiffs' pronouncement that they "reserve the right" to add more documents:

> Counsel,
>
> Plaintiffs have identified additional documents that we will file as part of our Appendices of Exhibits and that were not included in the lists of documents previously provided to Defendants.
>
> Attached please find a spreadsheet of all documents that Plaintiffs will file in connection with their summary judgment briefing for which Plaintiffs have not previously provided notice.
>
> Plaintiffs intend to file these documents provisionally under seal and will request that Defendants be afforded 14 days to file any motions for these documents to remain under seal. Plaintiffs reserve their right to add any additional documents without further notice but will file any such documents provisionally under seal.
>
> Thank you,
> Sarah
> --
> **Sarah Dupree** | Hagens Berman Sobol Shapiro LLP | (510) 725-3033

(Coleman Decl. Ex. A (emphasis added).) Based upon an initial review of Plaintiffs' February 23 List, Defendants have identified multiple documents which merit sealing based on the criteria previously approved by the Court in its previous orders.

The parties met and conferred on February 25. Plaintiffs stated their intention to move to file all documents provisionally under seal. Defendants explained that they cannot join that motion because the Court already denied Defendants' motion seeking similar relief. (*See* Docs. 1482, 1484; Coleman Decl. ¶ 3.) Plaintiffs asked whether Defendants would agree to the provisional sealing of documents on Plaintiffs' February 23 List and any other documents included in their summary judgment filings disclosed after the Court's February 17 disclosure deadline. Plaintiffs did not explain how their contemplated process could comply with the Court's orders. Defendants

---

[1] Of the 113 belatedly identified documents, 37 were JOTS documents that had not previously been disclosed. And, of the four deposition transcripts, one was a transcript of a JOTS deponent that had not previously been disclosed. Based upon the documents in the February 23 List, JOTS was the Defendant most impacted.

explained their concern that the Court may simply deny a motion to provisionally seal as untimely, which would expose all filed documents to public disclosure. (Coleman Decl. ¶ 3.) Given Plaintiffs' stated intentions, this Motion presents the only proactive way to protect Defendants' rights within the framework ordered by the Court.

## ARGUMENT

Plaintiffs' disregard of this Court's orders warrants the imposition of sanctions to avoid prejudicing Defendants and to prompt future compliance with the Court's ordered deadlines.

## I. PLAINTIFFS' REFUSAL TO COMPLY WITH THIS COURT'S ORDERED DEADLINES MERITS THE IMPOSITION OF SANCTIONS UNDER RULE 16(f)

This Court has broad authority under Federal Rule of Civil Procedure 16(f) to impose sanctions on parties that fail to comply with its orders. *Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F. Supp. 3d 883, 889 (N.D. Ill. 2021) (noting the Court may impose "any just sanction" for a failure to obey a court's pretrial order); *Matter of Maurice*, 21 F.3d 767, 773 (7th Cir. 1994) ("When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction."). Appropriate sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 16(f)(1); *see also, e.g.*, *Medline*, 511 F. Supp. 3d at 889; *Maurice*, 21 F.3d at 773 (affirming award of sanctions, including prohibiting party from introducing exhibits, where party failed to comply with pre-hearing order).

Plaintiffs' blatant disregard of this Court's order justifies this Court imposing the sanction of barring Plaintiffs from filing, using, citing, or relying on documents on the February 23 List or any other confidential or highly confidential documents that were not previously identified in compliance with this Court's January 13 order. *See Maurice*, 21 F.3d at 773; *see also e360 Insight,*

*Inc. v. Spamhaus Project*, 658 F.3d 637, 645-46 (7th Cir. 2011) (affirming exclusion of trial exhibit that was submitted "well after" the cutoff date set out in the pretrial order). The Court's directions were clear and explicit. (*See* Doc. 1603.) By waiting until February 23 to disclose an expansive new list of documents they may use—*and* unilaterally "reserv[ing] their [purported] right to add any additional documents without further notice" (*see* Coleman Decl. Ex. A)—Plaintiffs have imposed the need for yet another round of motions to seal for an undetermined set of documents during the 4-week period when Defendants should be preparing their reply briefs and responses to Plaintiffs' statements of additional facts. Plaintiffs' disregard of this Court's order undermines the schedule set by the Court and should have consequences.

## II.    DEFENDANTS WILL BE PREJUDICED ABSENT THE REQUESTED RELIEF

Although the moving party need not be prejudiced for sanctions under Rule 16(f) to be proper, *see, e.g.*, *Medline*, 511 F. Supp. 3d at 889 ("Rules 16(f)(1)(C) and 37(b)(2)(A)(ii) do not prohibit the exclusion of evidence even where the violation at issue does not cause prejudice."); *DR Distrib., LLC v. 21 Century Smoking, Inc.*, No. 3:12-cv-50324, 2024 WL 2846035, at *30 (N.D. Ill. June 5, 2024) ("Rule 16(f)'s text contains no excuse for harmlessness. There is no need to suffer prejudice for sanctions to be imposed when the text of the rule does not require it."), Defendants will be prejudiced if this Court does not impose the requested sanctions. Defendants should not be placed in the position of having to seek leave of Court to file motions to seal after the Court's deadline. And the Court faces another round of motions to seal after already deciding previous motions.

Moreover, through its orders, the Court has set a regimented schedule and procedure for resolving motions to seal documents used in connection with summary judgment. By disregarding that schedule and process, Plaintiffs will force Defendants to engage in another round of meet-and-confers and motions to seal Plaintiffs' materials. Plaintiffs' reservation of "their right" to

include "any additional documents without further notice" in their Oppositions also means that the extra round of meet-and-confers and motions to seal cannot begin until after Plaintiffs file their Oppositions on February 27. Instead of the streamlined process ordered by the Court, Defendants will be forced to (1) identify "any additional documents" incorporated into Plaintiffs' Oppositions "without further notice," (2) analyze those additional documents and the documents on the February 23 List, (3) meet and confer with Plaintiffs regarding sealing, and (4) prepare additional motions to seal, when Defendants should be focused on preparing their reply briefs and responses to Plaintiffs' statements of additional facts. Finally, Plaintiffs' refusal to abide by the Court-ordered process has created the very real risk that confidential or highly confidential documents—which are properly sealed under Seventh Circuit precedent and this Court's prior orders—are filed publicly or are unsealed by the Court prior to Defendants having an opportunity to move to seal.

## III. IN THE ALTERNATIVE, THE COURT SHOULD ORDER PLAINTIFFS TO (A) PROVIDE A COMPREHENSIVE LIST OF DOCUMENTS CITED IN THEIR OPPOSITIONS THAT WERE NOT DISCLOSED AS OF FEBRUARY 17, AND (B) FILE THEIR APPENDICES OF EXHIBITS UNDER PROVISIONAL SEAL UNTIL MARCH 19

In the alternative, Defendants respectfully request that this Court order Plaintiffs to provide to Defendants, by February 27, a comprehensive list of documents cited in their Oppositions that were not disclosed prior to February 17 as required by the January 13 Minute Entry—i.e., all new documents set forth in the February 23 List and any confidential or highly confidential documents in Plaintiffs' Oppositions that were not previously identified for Defendants. Defendants also respectfully request that the Court permit Defendants to file, by March 19,[2] motions to seal addressing any such documents.

---

[2] To the extent Defendants cite any new documents in their responses to Plaintiffs' statements of additional facts which require sealing, Defendants intend to meet and confer with Plaintiffs regarding those documents by March 17 (10 days before their replies are due), and file any motions requesting sealing by March 19 (8

7

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1.        SANCTION Plaintiffs by BARRING Plaintiffs from filing, using, citing, or relying on any documents that were not disclosed as of February 17, 2026 in compliance with this Court's January 13, 2026 Minute Entry (Doc. 1603).

2.        Or, in the alternative,

        a.        ORDER Plaintiffs to provide to Defendants, by February 27, 2026, a comprehensive list of documents cited in their Oppositions to Defendants' motions for summary judgment that were not disclosed as of February 17, 2026;

        b.        ORDER Plaintiffs to file any documents not disclosed as of February 17, 2026 under provisional seal; and

        c.        GRANT Defendants leave to file motions to seal, by March 19, any confidential or highly confidential documents cited in Plaintiffs' Oppositions that were not disclosed as of February 17, 2026.

3.        And, for any further relief this Court deems appropriate.


Dated: February 26, 2026                                Respectfully submitted,

/s/ Craig S. Coleman
Colby Anne Kingsbury                                 /s/ Danielle R. Foley
FAEGRE DRINKER BIDDLE & REATH LLP          J. Douglas Baldridge
320 South Canal Street, #3300                       Danielle R. Foley (admitted *pro hac vice*)
Chicago, IL 60606                                   Lisa Jose Fales (admitted *pro hac vice*)
(312) 569-1000                                      Kristin M. Koger (admitted *pro hac vice*)
Colby.Kingsbury@faegredrinker.com                   Andrew T. Hernacki (admitted *pro hac vice*)
                                                    VENABLE LLP
Craig S. Coleman (admitted *pro hac vice*)          600 Massachusetts Avenue, NW
Emily E. Chow (admitted *pro hac vice*)             Washington, DC 20001

days before their replies are due). These proposed deadlines are consistent with those set forth in the Court's January 13 order. (*See* Doc. 1603.)

Anderson Tuggle (admitted *pro hac vice*)
Andrew McCarty (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
90 S. Seventh Street, Ste. 2200
Minneapolis, MN 55402
(612) 766-7000
Craig.Coleman@faegredrinker.com
Emily.Chow@faegredrinker.com
Anderson.Tuggle@faegredrinker.com
Andrew.McCarty@faegredrinker.com

Jacob D. Bylund
Robert Gallup (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
(515) 248-9000
Jacob.Bylund@faegredrinker.com
Robert.Gallup@faegredrinker.com

Jonathan H. Todt (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
(202) 230-5000
Jonathan.Todt@faegredrinker.com

**Counsel for Defendants Jennie-O Turkey Store, Inc.; Hormel Foods Corporation; and Hormel Foods, LLC**

*/s/ Colin R. Kass*
Christopher E. Ondeck
Colin R. Kass
Stephen R. Chuk
Erica T. Jones
Kelly B. Landers Hawthorne
Corey I. Rogoff
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004
Telephone: (202) 416-6800
condeck@proskauer.com
ckass@proskauer.com
schuk@proskauer.com
ejones@proskauer.com

Telephone: (202) 344-4000
jdbaldridge@venable.com
drfoley@venable.com
ljfales@venable.com
kmkoger@venable.com
athernacki@venable.com

Kirstin B. Ives
FALKENBERG IVES, LLP
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
Telephone: (312) 566-4803
kbi@falkenbergives.com

**Counsel for Defendants Perdue Farms, Inc. and Perdue Foods LLC**

*/s/ Nathan C. Chase, Jr.*
Matthew W. Sawchak (*pro hac vice*)
Stephen D. Feldman (*pro hac vice*)
ROBINSON, BRADSHAW & HINSON, P.A.
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
Facsimile: (919) 328-8791
msawchak@rbh.com
sfeldman@rbh.com

Lawrence C. Moore, III (*pro hac vice*)
Nathan C. Chase, Jr. (*pro hac vice*)
Benjamin J. DeCelle (*pro hac vice*)
ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
lmoore@rbh.com
nchase@rbh.com
bdecelle@rbh.com

Michael T. Medford (*pro hac vice*)
William S. Cherry III (*pro hac vice*)
Jessica B. Vickers (*pro hac vice*)
Lawrence D. Graham, Jr. (*pro hac vice*)

klandershawthorne@proskauer.com
crogoff@proskauer.com

David A. Munkittrick
Reut N. Samuels
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3226
dmunkittrick@proskauer.com
rsamuels@proskauer.com

Todd J. Ohlms
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3537
tohlms@proskauer.com

**Counsel for Defendant Butterball LLC**

/s/ Jennifer A.L. Battle
Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
mmcluggage@eimerstahl.com
dbirk@eimerstahl.com

Jennifer A.L. Battle
David J. Barthel
Theodore M. Munsell
Jill Rogers Spiker
Joel E. Sechler
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
battle@carpenterlipps.com
barthel@carpenterlipps.com
munsell@carpenterlipps.com
spiker@carpenterlipps.com
sechler@carpenterlipps.com

MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue - Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619
Telephone: (919) 787-8880
Facsimile: (919) 325-4600
medford@manningfulton.com
cherry@manningfulton.com
vickers@manningfulton.com
graham@manningfulton.com

Ilene M. Korey
CLAUSEN MILLER P.C.
10 South LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 855-1010
Facsimile: (312) 606-7777
ikorey@clausen.com

**Counsel for Defendants Prestage Farms of South Carolina, LLC; Prestage Farms, Inc.; and Prestage Foods, Inc.**

/s/Tiffany Rider Rohrbaugh
Tiffany Rider Rohrbaugh (*pro hac vice*)
Allison M. Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER, LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
trider@axinn.com
avissichelli@axinn.com

Jarod Taylor *(pro hac vice)*
AXINN, VELTROP & HARKRIDER, LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8109
Facsimile: (860) 275-8101
jtaylor@axinn.com

Jordan M. Tank
LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.
230 West Monroe Street, Suite 2260

**Counsel for Defendant Cooper Farms, Inc.**

/s/ Gaspare J. Bono
Gaspare J. Bono (*Pro Hac Vice*)
Leslie A. Barry (*Pro Hac Vice*)
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7500
gap.bono@dentons.com
leslie.barry@dentons.com

Adam J. Wallstein
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
adam.wallstein@dentons.com

**Counsel for Defendant Farbest Foods, Inc.**

/s/ Aaron R. Gott
Aaron R. Gott
BONA LAW PC
331 2nd Avenue South, Suite 420
Minneapolis, MN 55401
Telephone: (612) 284-5001
aaron.gott@bonalawpc.com

Jarod M. Bona (*pro hac vice*)
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (858) 964-4589
jarod.bona@bonalawpc.com

James F. Lerner (*pro hac vice*)
BONA LAW PC
41 Madison Ave., Suite 2509
New York, NY 10010
Telephone: (212) 634-6861
james.lerner@bonalawpc.com

**Counsel for Defendants Foster Farms, LLC
and Foster Poultry Farms LLC**

Chicago, IL 60606
Telephone: (312) 702-0586
jmt@lipelyons.com

**Counsel for Defendants Tyson Foods, Inc.;
Tyson Fresh Meats, Inc.; Tyson Prepared
Foods, Inc.; and The Hillshire Brands
Company**

/s/ William L. Monts III
Jacob D. Koering
MILLER, CANFIELD, PADDOCK &
STONE, PLC
225 West Washington Avenue, Suite 2600
Chicago, IL 60606
Telephone: (312) 460-4272
koering@millercanfield.com

William L. Monts III (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone: (202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Defendant Agri Stats, Inc.**

*/s/ Gregory G. Wrobel*
Gregory G. Wrobel, Bar No. 03122900
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7500
gwrobel@vedderprice.com

Henry W. Jones, Jr. (pro hac vice)
JORDAN PRICE WALL GRAY
JONES & CARLTON, PLLC
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
hjones@jordanprice.com

**Counsel for Defendant House of Raeford Farms, Inc.**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on February 26, 2026, the foregoing Document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

*/s/ Craig S. Coleman*